# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Jesús E. Cuza
305 789 7513
jesus.cuza@hklaw.com

August 2, 2024

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Room 1010

      Re: *Sound Around, Inc. v. Friedman et al.*, Case No. 1:24-cv-01986

Dear Judge Rearden,

      We write to respond to Defendants Moises Friedman, Shulim Eliezer Ilowitz, ML Imports, Inc., Cyrf, Inc., LRI Group, LLC, MDF Marketing LLC, and World Group Import, LLC's ("Defendants[']") August 2, 2024 letter to Your Honor regarding Plaintiff's Motion for Preliminary Injunction (the "Motion").

      First, in the letter, Defendants suggest that Plaintiff's August 1 letter to the Court was an improper attempt to force the Court into ruling on its Motion. Plaintiff's letter, however, was simply an attempt to ensure the parties were diligent in adhering to Your Honor's Individual Rules and Practices and the process provided therein relating to a preliminary injunction motion and hearing.

      Second, Defendants' letter points out that a hearing is not required to resolve motions for preliminary injunction in all cases. But even the caselaw cited by Defendants makes clear that "[o]n a motion for a preliminary injunction, where essential facts are in dispute, there must be a hearing ... and appropriate findings of fact must be made." *Consol. Gold Fields PLC v. Minorco, S.A.*, 871 F.2d 252, 256 (2d Cir.), *amended*, 890 F.2d 569 (2d Cir. 1989) (internal quotations omitted). Here, based on the briefing by the parties, while Defendants do not dispute they took the actions detailed in the Motion—*e.g.,* purchasing identical products from Sound Around's vendors for resale and to compete with Sound Around, using its confidential information to market those products when they were simultaneously trusted with marketing and selling Sound Around's products, and taking Sound Around's corporate opportunities for themselves to secretly operate their competing business—Defendants do raise certain issues of fact (for example, that they no longer possess Plaintiff's confidential information and that there was some purported agreement to transition them to independent contractors during their employment). Accordingly, Plaintiff has requested a hearing to allow the Court to resolve those factual disputes, among every other material fact the parties do not stipulate prior to the parties appearing before Your Honor.

Third, Defendants' letter also suggests that Plaintiff has not demonstrated irreparable harm to support its request, but Defendants ignore the relevant law. As Plaintiff's Motion sets forth in detail, Plaintiff has and will continue to suffer irreparable harm if the requested relief is not granted. Indeed, Plaintiff continues to suffer harm to its goodwill, business reputation, and vendor relationships built up over years, which is not monetarily ascertainable. Additionally, the Second Circuit has made clear that irreparable harm is presumed where trade secrets have been misappropriated. *See, e.g.*, *EarthWeb, Inc. v. Schlack*, 71 F. Supp. 2d 299, 308 (S.D.N.Y. 1999) (noting "[a] trade secret, once lost, is lost forever; its loss cannot be measured in money damages") (citing *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 49 (2d Cir. 1999)). Here, there is substantial, irrefutable evidence of Individual Defendants' misappropriation of trade secrets and confidential information (including during their employment). Moreover, courts have found irreparable harm exists in confidential-information claims where—like here—defendants misappropriated confidential information and utilized that information to establish a competing business. *Marcone APW, LLC v. Servall Co*., 85 A.D.3d 1693, 1696 (N.Y. App. Div. 2011). Likewise, in trademark actions, "a showing of confusion as to the source of a product ordinarily will establish that a risk of irreparable harm exists as to the reputation of the trademark sought to be protected." *McGraw-Hill Cos. v. Ingenium Techs. Corp*., 364 F. Supp. 2d 352, 355 (S.D.N.Y. 2005). In sum, as these examples alone establish, the Motion demonstrates that there is substantial, irreparable harm that Plaintiff will continue to suffer if the injunction is not granted.

Lastly, Defendants' letter makes reference to the fact that they filed a motion to dismiss this action, to suggest that the Court should delay a hearing or resolution of the Motion because they are seeking dismissal of all claims. But Defendants cite no law in support of that suggestion, nor could they. In fact, Defendants' attempt to use the filing of their motion to delay progression of the case seems to be a pattern; they previously asserted that the parties cannot commence discovery until their motion has been decided or even partake in a Rule 26(f) conference until their motion is resolved. As Plaintiff's counsel pointed out in response, however, the filing of a motion to dismiss does not stay of discovery. *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) ("It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay."); *Young v. Tyron*, No. 12-CV-6251CJS, 2013 WL 1289498 at *10 (W.D.N.Y. March 27, 2013) ("[T]he filing of a motion to dismiss does not automatically excuse a moving defendant from the necessity of responding to proper discovery requests, although a court may stay discovery for 'good cause.'").

* * *

Consistent with Rules 5.G. and 7.E. of Your Honor's Individual Rules and Procedures, Plaintiff respectfully reiterates its requests for a hearing on the Motion and proposes the following schedule to comply with R. 7.E:

- The parties shall submit copies of affidavits (with Exhibits) constituting the direct testimony of each party's respective witnesses on or before Friday, August 9, 2024;

- Counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the hearing on or before Wednesday, August 14, 2024; and

- The Court shall set a hearing on the Motion to be heard on a date convenient for the Court as soon as possible in August 2024, or on the earliest convenient date for Your Honor.[1]

                          Respectfully submitted,

                          **HOLLAND & KNIGHT LLP**

By: */s/ Jesus E. Cuza*
Jesus E. Cuza (*Admitted PHV*)
Florida Bar No. 428991
Email: jesus.cuza@hklaw.com
Rebecca Canamero (*Admitted PHV*)
Florida Bar No. 86424
Email: rebecca.canamero@hklaw.com
Annelise Del Rivero
Florida Bar No. 1003234 (*Admitted PHV*)
Email: annelise.delrivero@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

and

By: */s/ Marisa Marinelli*
Marisa Marinelli
31 West 52nd Street
New York, NY 10019
(212) 513-3200
Marisa.Marinelli@hklaw.com

*Attorneys for Plaintiff Sound Around, Inc.*

cc:    Nicholas Fortuna, Esq., nfortuna@allynfortuna.com
        Megan Jeane Muoio, Esq., mmuoio@allynfortuna.com
        Michael J. Byrne, Esq., mailto:mjb@bonlaw.com
        Paul Novak, Esq., mailto:pn@bonlaw.com

---

[1] As informed to the Court, Plaintiff's principal witness is scheduled to travel on August 12 through 13 and August 26 through 30 and, thus, respectfully requests that the hearing not be set on those dates.