

**Partners:**
Kevin J. O'Neill ⬧
Michael J. Byrne ⬧
Elaine C. Gangel ⬧
Albert Wesley McKee ⬧
Mark R. McCauley ⬧

**Senior Associates:**
John M. Rondello, Jr. ⬧
Paul Novak ⬧

Admitted in
● NY, NJ, & CT
● NY, NJ & PA
⬧ NY & NJ
◊ NY & CT
● NY Only

26 Broadway, Third Floor
New York, NY 10004
Tel: (212) 422-9424
Fax: (212) 422-9429

August 26, 2024

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Room 1010

> Re:    **Sound Around, Inc. v. Friedman et al.**
> **Case No. 1:24-cv-01986**
> **Our File # 1055-101**

Honorable Judge Rearden:

This office represents Defendants Executive Laundry LLC and Executive Services (collectively, "Executive Laundry") in this dispute arising from an alleged relationship between the Plaintiff and Co-Defendants[1] and alleged sales of products and unfair trade practices. Executive Laundry is a commercial laundry service and does not sell products.

I write to respectfully request guidance regarding the discovery schedule and the Rule 26(f) Report, in light of the Co-Defendants' fully briefed pre-answer Motion to Dismiss the Plaintiff's Complaint, and to request that the Court quash the Plaintiff's party deposition notices.

When all counsel conferred telephonically on July 9, 2024, Plaintiff's counsel advised that counsel will forward a draft Rule 26(f) Report for the parties' review, which was to include a full discovery schedule, including documentary discovery and depositions.

The draft report has yet to be circulated. Instead, the Plaintiff served written discovery demands and deposition notices on the parties, including on Executive Laundry, demanding that discovery proceed despite the Motion to Dismiss Plaintiff's Complaint, and despite lack of agreement among counsel regarding the discovery schedule, or a draft of the Rule 26(f) Report.

On August 21, 2024, counsel for the Plaintiff advised that it intends to proceed with depositions of Defendants MDF Marketing, Executive Laundry, ML Imports, and World Group

---

[1] The Co-Defendants include MOISES FRIEDMAN, SHULIM ELIEZER ILOWITZ, ML IMPORTS, INC., CYRF, INC., LRI GROUP, LLC, MDF MARKETING, INC., and WORLD GROUP IMPORT, LLC.

**NEW YORK, NY**
212-422-9424

**SYRACUSE, NY**
315-218-9590

**NEW JERSEY**
973-778-7074

**CONNECTICUT**
203-327-7561



**BYRNE & O'NEILL, LLP**

Hon. Jennifer H. Rearden                                                                August 26, 2024
                                                                                                    Page 2

Import on August 26 through August 29, 2024, despite previously promising to circulate a discovery schedule in the Rule 26(f) Report.

The Co-Defendants, whose position has been that discovery is stayed while the Motion to Dismiss the Plaintiff's Complaint is pending, advised the Plaintiff on August 22, 2024 that Co-Defendants will not be appearing for depositions and that the Plaintiff is aware of their position regarding the inappropriateness of depositions going forward before the Co-Defendants have answered the Complaint.

Also on August 22, 2024, I advised all counsel that a resolution regarding the pending motion, a discovery schedule and documentary discovery should be addressed before moving forward with depositions. I further conferred with Plaintiff's counsel by phone on August 23, 2024, reiterating that it would be untenable to proceed with discovery, while the Co-Defendants' motion is pending. In discussing the need for a discovery schedule with counsel, I did not expressly reference the Rule 26(f) Report, although I followed up with counsel requesting a draft of the report today.

Executive Laundry agrees with the Co-Defendants that it would be untenable to proceed with party discovery while the Motion to Dismiss the Plaintiff's Complaint is pending. If the Court were to grant even a part of the motion, it will limit the issues to be discovered in this matter, and if Executive Laundry were to respond to Plaintiff's discovery requests, or appear for any party or non-party deposition before the motion was resolved, Executive Laundry would be prejudiced for having to provide discovery and/or attend depositions regarding claims that will have been dismissed from the outset of this litigation.

Similarly, if Executive Laundry were to appear for any deposition prior to the resolution of the Co-Defendants' motion, and if the motion were to be denied, Executive Laundry would be prejudiced because the Co-Defendants would seek a further deposition of Executive Laundry.

This is to respectfully request that the Court provide guidance on how the parties should proceed regarding the discovery schedule and the Rule 26(f) Report, and that the Court quash or stay the Plaintiff's party deposition notices.

Thank you for the Court's attention to this matter.

Respectfully,

Paul Novak, Esq.