UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOUND AROUND, INC.,

                Plaintiff,

v.

MOISES FRIEDMAN, SHULIM ELIEZER
ILOWITZ, ML IMPORTS, INC., CYRF, INC.,
LRI GROUP, LLC, EXECUTIVE SERVICES,
EXECUTIVE LAUNDRY, LLC, MDF
MARKETING, INC., WORLD GROUP
IMPORT, LLC, HEFEI PAIDONG
OUTDOOR PRODUCTS CO., LTD.,

                Defendants.

---

CASE NO.
1:24-CV-01986-JHR

**DEFENDANTS EXECUTIVE LAUNDRY, LLC and EXECUTIVE SERVICES'
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH
SEVEN ADDITIONAL NON-PARTY SUBPOENAS SERVED BY THE PLAINTIFF**

BYRNE & O'NEILL, LLP
26 Broadway, Third Floor
New York, NY 10004
212-422-9424
Attorneys for Defendants
Executive Laundry, LLC and
Executive Services

On the Brief:
Michael J. Byrne, Esq.
Paul Novak, Esq.

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT………………………………………….………................1

STATEMENT OF FACTS ……………………………….....………………………….......1

ARGUMENT…………..…….…………………………………….………………….….. 7

I. Executive Laundry has standing to challenge the Subpoenas due to its privacy interest in the subpoenaed document ……………………………….....…………………………………....7

II. The discovery sought is not relevant because Plaintiff's allegations focus on the Individual Defendants' improper competition with Plaintiff's product-selling business, while none of the Individual Defendants are owners of Executive Laundry, a commercial laundry service that does not sell products ……………………………………………………………………………..8

III. The disclosure sought is confidential and proprietary ………………………………………11

IV. The information and documents sought may be discoverable from Defendants…………….12

CONCLUSION.……………………………………………………………….………....13

**TABLE OF AUTHORITIES**
**CASES**     **PAGE**

Alcon Vision, LLC v. Allied Vision Grp., Inc.,
  2019 U.S. Dist. LEXIS 152073, 2019 WL 4242040, at *2 (S.D.N.Y. Sept. 6, 2019) …..12

Arias-Zeballos v. Tan,
  2007 WL 210112 at *2 (S.D.N.Y. Jan 25, 2007)………………………………………....11

Burns v. Bank of Am.,
  2007 U.S. Dist. LEXIS 40037, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007)……12

Cuomo v. New York State Assembly Judiciary Comm.,
  2023 WL 4714097 at *5 (E.D.N.Y. July 21, 2023)………………………………………9

In re Morgan Stanley Mortgage Pass-Through Certificates Litigation,
  2013 WL 4838796 at *1 (S.D.N.Y. Sept. 11, 2013)……………………………………...8

Fort Worth Employees Retirement Fund v. J.P. Morgan Chase & Co.,
  297 F.R.D. 99, 102 (S.D.N.Y. 2013)……………………………………………………..9

Haber v. ASN 50th St., LLC,
  272 F.R.D. 377, 382 (S.D.N.Y. 2011) …………………………………………………..12

Henry v. Morgan's Hotel Grp., Inc.,
  2016 U.S. Dist. LEXIS 8406, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) …...….13

Hughes v. Twenty-First Century Fox, Inc.,
  327 F.R.D. 55, 57 (S.D.N.Y. 2018) …………………………………………………….7-8

Lemoine v. Mossberg Corp.,
  2020 U.S. Dist. LEXIS 107336, 2020 WL 3316119, at *1 (D. Conn. June 18, 2020) …13

Libaire v. Kaplan,
  760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) …………….....……………………………9

Oasis Medical, Inc. v. I-Med Pharma USA Inc.,
  2023 WL 6301728 at *8 (S.D.N.Y. Sept. 1, 2023)………………………………………9

Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.,
  2014 WL 5420225 at *6 (S.D.N.Y. Oct. 24, 2014)………….……………………….....10

Reserve Solutions, Inc. v. Vernaglia,

    2006 WL 1788299 at *1 (S.D.N.Y. June 26, 2006)……………………………………..12

Silverstone Holding Group, LLC v. Zhongtie Dacheng (Zhuhai) Investment Management Co., Ltd.,

    650 F.Supp.3d 199 (S.D.N.Y. 2023)……………………………………………………...7

Solow v. Conseco, Inc.,

    2008 WL 190340 at *3 (S.D.N.Y. Jan. 18, 2008)………………………………………7-9

United States v. Nachamie,

    91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000) …………………………………………………..7

