

ATTORNEYS AT LAW

```
                                                       N AVE., 10TH FL
                                                       NEW YORK, 10017
                                                       (212)213-8844
                                                       (212)213-3318
```

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

September 9, 2024

**VIA ECF**

Hon. Katharine H. Parker
U.S. District Court
500 Pearl Street, Room 750
New York, New York 10007

  Re: *Sound Around Inc. v. Friedman et al.*
    *Case No. 1:24-cv-01986-JHR-KHP*

Dear Judge Parker:

  This firm represents Defendants Moises Friedman, Shulim Eliezer Ilowitz, ML Imports, Inc., CYRF, Inc., LRI Group, LLC, MDF Marketing Inc., and World Group Import, LLC ("Defendants") in the above-referenced matter. We write in response to Your Honor's Initial Case Management Order (ECF Doc. No 93), setting an Initial Conference for October 8, 2024 at 10:00 AM. For the reasons set forth herein, the Defendants respectfully request Your Honor relieve Defendants from the obligation of making initial disclosures pursuant to Rule 26(a)(1) and from the obligation of participating in the submission of a joint discovery plan pursuant to Rule 26(f)(3).

  Plaintiff Sound Around, Inc. ("Plaintiff") commenced this action with the filing of the Complaint on March 15, 2024. Thereafter, on May 17, 2024, Defendants filed a motion to dismiss the Complaint pursuant to F.R.C.P. 12(b)(6). *(ECF Doc. No. 52 et seq.)[1] Defendants' motion to dismiss seeks the dismissal of twenty of Plaintiff's twenty-two causes of action, which range from, *inter alia*, federal trademark and trade dress claims, claims pursuant to the federal statutory and New York common law misappropriation of trade secrets law, New York state law causes of action for breach of contract, unfair competition, tortious interference and fraud, and violation of the Racketeer Influenced and Corrupt Organizations Act. Defendants' motion to dismiss, which was fully briefed as of July 12, 2024 and is currently pending before the Hon. Jennifer Rearden, has a high likelihood of success. It is substantially possible that all federal causes of action will be dismissed, depriving this Court of its jurisdiction over the remaining New York state law claims.

  Judge Rearden's decision on the Defendants' motion to dismiss will significantly impact the future course of this matter. Until such a decision has been rendered and Defendants have joined issue with respect to what claims remain, if any, in this litigation, Defendants should be

---

[1] On June 19, 2024, Co-Defendants Executive Services and Executive Laundry LLC filed an Answer to Plaintiff's Complaint. (ECF Doc. No. 71.)

relieved from any obligation to serve initial disclosures pursuant to Rule 26(a)(1).[2] At this early stage of the litigation, Defendants are unable to determine what causes of action will remain against them, preventing them from identifying witnesses with discoverable information and documents, electronically stored information, and tangible things related to Plaintiff's claims. In addition, until such time as Defendants have filed their answer and counterclaims against Plaintiff, Defendants are unable to determine what witnesses, documents, electronically stored information, and tangible things exist related to those counterclaims.

For the same reasons, Defendants should be relieved of any obligation to participate in the submission of a joint discovery plan pursuant to Rule 26(f)(3). Until it has been determined what, if any, claims will proceed against the Defendants and Defendants have had an opportunity to answer the Complaint and assert their cross-claims, it would be inequitable to require the Defendants to begin to engage in discovery. Considering the wide-ranging claims asserted by the Plaintiff and the voluminous discovery demands promulgated by Plaintiff,[3] there is a high likelihood that Defendants would be required to spent significant resources gathering documents and preparing for the exchange of electronically stored information that will not be relevant to any claims that remain after the Defendants' motion to dismiss is decided.

Therefore, for the reasons set forth herein, Defendants respectfully request Your Honor relieve Defendants from the obligation of making initial disclosures pursuant to Rule 26(a)(1) and from the obligation of participating in the submission of a joint discovery plan pursuant to Rule 26(f)(3) pending a decision on Defendants' motion to dismiss. Thank you for your consideration.

Sincerely,

Nicholas Fortuna

cc: All counsel (via ECF)

The Court will discuss the timing of initial disclosures at the upcoming Initial Case Management Conference on October 8, 2024 at 10:00 a.m. As for a joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f)(3), meeting and conferring on a discovery schedule is not an onerous task. Defendants' request to be relieved of the obligation to submit a joint discovery plan is DENIED.
The Clerk of Court is respectfully directed to terminate the motion at ECF No. 99.

SO ORDERED:

*Katharine H. Parker*    9/10/2024
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

---

[2] At the Rule 26(f) conference that Plaintiff attempted to hold on July 9, 2024, Defendants objected to the conference as premature and objected to entering into a discovery plan pending the resolution of Defendants' motion to dismiss. Defendants' position in this respect has not changed.

[3] On August 13, 2024, Plaintiff served Requests for Production of Documents on each Defendant, each of which seeks 66 categories of documents. Plaintiff also served Notices of Deposition on Defendants MDF Marketing, Inc., Executive Laundry, LLC, ML Imports, Inc., and World Group Import, LLC and Interrogatories on each Defendant.