# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Jesús E. Cuza
305 789 7513
jesus.cuza@hklaw.com

October 25, 2024

**VIA ECF**

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 17D
New York, NY 10007-1312

Re: *Sound Around, Inc. v. Friedman et al.,* Case No. 1:24-cv-01986-JHR-KHP

Dear Judge Parker,

We represent Plaintiff Sound Around ("Plaintiff") in the above-referenced matter. We write pursuant to SDNY Local Civil Rule 37.2, and this Court's Individual Rule II.c., to request an informal conference on certain discovery disputes it has with Defendants[1]. Consistent with Individual Rule II.c., undersigned counsel represents that the parties' counsel met and conferred on these discovery disputes several times over the past several months, and most recently on the specific relief sought in this letter on October 23 by email and October 25 by phone. The parties' conferrals neither resolved nor narrowed the disputes.

Plaintiff requests an order compelling Defendants to, within 20 days of the order, (1) produce documents responsive to Plaintiff's requests for production; (2) attend Plaintiff's noticed depositions; and (3) answer Plaintiff's interrogatories. In addition, Plaintiff requests an order indicating that Defendants waived objections to these discovery requests. Despite the applicable rules of the Federal Rules of Civil Procedure, Defendants have completely and unilaterally refused to respond, attend, and answer any of the mentioned discovery served on them. For ease of reference, the following chart tracks the discovery at issue in this letter motion, including the requests' locations on the docket:

---

[1] "Defendants" are (1) Moises Friedman ("Friedman") and Shulim Eliezer Ilowitz ("Ilowitz," and, together with Friedman, "Individual Defendants")); (2) ML Imports, CYRF, MDF Marketing, LRI Group, and World Group Import ("Corporate Co-Defendants," and, together with Individual Defendants, "Co-Defendants"); and (3) Executive Laundry and Executive Services ("Executive Laundry Defendants").

**Plaintiff's Discovery Requests**

| Request | Service Date | Response Deadline | ECF No. |
|---|---|---|---|
| Requests for Production on each Defendant | July 10, 2024[2] | August 9, 2024<br><br>*See* Fed. R. Civ. P. 34(b)(2)(A) | ECF No. 78-5 at 89–209 |
| Deposition Notices on Defendants MDF Marketing, Executive Laundry, ML Imports, and World Group Import | August 13, 2024 | Week of August 26, 2024*<br><br>**These are the noticed deposition dates.*<br><br>*See* Fed. R. Civ. P. 30(b)(1) | ECF No. 78-5 at 65–88 |
| Interrogatories on each Defendant | August 13, 2024 | September 12, 2024<br><br>*See* Fed. R. Civ. P. 33(b)(2) | ECF No. 78-5 at 3–64 |

In particular, Plaintiff has repeatedly reminded Defendants of the document requests and depositions. *See, e.g.*, ECF No. 78-2 at 2 (inquiring on status of production); ECF No. 95 at 2 n.3 (discussing August 21 reminder of depositions). But Defendants have never served Plaintiff with responses or objections to any of Plaintiff's requests. Nor have Defendants sought—let alone received—any relief from the Court regarding their discovery obligations in this respect.[3] Because Defendants have not done so, they have waived any and all objections.

A "responding party has an obligation to object with specificity and propose a narrowing of the request for purposes of meeting and conferring about its objection to the request[.]" *Optionality Consulting v. Edge Tech.*, 2022 WL 1977746, at *3 (S.D.N.Y. June 3, 2022) (Parker, M.J.). As a result, a defendant waives objections where, like here, they completely fail to respond

---

[2] Co-Defendants have asserted that Plaintiff's requests for production were served on "August 13, 2024." *See, e.g.*, ECF No. 79 at 6. That is incorrect. Those requests were served on July 10, 2024. *See* ECF No. 78-5 at 89–209. Rather, on August 13, Plaintiff served *courtesy paper copies* along with its other discovery requests to opposing counsels' offices. *See* ECF No. 78-5 at 1; ECF No. 78-2 at 3–4. Regardless, even under Co-Defendants' asserted August 13 service date, the deadline for them to respond passed on September 12.

