

ATTORNEYS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/10/2025

RK
SON AVE., 10TH FL
K, NEW YORK, 10017
E: (212)213-8844
FACSIMILE: (212)213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

January 6, 2025

**VIA ECF**

Hon. Katharine H. Parker
U.S. District Court
500 Pearl Street, Room 750
New York, New York 10007

The topics raised in Defendants' letter will be discussed at the upcoming Case Management Conference on **January 13, 2025**.

Re:  *Sound Around Inc. v. Friedman et al.*
     Case No. 1:24-cv-01986-JHR-KHP

SO ORDERED:

*Katharine H. Parker*  1/10/2025
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Dear Judge Parker:

      This firm represents Defendants Moises Friedman, Shulim Eliezer Ilowitz, ML Imports, Inc., CYRF, Inc., LRI Group, LLC, MDF Marketing Inc., and World Group Import, LLC ("Defendants") in the above-referenced matter. We write in response to Your Honor's Order on Motions to Quash (ECF Doc. No. 119), granting in part and denying in part the third-party subpoenas issued by Plaintiff Sound Around, Inc. ("Plaintiff") on various bank, retail, and freight service entities.

      We note Your Honor's instructions regarding the limited production of records from the bank entities. However, Plaintiff has not been instructed to re-serve more narrowly tailored subpoenas in order to obtain the specific categories of documents from the bank entities and we are concerned with how the bank entities will effectuate a complete and accurate production in compliance with Your Honor's Order. We therefore request that the parties refrain from enforcing Your Honor's Order until after the Case Management Conference scheduled before Your Honor on January 13, 2025, during which we request clarification on how the Order can best be effectuated, including whether the Plaintiff should be required to withdraw the bank subpoenas and issue new ones that comply with Your Honor's Order.

      In addition, we seek clarification on two statements in Your Honor's Order. First, Your Honor states that "Friedman is subject to a non-compete provision pursuant to his employment contract for two years post-termination, and Friedman was terminated in February 2024." This is Plaintiff's allegation in the Complaint, but Defendants strenuously dispute this issue because Friedman ceased to be an employee and became an independent contractor at the end of 2018.[1] Because we are concerned that the Order will be interpreted as a finding of fact on that important

---

[1] Further, Defendants have argued that the non-competition provision in the written contract between Plaintiff and Friedman is void under New York law.

issue, we therefore request that Your Honor clarify that portion of the Order to reflect that the statement is the Plaintiff's allegation, is disputed by Defendants, and has yet to be determined and is an issue addressed in Defendants' motion to dismiss. Second, Your Honor states that "[t]o the extent Defendants are arguing that the Defendant entities were competitors of Plaintiff, or that Friedman or Ilowitz were competitors of Plaintiff despite working for Plaintiff, Defendants have not provided enough detail or information for the Court to assess that argument." Defendants have argued in their motion to dismiss that, as independent contractors, they offered certain products for sale to Plaintiff but were not limited in the conduct of their own businesses. This is another issue that is disputed between the parties and has yet to be resolved and is addressed in Defendant's motion to dismiss.

Thank you for your consideration.

Sincerely,

Nicholas Fortuna

cc: All counsel (via ECF)