```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SOUND AROUND, INC.,

                              Plaintiff,

          -against-

MOISES FRIEDMAN, SHULIM ELIEZER ILOWITZ,
ML IMPORTS, INC., CYRF, INC., LRI GROUP, LLC,
EXECUTIVE SERVICES, EXECUTIVE LAUNDRY,
LLC, MDF MARKETING, INC., WORLD GROUP
IMPORT, LLC, HEFEI PAIDONG OUTDOOR
PRODUCTS CO., LTD.,

                             Defendants.
-----------------------------------------------------------------X

24-CV-1986 (JHR) (KHP)

**ORDER REGARDING DEPOSITIONS**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      This Court ordered the parties to set dates certain for the fact depositions of three individuals and 30(b)(6) depositions of three corporate entities associated with Defendants Moises Friedman and Shulim Ilowitz. (ECF No. 136.)

      On February 28, 2025, the parties submitted a joint letter indicating that they did not fully comply with this Court's order. (ECF No. 137.) They did set the depositions of Ilowitz and Friedman to take place on April 8 and 9, 2025. Accordingly, those depositions shall occur on those dates and those dates may not be moved absent leave from this Court upon a showing of good cause.

      The parties did not agree on dates for the depositions of Levi Rottenberg, owner of Defendants Executive Services and Executive Laundry, LLC, or the 30(b)(6) depositions of ML Imports, Inc., MDF Marketing, Inc. and World Group Import, LLC, all three of which are affiliated with Friedman and Ilowitz. Defendants argue that because the same people being deposed in

1

their individual capacities also would testify on behalf of their affiliated companies, Plaintiffs should take the depositions simultaneously and be limited to 7 hours.

"A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." *Sabre v. First Dominion Cap., LLC.*, No. 01 CIV. 2145 (BSJ), 2002 WL 31556379, at *2 (S.D.N.Y. Nov. 15, 2002*)* (citing 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, *Federal Practice & Procedure* § 2103 (2d ed.1994)).  Most importantly, the corporate designee speaks on behalf of the corporate entity and must be prepared to testify to matters beyond the designee's personal knowledge so long as the matters are reasonably available to the corporation.  *Id*.  "[T]he mere fact that the principal of a corporation has been deposed is not an automatic substitute for a 30(b)(6) deposition."  *A.I.A. Holdings, S.A. v. Lehman Bros.*, No. 97CIV4978LMMHBP, 2002 WL 1041356, at *3 (S.D.N.Y. May 23, 2002). However, insofar as Rule 1 requires the parties and the courts to utilize the discovery rules in a manner that is efficient and designed to reduce costs, parties often agree to conduct fact and 30(b)(6) depositions simultaneously when the corporate designee is the same as a fact witness and the party being deposed agrees that the fact witness's answer will be binding on the entity. *See* Fed. R. Civ. P. 1.  It is sometimes necessary to extend the time of such depositions beyond 7 hours and up to 14 hours.  Where 30(b)(6) topics are duplicative of questions previously asked of an individual witness, courts may limit or disallow the 30(b)(6) deposition for reasons of efficiency and economy.  *See A.I.A. Holdings*, 2002 WL 1041356, at *3. This is particularly so when the entity is a closely-held corporation.  See *DDK Hotels, LLC v. Williams-Sonoma, Inc.*,

2022 WL 2702378, at *5 (E.D.N.Y. Feb. 11, 2022) (limiting certain Rule 30(b)(6) deposition topics based on prior individual witness testimony).

Here, Defendants Ilowitz and Friedman have not stated that they would stipulate that the testimony of Ilowitz and Friedman would bind their affiliated entities. Nor have they explained why the deposition topics for the corporate entities are anticipated to be duplicative of the questions that will be posed to Ilowitz and Friedman or why no additional time should be allotted for 30(b)(6) deposition topics. The Executive defendants similarly have not stated that Rottenberg will be prepared to testify jointly in his personal capacity and representative capacity for the Executive defendants or why 7 hours is sufficient time such that no additional time should be allotted for a combo-individual and 30(b)(6) deposition.

In sum, Defendants have failed to provide sufficient information justifying their failure to comply with this Court's prior order requiring them to provide deposition dates between March 24, 2025 and April 18, 2025 for depositions of the corporate entities and Rottenberg. Accordingly, Defendants shall designate corporate witnesses to testify on behalf of ML Imports, Inc., MDF Marketing, Inc and World Group Import, LLC on **April 10 and 11, 2025**. Insofar as these are closely-held corporations of Ilowitz and Friedman and there may be significant areas of overlap between the individual and Rule 30(b)(6) depositions, the Court assumes that Ilowitz and Friedman will agree to have their individual depositions also be binding on their affiliated corporate entities for the sake of efficiency and that the time necessary to complete the depositions of the three corporate entities can be completed in a total of no more than 14 hours, not including the 7 hours allotted for each individual deposition of Ilowitz and Friedman. Plaintiff may apply to the Court for additional time if such additional time is needed; provided,

however, the Court expects Plaintiff's counsel to utilize deposition time efficiently and to ensure that questions are targeted to obtain information relevant to the claims and defenses. The Court may deny additional time if it finds that Plaintiff's counsel has wasted time during the depositions.

The Court assumes that Rottenberg will agree that his answers will be binding on the two Executive entities and that, given Executive's relatively limited involvement in the underlying facts of this case, the combo individual and Rule 30(b)(6) deposition can be taken in one day. That deposition must occur on **March 26, 2025**, absent good cause to reschedule it, except that Plaintiff may apply for additional time to complete the deposition upon a showing that additional time is needed and provided counsel has efficiently utilized the first seven hours of deposition time.[1]

Sound Around shall make its corporate representative available for a Rule 30(b)(6) deposition on or before **May 6, 2025** to allow Defendants at least once week to prepare for the preliminary injunction hearing on May 13, 2025.

The parties are encouraged to reach agreement on all other matters related to deposition dates and deposition topics through meet and confers.

Insofar as a deposition is now scheduled for April 9, 2025, the Case Management Conference on that same day is hereby adjourned. In lieu of a conference, the parties shall provide a joint status letter by **April 11, 2025**.

---

[1] The Executive Defendants have suggested they may be retaining new counsel. Such counsel should be retained sufficiently in advance of March 26, 2025 so as not to disrupt the date of the deposition.

**SO ORDERED.**

DATED:	New York, New York
	March 3, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge

5