

ATTORNEYS AT LAW

NEW YORK
400 MADISON AVE., 10TH FL
NEW YORK, NEW YORK, 10017
TELEPHONE:(212)213-8844
FACSIMILE: (212)213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

March 10, 2025

**VIA ECF**

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 17D
New York, New York 10007-1312

  Re: *Sound Around, Inc. v. Friedman et al.*, Case No. 1:24-cv-01986-JHR-KHP

Dear Judge Parker:

  This firm represents Defendants Moises Friedman, Shulim Eliezer Friedman, ML Imports, Inc., CYRF, Inc., LRI Group, LLC, MDF Marketing, Inc., and World Group Import, LLC (collectively, "Defendants"). We write in further support of our March 5, 2025 letter motion request for a conference to discuss Plaintiff Sound Around, Inc. ("Plaintiff")'s intentional violation of the Protective Order in this matter. In response to Plaintiff's letter dated March 7, 2025, we would like to briefly provide the following information.

  First, Plaintiff's entire argument regarding an alleged "kickback scheme" operated by Defendants is based on their mischaracterization of Defendants Moises Friedman ("Friedman") and Shulim Eliezer Ilowitz ("Ilowitz") (collectively, the "Individual Defendants") as employees of Plaintiff. This argument ignores the fact the Individual Defendants were independent contractors operating their own businesses. In their dealings with Sound Around, the Individual Defendants were responsible for all costs associated with their products, including but not limited to import, transportation, storage, and advertising costs, as well as the cost to buy back products that were not sold within a certain period of time. As independent contractors, the Individual Defendants were not subject to any legal or contractual prohibitions regarding the receipt of commissions from factories.

  Second, the email communications appended to Plaintiff's March 7th letter are *not* the communications reviewed by the Defendants immediately prior to submitting the letter motion. In the communications the Defendants received, Plaintiff's representatives make direct use of confidential information disclosed in this action to gain a business advantage with these factories, either by threatening to withhold payments or dangling the opportunity to engage in business with

Plaintiff, and to damage Defendants' relationships with these factories.[1] Defendants can only conclude that *all* of these communications are part of a widespread and coordinated campaign by Plaintiff to misuse information designated as "Confidential" in discovery for improper purposes, in direct violation of the Protective Order.

      Thank you for your consideration.

                                                      Sincerely,

                                                      /s/Nicholas Fortuna

                                                      Nicholas Fortuna

cc:     All counsel (via ECF)

---

[1] Unlike Plaintiff, Defendants will not publicly file the communications or any other information marked as "Confidential" on this Court's docket in order to uphold their obligations with respect to the Protective Order. However, these communications are available for Your Honor's review *in camera*.