

ATTORNEYS AT LAW

NEW YORK
400 MADISON AVE., 10TH FL
NEW YORK, NEW YORK, 10017
TELEPHONE:(212)213-8844
FACSIMILE: (212)213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

April 17, 2025

**VIA ECF**

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 17D
New York, New York 10007-1312

    Re:    *Sound Around, Inc. v. Friedman et al.*, Case No. 1:24-cv-01986-JHR-KHP

Dear Judge Parker:

    This firm represents Defendants Moises Friedman, Shulim Eliezer Friedman, ML Imports, Inc., CYRF, Inc., LRI Group, LLC, MDF Marketing, Inc., and World Group Import, LLC (collectively, "Defendants"). We write, pursuant to Local Rule 37.2 and Section 1(b) of Your Honor's Individual Practices in Civil Cases, to request a pre-motion conference. Defendants seeks permission to move to quash a non-party subpoena served by Plaintiff Sound Around, Inc. ("Plaintiff") on the Human Resources Administration at the New York City Department of Social Services, dated April 11, 2025, which Defendants' counsel received via email from Plaintiff's counsel on April 14, 2025 (the "DSS Subpoena"). The response date for the DSS Subpoena is April 18, 2025.

    In the DSS Subpoena, Plaintiff seeks "[a]ll documents and records, including but not limited to applications for benefits, periodic reports, and certifications or certifications for benefits, related to any Defendant" and "[a]ll communications between you and any Defendant" for 2019 through the present. The Court should be aware that DSS administers social service benefit programs for families, nursing mothers, disabled individuals, and the elderly, including but not limited to the Social Security Disability program, the Temporary Aid to Needy Families program, the Supplemental Nutrition Assistance Program, New York State's Public Health Insurance Programs, the federal Medicaid program, and various Senior Programs. Any subpoena seeking "all documents" and "all communications" regarding these myriad programs as they relate to the Defendants is overbroad and patently improper.

    Counsel for Defendants conferred with counsel for Plaintiff via email on April 15, 2025 and engaged in Zoom meet-and-confer sessions with counsel for Plaintiff on April 15 and April 17, 2025. Counsel for Plaintiff declined to withdraw the subpoena on DSS, citing a line of questioning Plaintiff pursued during the April 9, 2025 deposition of Defendant Shulim Eliezer

Ilowitz ("Ilowitz"). Plaintiff's questions implied that, given Ilowitz's income in 2022, an application for benefits for his family would be inappropriate and possibly illegal. The aim of this line of questioning and Plaintiff's service of the DSS Subpoena is to cast doubt upon the credibility and trustworthiness of Ilowitz and the Defendants generally. Plaintiff must admit that any benefits from any social service program applied for by any party have no bearing on the allegations and defenses in this business dispute, and are only being sought in an attempt to obtain extrinsic evidence to impeach the Defendants. Plaintiff is fishing for anything to besmirch the Defendants' reputations because it realizes that there is no merit to its case.

This Court has held that "the mere possibility of obtaining impeachment evidence cannot be enough to justify discovery into matters otherwise unrelated to the parties' claims and defenses, because 'the areas to be probed to test a witness' credibility are virtually limitless'." Shih v. Petal Card, Inc., 2021 WL 5279395, at *4 (S.D.N.Y. Nov. 12, 2021), *citing* Davidson Pipe Co. v. Laventhol & Horwath, 120 F.R.D. 455 (S.D.N.Y. 1988) (holding that, after considering relevance, "[t]he better approach is to limit discovery for purposes of impeachment in the same way that other discovery is constrained: by determining whether it is reasonably likely to lead to admissible evidence"); *see also* United States Securities and Exchange Commission v. Collector's Coffee Inc., 338 F.RD. 309, 317 (S.D.N.Y. 2021) (holding that impeachment information not directly related to the allegations in the pleadings "cannot be expected to yield evidence that is of significant importance to the case"). The Plaintiff's "hope of unearthing a falsehood" which it may then use to impeach Ilowitz is not sufficient to support an expansive non-party subpoena seeking irrelevant information that is not likely to lead to the discovery of admissible evidence pertaining to this dispute.

Therefore, Defendants respectfully request a pre-motion conference to discuss Defendants' anticipated motion to quash the DSS Subpoena. Thank you for your consideration.

Sincerely,

/s/Nicholas Fortuna

Nicholas Fortuna

cc:   All counsel (via ECF)