# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

April 22, 2025

**VIA ECF**
Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 18B
New York, NY 10007-1312

Re: *Sound Around, Inc. v. Friedman et al.,* Case No. 1:24-cv-01986-JHR-KHP

Dear Judge Cote,

We represent Plaintiff, Sound Around, Inc. ("Sound Around"). Consistent with Your Honor's April 16, 2025 Order [ECF No. 166], Sound Around provides a brief background of the case and outline of the relief it will seek in a renewed Motion for Preliminary Injunction.

This case arises from what Sound Around believes to be egregious actions by Defendants Moises Friedman ("Friedman") and Lazer Ilowitz ("Ilowitz")—two Buyers at Sound Around—who, with the help of the remaining Defendants, misappropriated Sound Around's confidential business information, trade secrets, and valued relationships (compiled by Sound Around over its decades in the industry) to launch and secretly operate a competing business. For years, Sound Around, a well-established online reseller of products imported mainly from China, unknowingly had its competitor working from within its walls. Defendants, who were given positions of trust and confidence at Sound Around—with full access to its resources and its business and strategic decisions in real time—exploited and abused the trust Sound Around placed in them to create and operate their nearly-identical competing business, all at Sound Around's expense and to its detriment.

Moreover, discovery has confirmed that not only were Defendants secretly competing with Sound Around from within and misusing and converting Sound Around's assets and resources, they were also collecting millions of dollars in kickbacks and bribes which they demanded from Sound Around's vendors and manufacturers for years, unbeknownst to Sound Around. When their unlawful conduct was discovered in January 2024, they began stealing and downloading more information to take with them following their inevitable resignation (Ilowitz) and termination (Friedman) on January 30, 2024, and February 2, 2024, respectively. Now, Defendants continue to operate their competing business with the benefit of full knowledge of Sound Around's trade secrets, including its proprietary profit-tracking systems and data generated by those systems, proprietary pricing software, vendor relationships, customer lists and purchasing patterns, listing processes and strategies, and other nonpublic financial and strategic information. In doing so, they are violating various statutes, common law duties, and the contractual duties they owed to Sound Around, which continue as a matter of law beyond the termination of their employment.

Consequently, Sound Around intends to file a Motion respectfully asking the Court to enjoin Defendants from operating their competing business and selling products online for a period of two years, consistent with, among other things, a covenant not to compete executed by Friedman and Sound Around, and covenants to keep Sound Around's information confidential agreed to by

Friedman and Ilowitz when they each began to work at Sound Around as Buyers. This includes enjoining Defendants from using the trade secrets and confidential information obtained during their work with Sound Around, including vendor lists and protected business relationships, vendor licenses obtained using Sound Around's resources, information and relationships, and brands created during their work with Sound Around (which, in breach of their fiduciary duties, among others, were improperly diverted and usurped for their own business).[1] As will be explained in Sound Around's forthcoming Motion, in light of the facts in this case and under applicable law, the requested injunction is not only warranted, but necessary.

First, the requested injunction is necessary to enforce the two-year restrictive covenant Friedman expressly agreed to and which he has breached. *See, e.g.*, *Serv. Sys. Corp. v. Harris*, 41 A.D. 2d 20, 23 (4th Dep't 1973) (granting injunction preventing former employee from competing for 3 years and noting that "[e]mployers should be afforded reasonable protection from the pirating of their business by disloyal employees who agree by contract to refrain from such unfair activities"); *Devos, Ltd. v. Record,* No. 15-cv-6916, 2015 WL 9593616, at *8 (E.D.N.Y. Dec. 24, 2015) ("[I]t has consistently been held that the loss resulting from a party's breach of a restrictive covenant is not easily quantifiable by money damages and is, therefore, protectable by a preliminary injunction." ).

Second, the requested injunction is necessary to stop the misappropriation and inevitable disclosure of Sound Around's trade secrets and confidential information. "Confidential proprietary data relating to pricing, costs, systems, and methods are protected by trade secret law." *Intertek Testing Servs., N.A., Inc. v. Pennisi*, 443 F. Supp. 3d 303 (E.D.N.Y. 2020) (citations omitted) (granting preliminary injunction preventing former employees from disclosing plaintiff's confidential information or trade secrets); *Helio Logistics, Inc. v. Mehta*, No. 22-CV-10047 (NSR), 2023 WL 1517687, at *4 (S.D.N.Y. Feb. 3, 2023) (vendor relationships were trade secrets to support preliminary injunction). Importantly, a preliminary injunction restricting former employees from competing (even in the absence of a non-compete agreement) is appropriate when there is misappropriation of trade secrets or confidential information, and/or where it is inevitable that an employee will disclose this information in their new job. *See Doubleclick, Inc. v. Henderson,* 1997 WL 731413, *5 (N.Y. Sup. 1997) (enjoining defendants from competing with former employer where, among other things, defendants misappropriated former employer's trade secret information and where it was inevitable they would continue to do so in their new jobs); *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262 (7th Cir. 1995) (enforcing non-compete restriction against employees based, in part, on the inevitable disclosure of that information in competing business).

Sound Around intends to establish a likelihood of success on the merits on the above claims (among others), as well as a showing of irreparable harm from Defendants' conduct—which Sound Around has suffered and continues to suffer. *See Intertek* , 443 F. Supp. 3d at 329 ("Generally, when a party violates a reasonable non-compete clause, the resulting loss of client relationships and customer good will built up over the years constitutes irreparable harm for purposes of imposing a preliminary injunction.") (citation omitted); *Helio*, 2023 WL 1517687, at *4 ("Irreparable harm is presumed where a trade secret has been misappropriated." (citation omitted); *Innoviant Pharmacy, Inc. v. Morganstern*, 390 F. Supp. 2d 179, 188 (N.D.N.Y. 2005) ("Irreparable harm to an employer may also result where an employee has misappropriated trade secrets or confidential customer information, including pricing methods, customer lists and customer preferences.") (citation omitted).

---

[1] Sound Around further seeks to enjoin Defendants from collecting any additional kickbacks or bribes from vendors through whom Sound Around purchased products, and, finally, seeks the return of certain confidential information, which Sound Around has evidence was stolen by Defendants in the months leading up to their departure from Sound Around.

We look forward to discussing further with your Honor during the Status Conference. Thank you for your consideration.

/s/Jesus E. Cuza
Jesus E. Cuza