Vaigasi v. Solow Management Corp.,

    2016 WL 616386 at *14 (S.D.N.Y. Feb. 16, 2017)……………………………………….9


**STATUES**       **PAGE**

F.R.C.P. 26……………………………………………………………….…………8-9, 12

F.R.C.P. 45………..…………………………………………………………….…………passim

F.R.C.P. 45(d)(3)……………………………………………………………….…………passim

**PRELIMINARY STATEMENT**

Defendants Executive Laundry, LLC and Executive Services (collectively, "Executive Laundry") respectfully submit this Memorandum of Law in support of the Motion to Quash the Subpoenas to Produce Documents served by Plaintiff Sound Around, Inc. on non-parties Citibank, N.A., Amazon.com, Inc., Convenient Logistics LLC, EBAY Inc., Shifl Inc., Paypal, Inc., and Target Corporation pursuant to F.R.C.P. 45, including F.R.C.P. 45(d)(3), together with such other relief as this Court deems equitable and just.

Plaintiff's non-party Subpoenas should be quashed because: 1) Executive Laundry has standing to challenge the subpoenas due to its privacy interest in the subpoenaed documents; 2) the discovery sought is not relevant because the vast majority of Plaintiff's allegations focus on the Individual Defendants' improper competition with Plaintiff's product-selling business, while none of the Individual Defendants are owners of Executive Laundry, which is a commercial laundry service that does not sell products; 3) the disclosure sought is confidential and proprietary; and 4) may obtainable from the parties in the normal course of discovery.

**STATEMENT OF FACTS**

**Plaintiff's Complaint focuses on the Individual Defendants' allegedly improper competition with Plaintiff's product-selling business, while Executive Laundry is a commercial laundry service that does not sell products**

The Complaint states that Plaintiff's claims arise from the actions of certain "Individual Defendants." Exhibit A, pp. 1 and ¶1. Paragraph 1 of the Complaint states:

> This case arises from the brazen, egregious, and deliberate actions taken by the Individual Defendants both during the time of their employment at Sound Around and following the termination of that employment. In particular, Sound Around reposed trust and confidence in the Individual Defendants both of whom achieved substantial success and financial gain through their employment with Sound Around.

1

The vast majority of Plaintiff's allegations focus on the Individual Defendants' allegedly improper competition with the Plaintiff's business, as summarized in Paragraph 2 of the Complaint (Exhibit A) as follows:

> As discussed in more detail herein, however, the Individual Defendants took full advantage of that trust for years by, among other things, misappropriating substantial confidential information and trade secrets from Sound Around, diverting corporate opportunities for their own gain, utilizing Sound Around's trade dress, registered trademark, and other trade secrets to market competing products for their own financial benefit, manipulating the pricing and marketing of Sound Around products to ensure their own products' sales grew while artificially depressing those of Sound Around products, and stealing hundreds of thousands (if not millions) of dollars from the company to build their business, pay their personal debts and expenses, and compete directly with Sound Around.

However, the Affidavit of Mr. Rottenberg on behalf of Executive Laundry establishes that none of the Individual Defendants identified in the Complaint are principals or employees of Executive Laundry, LLC or Executive Services. Exhibit B ¶7. The Individual Defendants did not create, operate or control Executive Laundry, LLC or Executive Services. Exhibit B ¶8. None of the principals or employees of Executive Laundry, LLC committed any of the acts attributed to the Individual Defendants, and they were never employed by the Plaintiff. Exhibit B ¶¶9-10. Therefore, this case does not arise from the actions of any individuals acting on behalf of Executive Laundry.

Moreover, Executive Laundry, LLC is a commercial laundry service providing wholesale laundry services and is not in the business of selling products. Exhibit B ¶1.

It is respectfully requested that the Court take Judicial Notice of the website of Executive Laundry, at: https://executivelaundryny.com/gallery/, which indicates the commercial laundry services provided by Executive Laundry.

Executive Services, which is named as a Defendant, is not a legal entity. Exhibit B ¶2.

2

**Non-Party Subpoenas served by Plaintiff**

After initially serving eight other non-party subpoenas, which Executive Laundry moved to quash (ECF Doc. Nos. 83-85), the Plaintiff served seven additional Subpoenas to Produce Documents on non-parties to this action, including Citibank, N.A., Amazon.com, Inc., Convenient Logistics LLC, EBAY Inc., Shifl Inc., Paypal, Inc., and Target Corporation. Exhibit C. Plaintiff seeks to avoid the requirements and limitations of the Federal Rules of Civil Procedure regarding discovery, by pursuing from non-parties broad categories of sensitive information that would never be found relevant to the specific allegations in this dispute if sought directly from the Defendants.