[3] To be sure, Defendants have moved to quash subpoenas (ECF Nos. 78, 83, 86, 90), the Executive Laundry Defendants made a letter motion for clarity on the discovery schedule and to quash their deposition notice (ECF No. 82), and Co-Defendants made a letter motion for relief from filing a case management plan and from initial disclosures (ECF No. 99). But the motions to quash do not address the discovery at issue in this letter. The Executive Laundry Defendants' letter motion was denied (ECF No. 101), did not seek relief regarding Plaintiff's requests for production or interrogatories, and was materially untimely regarding the deposition notice (*see* ECF No. 95 at 2). Finally, Co-Defendants' letter motion was also denied (ECF No. 102) and also did not address the discovery at issue in this letter.

to the discovery requests. *Id.* at *4 (holding that any "requests to which" the defendants did "not object" must be fully complied with because any future objection is "deemed waived as untimely" (citing *Cohalan v. Genie Indus.*, 276 F.R.D. 161 (S.D.N.Y. 2011));[4] *Top Jet v. Kulowiec*, 2022 WL 280459, at *6 (S.D.N.Y. Jan. 31, 2022) (Parker, M.J.) (holding defendant "waived any undue burden" and "privilege" objections because they were "late"). In addition to completely failing to respond to Plaintiff's discovery (let alone preserve or otherwise confer on any objections), Defendants have continued to do so despite Plaintiff's reminders, have done so with no legal support, and have failed to timely seek relief from the Court. Any potential future objections should thus be deemed waived because "any other result" would "completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." *Cohalan*, 276 F.R.D. at 163–64 (collecting cases).

In an attempt to justify their failure to comply with the rules, Defendants have taken the position that discovery is *per se* premature simply because there is a pending motion to dismiss and have unilaterally decided not to meet any of their discovery obligations.[5] Defendants' position is wrong; discovery is not premature. Discovery commenced after the parties' July 9, 2024 Rule 26(f) conference, Fed. R. Civ. P. 26(d)(1), and discovery is not "stayed simply on the basis that a motion to dismiss has been filed," *Turkey v. Christie's*, 316 F. Supp. 3d 675, 677–79 (S.D.N.Y. 2018). Defendants should be compelled to produce, attend, and answer Plaintiff's discovery.

Finally, Plaintiff respectfully requests that this dispute be addressed at the November 6, 2024 Initial Case Management Conference because the issue of whether discovery is ripe (it clearly is) will also be addressed at the conference through Defendants' motions to quash. *See* ECF No. 101 (indicating Court will address motions to quash at conference). In this respect, at the parties' October 25 conferral, Defendants' counsel indicated it is their understanding that the Court will address this dispute at the November 6 hearing.[6]

> Respectfully submitted,
>
> HOLLAND & KNIGHT LLP
> By: */s/ Jesus E. Cuza*

---

[4] *Cohalan*, 276 F.R.D. at 163–64 (noting a "failure to respond or object to a discovery request in a timely manner waives any objection which may have been available," emphasizing a party specifically waives objections "where there is no showing of good cause for the late response" or "***where a party has failed entirely to respond***" (emphasis added) (collecting cases)).

[5] As discussed in Plaintiff's oppositions to Defendants' motions to quash *(see, e.g.* ECF No. 88), this case arises out of Friedman's and Ilowitz's employment with Plaintiff. ***During their employment***, Friedman and Ilowitz stole (among other things) Plaintiff's trade secrets and funds, and used that property to ***secretly*** develop competing businesses through the Corporate Co-Defendants and the Executive Laundry Defendants. For years, Defendants have been unfairly competing against, and diverting corporate opportunities from, Plaintiff—using Plaintiff's intellectual property against Plaintiff to secretly sell Defendants' products. In response, and quickly after learning what Defendants had been doing, Plaintiff commenced this action on March 15, 2024. ECF No. 1. Subsequently, on May 17, 2024, some of the Defendants moved to dismiss the Complaint. ECF No. 52. The Executive Laundry Defendants did not join that motion and instead answered the Complaint and filed cross claims on June 19, 2024. ECF No. 71. Again, ignoring the Federal Rules of Civil Procedure, the Co-Defendants never responded to those cross claims.

[6] Plaintiff does not seek its fees and costs in connection with this letter motion, but it does reserve the right to do so if formal motion practice is ultimately required.

                        Jesus E. Cuza (*Admitted PHV*)
Florida Bar No. 428991
Email: jesus.cuza@hklaw.com
Rebecca Canamero (*Admitted PHV*)
Florida Bar No. 86424
Email: rebecca.canamero@hklaw.com
Annelise Del Rivero
Florida Bar No. 1003234 (*Admitted PHV*)
Email: annelise.delrivero@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

and

Marisa Marinelli
31 West 52Nd Street
New York, NY 10019
(212) 513-3200
Marisa.Marinelli@hklaw.com

*Attorneys for Plaintiff Sound Around, Inc.*