The Subpoena served on Citibank, N.A, requires a response by 5:00 p.m. on September 11, 2024, and seeks production of:

- Savings account records, including signature cards and records reflecting deposits, withdrawals, interest, debit and credit memos, deposit slips, check deposited, withdrawal slips, checks issued for withdrawals, and issued Form 1099s;

- Checking account records, including signature cards, bank statements, deposit slips, checks deposited, checks drawn on the account, records pertaining to debit and credit memos, and issued Form 1099s;

- Loan records, including applications, financial statements, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, records of any liens, loan correspondence files, and internal bank memoranda;

- Credit card records, including applications, signature cards, credit or background investigations, correspondence, monthly billing statements, individual charge invoices, and repayment records;

- Purchases of bank checks, including cashier checks, teller checks, travelers' check, or money order records including the check register, copies of the checks or money orders, and records revealing the date and source of payment;
- Other requests pertaining to the Defendants, including certified checks, wire transfers, collections, letters of credit, bonds and securities purchased through the bank, savings bond transactions, and investment accounts, financial information for non-parties and other entities unrelated to the dispute with Plaintiff because they are so broadly and carelessly drawn.

The five Subpoenas served on Amazon.com, Inc., Convenient Logistics LLC, EBAY Inc., Paypal, Inc. and Target Corporation require a response by 5:00 p.m. on September 4 or 5, 2024 (Exhibit C) and seek production of:

- "All communications between you and any Defendant prior to the execution of any and every agreement between you and the given Defendant."
- "All communications between you and any Defendant concerning any and every agreement and/or contractual relationship between you and the given Defendant."
- "All contracts, licenses, agreements, and other documents that describe the relationship between you and any Defendant."
- "All contracts, licenses, agreements, and other documents concerning any of the Brands."
- "All communications concerning the Brands and Products."
- "Documents sufficient to show the identity of all Products, the amount sold of each Product, and the amount paid (or to be paid) by you for each Product. These documents should include all documents that show how much you paid for the Products, to whom

4

and where the payments were made, and the financial institution(s) that were used by the party receiving the payments from you to collect and receive the payments."

- "All reports concerning the Products, including, but not limited to, sales statistics."

- "Documents sufficient to show the flow of cash between you and any Defendant, including, but not limited to, the identity of all financial institutions used by the given Defendant."

- "Intellectual property infringement reports, customer complaints, and similar documents and communications you received from other people concerning suspected misconduct and issues regarding any Defendant, Brand, or Product.

- "All communications concerning the suspected misconduct…"

The Subpoena served on Shifl Inc. requires a response by 5:00 p.m. on September 5, 2024 (Exhibit C) and seeks production of:

- "All communications between you and any Defendant prior to the execution of any and every agreement between you and the given Defendant."

- "All communications between you and any Defendant concerning any and every agreement and/or contractual relationship between you and the given Defendant."

- "All contracts, licenses, agreements, and other documents that describe the relationship between you and any Defendant."

- "All communications concerning the Products and Brands."

- "Documents sufficient to show the identity of all Products that you provided services for, including Products you shipped. "

- "Documents sufficient to show the flow of cash between you and any Defendant, including, but not limited to, invoices for any Product or service you provided to the

5

Defendant. The documents should include the identity of all financial institutions used by the given Defendant."

- "Documents identifying from whom you received Products, and to whom you shipped Products."
- "Documents identifying the Amazon Vendor Central Account(s) that any Defendant used."

**Procedural Posture and Party Discovery**

Executive Laundry served an Answer to Plaintiff's Complaint. (EFC Doc. No. 71).

Co-Defendants MOISES FRIEDMAN, SHULIM ELIEZER ILOWITZ, ML IMPORTS, INC., CYRF, INC., LRI GROUP, LLC, MDF MARKETING, INC., and WORLD GROUP IMPORT, LLC (collectively, the "Co-Defendants") filed a Motion to Dismiss the Complaint, which was fully briefed on July 12, 2024. (ECF Doc. Nos. 52, 53, 54, 55 and 56).

Despite Co-Defendants' pending Motion to Dismiss, Plaintiff has sought discovery from all Defendants and served Requests for Production of Documents, Notices of Deposition and Interrogatories on the Defendants. (Exhibit D).

The Requests for Production of Documents (Exhibit D) seek voluminous documents from the parties, including: all payments to and from vendors and manufacturers (Request Nos. 2-3); all documents referencing payments to freelancers, creative designers, or photographers (Request Nos. 5-6); all documents referencing payments for registration of marks (Request No. 11); all documents referencing payments for domain registration (Request No. 13); all documents reflecting payments from Plaintiff to the Defendants (Request No. 14); all documents reflecting the payment of costs for all of Defendants' brands (Request Nos. 19-27); all documents that show how Defendants' products were financed (Request No. 41); copies of all credit card statements for

6

any card for which Defendants sought reimbursement from Sound Around or that was paid using Sound Around funds (Request Nos. 55-56); copies of all bank statements for any accounts through which any Defendant received payment from a vendor or manufacturer relating to Sound Around or Defendants' products (Request No. 58); copies of all bank statements for any accounts through which Defendants received payment from Sound Around (Request No. 59); and copies of all of the Defendants' tax returns (Request No. 61). The Requests for Production also seek extensive documents related to Walmart (Request No. 44).

**ARGUMENT**

### I. Executive Laundry has standing to challenge the Subpoenas due to its privacy interest in the subpoenaed documents

In the Second Circuit, it is well-established that a party with a real interest in the documents has standing to raise objections to their production. Thus, courts have recognized that parties with a privacy interest in subpoenaed documents have standing to oppose the subpoena. Solow v. Conseco, Inc., 2008 WL 190340 at *3 (S.D.N.Y. Jan. 18, 2008); Hughes v. Twenty-First Century Fox, Inc., 327 F.R.D. 55, 57 (S.D.N.Y. 2018). See also Silverstone Holding Group, LLC v. Zhongtie Dacheng (Zhuhai) Investment Management Co., Ltd., 650 F.Supp.3d 199, 202 (S.D.N.Y. 2023) (holding that a corporation has privacy interest in its bank records and thus has standing to challenge a non-party subpoena; the privacy interest extends to individuals as well as corporations). The privacy interest also extends beyond bank records to include any information that is "private, confidential, privileged, or highly sensitive" and the privacy interest is "particularly heightened" where the information that is not publicly available and is sought by a competitor. Solow, supra at *4. Courts have also recognized an exception where the party has some "proprietary interest in the subpoenaed matter." United States v. Nachamie, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000).

Here, Executive Laundry (and its owner Levi Rottenberg) have a privacy interest protected by F.R.C.P. 45(d)(3) in their private, confidential and highly sensitive personal and business information sought from the financial institutions as well as Amazon.com, Inc., Convenient Logistics LLC, EBAY Inc., Shifl Inc., Paypal, Inc., and Target Corporation. Executive Laundry's privacy interest extends to cover all of the information sought by the Plaintiff that is related to their personal and business savings accounts, checking accounts, loans, credit cards, letters of credit, bonds, securities, and savings bonds, as well as those related to individuals or entities for which they serve as trustee, fiduciary, custodian, executor, or guardian – information that is highly confidential and protected under F.R.C.P. 45(d)(3).

As for the Amazon.com, Inc., Convenient Logistics LLC, EBAY Inc., Shifl Inc., Paypal, Inc., and Target Corporation subpoenas, Executive Laundry (and its owner Levi Rottenberg) have a privacy interest protected by F.R.C.P. 45(d)(3) as to any private and confidential dealings with Amazon.com, Inc., Convenient Logistics LLC, EBAY Inc., Shifl Inc., Paypal, Inc., and Target Corporation because they have a privacy interest in the protection of their sensitive and confidential business and/or private information.

Since Executive Laundry has a significant privacy interest in the information sought via the Subpoenas, Executive Laundry has standing to challenge the Subpoenas.

II. **The discovery sought is not relevant because Plaintiff's allegations focus on the Individual Defendants' improper competition with Plaintiff's product-selling business, while none of the Individual Defendants are owners of Executive Laundry, a commercial laundry service that does not sell products**

"Any subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." Hughes v. Twenty-First Century Fox, Inc., 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (citations omitted). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the

8

proceedings." Libaire v. Kaplan, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011). Yet once the requesting party makes this demonstration, the burden shifts to the opposing party to show why the discovery should be denied. Libaire, 760 F. Supp. 2d at 291. See also Oasis Medical, Inc. v. I-Med Pharma USA Inc., 2023 WL 6301728 at *8 (S.D.N.Y. Sept. 1, 2023); Cuomo v. New York State Assembly Judiciary Comm., 2023 WL 4714097 at *5 (E.D.N.Y. July 21, 2023).

Even when the documents sought are relevant, Rule 26 provides this Court with "significant flexibility and discretion to assess the circumstances of the case and limit discovery accordingly to ensure that the scope and duration of discovery is proportional to the value of the requested information, the needs of the case, and the parties resources." In re Morgan Stanley Mortgage Pass-Through Certificates Litigation, 2013 WL 4838796 at *1 (S.D.N.Y. Sept. 11, 2013); see also Vaigasi v. Solow Management Corp., 2016 WL 616386 at *14 (S.D.N.Y. Feb. 16, 2017) (holding that "[p]roportionality and relevance are 'conjoined' concepts"). Under Rule 26, this Court has the discretion to "limit discovery if the request is 'unreasonably duplicative,' the requesting party has had 'ample opportunity to obtain the information by discovery,' or the 'burden or expense of the proposed discovery outweighs its likely benefit'." Fort Worth Employees Retirement Fund v. J.P. Morgan Chase & Co., 297 F.R.D. 99, 102 (S.D.N.Y. 2013), quoting Fed. R. Civ. P. 26(b)(2)(C).

The Complaint states that Plaintiff's claims arise from the actions of certain "Individual Defendants" (Exhibit A pp. 1 and ¶1), and the vast majority of Plaintiff's allegations focus on the Individual Defendants' allegedly improper competition with the Plaintiff's product-selling business by "misappropriating substantial confidential information and trade secrets from Sound Around, diverting corporate opportunities for their own gain, utilizing Sound Around's trade dress, registered trademark, and other trade secrets to market competing products for their own financial

9

benefit, manipulating the pricing and marketing of Sound Around products to ensure their own products' sales grew while artificially depressing those of Sound Around products, and stealing hundreds of thousands (if not millions) of dollars from the company to build their business, pay their personal debts and expenses, and compete directly with Sound Around." Exhibit A ¶2.

However, the Affidavit of Mr. Rottenberg on behalf of Executive Laundry establishes that none of the Individual Defendants identified in the Complaint are principals or employees of Executive Laundry, LLC or Executive Services. Exhibit B ¶7. The Individual Defendants did not create, operate or control Executive Laundry, LLC or Executive Services. Exhibit B ¶8. None of the principals or employees of Executive Laundry, LLC committed any of the acts attributed to the Individual Defendants, and they were never employed by the Plaintiff. Exhibit B ¶¶9-10. Therefore, this case does not arise from the actions of any individuals acting on behalf of Executive Laundry.

Executive Laundry is a commercial laundry service providing wholesale laundry services, and is not in the business of selling products. Exhibit B ¶1. It is respectfully requested that the Court take Judicial Notice of Executive Laundry's web site, which describes the services provided by Executive Laundry: https://executivelaundryny.com/gallery/.

Since the Subpoenas impermissibly seek information and documents regarding Executive Laundry, an entity which is not engaged in selling the products at issue in the Complaint or competing with Plaintiff's business, the Subpoenas should be quashed.

Additionally, this Court should quash all Subpoenas because the Co-Defendants' motion to dismiss is pending before this Court. This Court has not yet determined which, if any, of Plaintiff's claims will proceed to the discovery phase and the Co-Defendants have not yet filed an answer responding to those claims. See Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P., at *7 (holding

it is proper to deny discovery of a matter that is only relevant to claims that have been stricken); see also Arias-Zeballos v. Tan, 2007 WL 210112 at *2 (S.D.N.Y. Jan 25, 2007). Therefore, at this early stage of litigation, it is inappropriate for Plaintiff to serve non-party Subpoenas when the scope of issues to be litigated has not yet been determined.

### III. The disclosure sought is confidential and proprietary

In addition to the information sought not being relevant to the claims in Plaintiff's Complaint, Executive Laundry's privacy interest outweighs any need for the requested documents.

The Bank Subpoenas request "all" of Executive Laundry's personal and business financial information, seek the personal and family financial records of the owner of Executive Laundry, including mortgage records, checking, savings, credit cards, savings bonds, etc.

There is nothing in the Subpoena to Citibank, N.A. that tailors the requests to the alleged transactions involving Plaintiff or to the allegations and causes of action in Plaintiff's Complaint. Instead, as drafted, the Subpoenas are a fishing expedition, regarding Exeucitve Laundry, whose business is to provide commercial laundry services, as opposed to sell products. There is no basis for requiring the entities subpoenaed to disclose the full financial circumstances and business information of Executive Laundry's commercial laundry business.

Similarly, the Amazon.com, Inc., Convenient Logistics LLC, EBAY Inc., Shifl Inc., Paypal, Inc., and Target Corporation Subpoenas seek documentation related to all aspects of Executive Laundry's business relationships with those entities. There is no basis for disclosure of such information given that Executive Laundry's business is providing commercial laundry services, and not selling products. To the extent that Executive Laundry may do business with Amazon.com, Inc., Convenient Logistics LLC, EBAY Inc., Shifl Inc., Paypal, Inc., or Target Corporation in connection with Executive Laundry's commercial laundry service, Executive

Laundry's privacy interest in their business's financial information outweighs Plaintiff's need for the information.

When weighed against Executive Laundry's (and Levi Rottenberg's) substantial privacy interest in their financial and protected business information, and personal and family financial information, Plaintiff's requests for complete financial disclosure and all documents and communications between Executive Laundry and the financial institutions, Wayfair and Walmart is inappropriate. See Reserve Solutions, Inc. v. Vernaglia, 2006 WL 1788299 at *1 (S.D.N.Y. June 26, 2006) (holding that plaintiff's right to subpoena defendant's financial records was outweighed by the defendant's privacy interests). This is a business dispute surrounding a discrete set of facts between the Plaintiff and the Individual Defendants, not an opportunity for the Plaintiff to conduct a fishing expedition of Executive Laundry's personal and business dealings for no reason related to this litigation.

**IV.      The information and documents sought may be discoverable from Defendants**

It is well settled that a non-party subpoena should be quashed if the documents sought from the non-party can be obtained through party discovery. See, e.g., Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2204 (3d ed.) ("Ordinarily, it is thought preferable that documents should be sought from a party using Rule 34 rather than from a nonparty."). "[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." Burns v. Bank of Am., 2007 U.S. Dist. LEXIS 40037, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (granting motion to quash subpoena where [*4] that subpoena sought "precisely the same documents as demanded in [the] First Request for the Production of Documents [directed to defendant]."); see also Alcon Vision, LLC v. Allied Vision Grp., Inc., 2019 U.S. Dist. LEXIS 152073, 2019 WL 4242040, at *2 (S.D.N.Y. Sept. 6, 2019); Haber v. ASN 50th St., LLC, 272 F.R.D. 377, 382 (S.D.N.Y. 2011).

12

Accordingly, Courts in this Circuit "consistently granted motions to quash where the subpoenaed documents were requested from or could have been requested from the party-opponent during the normal course of discovery." <u>Lemoine v. Mossberg Corp.</u>, 2020 U.S. Dist. LEXIS 107336, 2020 WL 3316119, at *1 (D. Conn. June 18, 2020). Further, even if the discovery sought was relevant, it should only be permitted if, and to the extent that, it is "proportional" in the context of the case—a limitation intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse[.]" <u>Henry v. Morgan's Hotel Grp., Inc.</u>, 2016 U.S. Dist. LEXIS 8406, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (internal quotation omitted) (quashing subpoena for employment records that called for "[a]ll documents and communications . . . referring or related to [plaintiff]" and collecting cases that reject such requests for "any and all documents") (citations omitted).

Here, the information sought in the Subpoenas is unnecessarily duplicative of information which may more properly be sought through party discovery.[1] Much of the information and documents sought via the Subpoenas (<u>Exhibit C</u>) is already sought in Plaintiff's Requests for Production of Documents to the Defendants (<u>Exhibit D</u>), as discussed in detail in the Statement of Facts above. Accordingly, the Subpoenas should be quashed.

## **CONCLUSION**

For the reasons above, Executive Laundry respectfully requests that this Court quash the Subpoenas served by the Plaintiff on non-parties Citibank, N.A., Amazon.com, Inc., Convenient Logistics LLC, EBAY Inc., Shifl Inc., Paypal, Inc., and Target Corporation pursuant to F.R.C.P. 45, together with such other relief as this Court deems equitable and just.

Dated:   New York, NY

---

[1] Notwithstanding the above, Executive Laundry reserves all rights to object to Plaintiff's discovery demands.

13

August 30, 2024

          **DEFENDANTS EXECUTIVE LAUNDRY, LLC AND EXECUTIVE SERVICES**

By:   */s/ Paul Novak, Esq.*
      Paul Novak, Esq.
      Michael J. Byrne, Esq.
      **BYRNE & O'NEILL, LLP**
      26 Broadway, Third Floor
      New York, NY 10004
      212-422-9424
      pn@bonlaw.com
      mjb@bonlaw.com