**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X
SOUND AROUND, INC.,                          :
                                             :
                              Plaintiff,     :        Case No.: 1:24-cv-01986
                                             :
         v.                                  :
                                             :
MOISES FRIEDMAN, SHULIM ELIEZER             :        **DEFENDANTS' ANSWER**
ILOWITZ, ML IMPORTS, INC., CYRF, INC.,      :        **WITH COUNTERCLAIMS**
LRI GROUP, LLC, EXECUTIVE SERVICES,          :
EXECUTIVE LAUNDRY, LLC, MDF                  :
MARKETING, INC., WORLD GROUP                 :
IMPORT, LLC, HEFEI PAIDONG OUTDOOR           :
PRODUCTS CO., LTD.,                          :
                                             :
                              Defendants.    :
_____X

Defendants MOISES FRIEDMAN, SHULIM ELIEZER ILOWITZ, ML IMPORTS, INC.,

CYRF, INC., LRI GROUP, LLC, MDF MARKETING, INC., and WORLD GROUP IMPORT,

LLC (collectively, "Defendants"), by its attorneys Allyn & Fortuna LLP, answer the Complaint of

Plaintiff SOUND AROUND, INC. ("Plaintiff") as follows:

1.      Defendants deny each and every allegation set forth in Paragraph 1 of Plaintiff's

Complaint.

2.      Defendants deny each and every allegation set forth in Paragraph 2 of Plaintiff's

Complaint.

3.      Defendants deny each and every allegation set forth in Paragraph 3 of Plaintiff's

Complaint.

4.      Defendants deny each and every allegation set forth in Paragraph 4 of Plaintiff's

Complaint.

5.    Defendants deny knowledge and information sufficient to form a belief regarding "Sound Around's investigation." Defendants deny the remaining allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6.    Defendants deny each and every allegation set forth in Paragraph 6 of Plaintiff's Complaint.

7.    Defendants deny knowledge and information sufficient to form a belief regarding the allegations set forth in Paragraph 7 of Plaintiff's Complaint, and respectfully refer all questions of law to this Court for determination.

8.    Defendants deny knowledge and information sufficient to form a belief regarding the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9.    Defendants admit that "Defendant Moises Friedman, also known as Moshe Friedman, is an individual who, at all relevant times, has been domiciled in Monroe, New York." Defendants deny the remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10.    Defendants admit that "Defendant Shulim Eliezer Ilowitz, also known as Lazer Ilowitz, is an individual who, at all relevant times, has been domiciled in Brooklyn, New York." Defendants deny the remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11.    Defendants admit that "Defendant LRI Group, LLC is a New York limited liability company with its principal place of business in New York." Defendants deny the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12.    Defendants admit the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13.    Defendants admit that "Defendant CYRF, Inc. is a New York corporation with its principal place of business in Monroe, New York." Defendant deny the remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint.

2

14.    Defendants admit that "Defendant World Group Import, LLC is a New Mexico limited liability company." Defendants deny the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15.    Defendants deny that Defendant Executive Laundry, LLC is "created operated and/or controlled by the Individual Defendants [*sic*]." Defendants deny knowledge and information sufficient to form a belief as to the remaining allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.    Defendants deny that Defendant Executive Services is "created operated and/or controlled by the Individual Defendants [*sic*]." Defendants deny knowledge and information sufficient to form a belief as to the remaining allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.    Defendants admit that "Defendant MDF Marketing, Inc. is a New York corporation with its principle [*sic*] place of business in Monroe, New York." Defendants deny the remaining allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.    Defendants deny that Defendant Hefei Paidong Outdoor Products Co., Ltd. "was utilized by the Individual Defendants in furtherance of their scheme to divert and usurp Sound Around's business opportunities" and that "[i]n particular, the Individual Defendants used Hefei to launch competing products on online retail sites such as Amazon." Defendants deny knowledge and information sufficient to form a belief as to the remaining allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiff's Complaint, and respectfully refer all questions of law to this Court for determination.

20.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of Plaintiff's Complaint, and respectfully refer all questions of law to this Court for determination.

21.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiff's Complaint, and respectfully refer all questions of law to this Court for determination.

22.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28.    Defendants admit that "Sound Around hired Friedman as a warehouse manager" in 2013. Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.    Defendants admit that Friedman "transition[ed] into a new role as 'Buyer'" as an independent contractor, and not as employee. Defendants deny knowledge and information

sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny each and every allegation set forth in Paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny each and every allegation set forth in Paragraph 31 of Plaintiff's Complain.t

32.     Defendants deny each and every allegation set forth in Paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny each and every allegation set forth in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants deny each and every allegation set forth in Paragraph 34 of Plaintiff's Complaint.

35.      Defendants deny each and every allegation set forth in Paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny each and every allegation set forth in Paragraph 36 of Plaintiff's Complaint.

37.     Defendants deny each and every allegation set forth in Paragraph 37 of Plaintiff's Complaint.

38.     Defendants deny each and every allegation set forth in Paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny each and every allegation set forth in Paragraph 39 of Plaintiff's Complaint.

40.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41.    Defendants deny each and every allegation set forth in Paragraph 41 of Plaintiff's Complaint.

42.    Defendants deny each and every allegation set forth in Paragraph 42 of Plaintiff's Complaint.

43.    Defendants deny each and every allegation set forth in Paragraph 43 of Plaintiff's Complaint.

44.    Defendants deny each and every allegation set forth in Paragraph 44 of Plaintiff's Complaint.

45.    Defendants deny each and every allegation set forth in Paragraph 45 of Plaintiff's Complaint.

46.    Defendants deny each and every allegation set forth in Paragraph 46 of Plaintiff's Complaint.

47.    Defendants deny each and every allegation set forth in Paragraph 47 of Plaintiff's Complaint.

48.    Defendants deny each and every allegation set forth in Paragraph 48 of Plaintiff's Complaint.

49.    Defendants deny each and every allegation set forth in Paragraph 49 of Plaintiff's Complaint.

50.    Defendants deny each and every allegation set forth in Paragraph 50 of Plaintiff's Complaint.

51.      Defendants deny each and every allegation set forth in Paragraph 51 of Plaintiff's Complaint.

52.      Defendants deny each and every allegation set forth in Paragraph 52 of Plaintiff's Complaint.

53.      Defendants deny each and every allegation set forth in Paragraph 53 of Plaintiff's Complaint.

54.      Defendants deny each and every allegation set forth in Paragraph 54 of Plaintiff's Complaint.

55.      Defendants deny each and every allegation set forth in Paragraph 55 of Plaintiff's Complaint.

56.      Defendants deny each and every allegation set forth in Paragraph 56 of Plaintiff's Complaint.

57.      Defendants deny each and every allegation set forth in Paragraph 57 of Plaintiff's Complaint.

58.      Defendants deny each and every allegation set forth in Paragraph 58 of Plaintiff's Complaint.

59.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of Plaintiff's Complaint.

60.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61.      Defendants deny each and every allegation set forth in Paragraph 61 of Plaintiff's Complaint.

62.     Defendants deny each and every allegation set forth in Paragraph 62 of Plaintiff's Complaint.

63.     Defendants deny each and every allegation set forth in Paragraph 63 of Plaintiff's Complaint.

64.     Defendants deny each and every allegation set forth in Paragraph 64 of Plaintiff's Complaint.

65.     Defendants deny each and every allegation set forth in Paragraph 65 of Plaintiff's Complaint.

66.     Defendants deny each and every allegation set forth in Paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny that "Ilowitz evaluated and negotiated with the vendor to sell the product line through his own companies." Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny each and every allegation set forth in Paragraph 68 of Plaintiff's Complaint.

69.     Defendants deny each and every allegation set forth in Paragraph 69 of Plaintiff's Complaint.

70.     Defendants deny each and every allegation set forth in Paragraph 70 of Plaintiff's Complaint.

71.     Defendants deny each and every allegation set forth in Paragraph 71 of Plaintiff's Complaint.

72.     Defendants deny each and every allegation set forth in Paragraph 72 of Plaintiff's Complaint.

73.     Defendants deny each and every allegation set forth in Paragraph 73 of Plaintiff's Complaint.

74.     Defendants deny each and every allegation set forth in Paragraph 74 of Plaintiff's Complaint.

75.     Defendants deny each and every allegation set forth in Paragraph 75 of Plaintiff's Complaint.

76.     Defendants deny each and every allegation set forth in Paragraph 76 of Plaintiff's Complaint.

77.     Defendants deny each and every allegation set forth in Paragraph 77 of Plaintiff's Complaint.

78.     Defendants deny each and every allegation set forth in Paragraph 78 of Plaintiff's Complaint.

79.     Defendants deny each and every allegation set forth in Paragraph 79 of Plaintiff's Complaint.

80.     Defendants deny each and every allegation set forth in Paragraph 80 of Plaintiff's Complaint.

81.     Defendants deny each and every allegation set forth in Paragraph 81 of Plaintiff's Complaint.

82.     Defendants deny each and every allegation set forth in Paragraph 82 of Plaintiff's Complaint.

83.     Defendants deny each and every allegation set forth in Paragraph 83 of Plaintiff's Complaint.

84.     Defendants deny each and every allegation set forth in Paragraph 84 of Plaintiff's Complaint.

85.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation "Sound Around had held its Vendor Central license through Amazon for over 12 years." Defendants deny each and every remaining allegation set forth in Paragraph 85 of Plaintiff's Complaint.

86.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of Plaintiff's Complaint.

87.     Defendants deny each and every allegation set forth in Paragraph 87 of Plaintiff's Complaint.

88.     Defendants deny each and every allegation set forth in Paragraph 88 of Plaintiff's Complaint.

89.     Defendants deny each and every allegation set forth in Paragraph 89 of Plaintiff's Complaint.

90.     Defendants deny each and every allegation set forth in Paragraph 90 of Plaintiff's Complaint.

91.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation that "Sound Around learned." Defendants deny each and every remaining allegation set forth in Paragraph 91 of Plaintiff's Complaint.

92.     Defendants deny each and every allegation set forth in Paragraph 92 of Plaintiff's Complaint.

93.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation that "[u]nbeknownst to Amazon." Defendants deny each and every remaining allegation set forth in Paragraph 93 of Plaintiff's Complaint.

94.     Defendants deny each and every allegation set forth in Paragraph 94 of Plaintiff's Complaint.

95.     Defendants deny each and every allegation set forth in Paragraph 95 of Plaintiff's Complaint.

96.     Defendants deny each and every allegation set forth in Paragraph 96 of Plaintiff's Complaint.

97.     Defendants deny each and every allegation set forth in Paragraph 97 of Plaintiff's Complaint.

98.     Defendants deny each and every allegation set forth in Paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny each and every allegation set forth in Paragraph 99 of Plaintiff's Complaint.

100.     Defendants deny each and every allegation set forth in Paragraph 100 of Plaintiff's Complaint.

101.     Defendants deny each and every allegation set forth in Paragraph 101 of Plaintiff's Complaint.

102.     Defendants deny each and every allegation set forth in Paragraph 102 of Plaintiff's Complaint.

103.     Defendants deny each and every allegation set forth in Paragraph 103 of Plaintiff's Complaint.

104.    Defendants deny each and every allegation set forth in Paragraph 104 of Plaintiff's Complaint.

105.    Defendants deny each and every allegation set forth in Paragraph 105 of Plaintiff's Complaint.

106.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of Plaintiff's Complaint.

107.    Defendants deny each and every allegation set forth in Paragraph 107 of Plaintiff's Complaint.

108.    Defendants deny each and every allegation set forth in Paragraph 108 of Plaintiff's Complaint.

109.    Defendants deny each and every allegation set forth in Paragraph 109 of Plaintiff's Complaint.

110.    Defendants deny each and every allegation set forth in Paragraph 110 of Plaintiff's Complaint.

111.    Defendants deny each and every allegation set forth in Paragraph 111 of Plaintiff's Complaint.

112.    Defendants deny each and every allegation set forth in Paragraph 112 of Plaintiff's Complaint.

113.    Defendants deny each and every allegation set forth in Paragraph 113 of Plaintiff's Complaint.

114.    Defendants deny each and every allegation set forth in Paragraph 114 of Plaintiff's Complaint.

115.    Defendants deny each and every allegation set forth in Paragraph 115 of Plaintiff's Complaint.

116.    Defendants deny each and every allegation set forth in Paragraph 116 of Plaintiff's Complaint.

117.    Defendants deny each and every allegation set forth in Paragraph 117 of Plaintiff's Complaint.

118.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118 of Plaintiff's Complaint.

119.    Defendants deny each and every allegation set forth in Paragraph 119 of Plaintiff's Complaint.

120.    Defendants deny each and every allegation set forth in Paragraph 120 of Plaintiff's Complaint.

121.    Defendants deny each and every allegation set forth in Paragraph 121 of Plaintiff's Complaint.

122.    Defendants deny each and every allegation set forth in Paragraph 122 of Plaintiff's Complaint.

123.    Defendants deny each and every allegation set forth in Paragraph 123 of Plaintiff's Complaint.

124.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of Plaintiff's Complaint.

125.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of Plaintiff's Complaint.

126.    Defendants deny each and every allegation set forth in Paragraph 126 of Plaintiff's Complaint.

127.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation that "Sound Around also instructed Ilowitz to order a sample of the product from Lifemaster to obtain a copy of the warranty card being provided." Defendants deny each and every remaining allegation set forth in Paragraph 127 of Plaintiff's Complaint.

128.    Defendants deny each and every allegation set forth in Paragraph 128 of Plaintiff's Complaint.

129.    Defendants deny each and every allegation set forth in Paragraph 129 of Plaintiff's Complaint.

130.    Defendants deny each and every allegation set forth in Paragraph 130 of Plaintiff's Complaint.

131.    Defendants deny each and every allegation set forth in Paragraph 131 of Plaintiff's Complaint.

132.    Defendants deny each and every allegation set forth in Paragraph 132 of Plaintiff's Complaint.

133.    Defendants deny each and every allegation set forth in Paragraph 133 of Plaintiff's Complaint.

134.    Defendants deny each and every allegation set forth in Paragraph 134 of Plaintiff's Complaint.

135.    Defendants deny each and every allegation set forth in Paragraph 135 of Plaintiff's Complaint.

136.    Defendants deny each and every allegation set forth in Paragraph 136 of Plaintiff's Complaint.

137.    Defendants deny each and every allegation set forth in Paragraph 137 of Plaintiff's Complaint.

138.    Defendants deny each and every allegation set forth in Paragraph 138 of Plaintiff's Complaint.

139.    Defendants deny each and every allegation set forth in Paragraph 139 of Plaintiff's Complaint.

140.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation that "Sound Around has now learned." Defendants deny each and every remaining allegation set forth in Plaintiff's Complaint.

141.    Defendants deny each and every allegation set forth in Paragraph 141 of Plaintiff's Complaint.

142.    Defendants repeat each and every response set forth in Paragraphs 1 through 141 as if fully set forth herein.

143.    Defendants deny each and every allegation set forth in Paragraph 143 of Plaintiff's Complaint.

144.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 of Plaintiff's Complaint.

145.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145 of Plaintiff's Complaint.

146.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146 of Plaintiff's Complaint.

147.    Defendants deny each and every allegation set forth in Paragraph 147 of Plaintiff's Complaint.

148.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of Plaintiff's Complaint.

149.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of Plaintiff's Complaint.

150.    Defendants deny each and every allegation set forth in Paragraph 150 of Plaintiff's Complaint.

151.    Defendants deny each and every allegation set forth in Paragraph 151 of Plaintiff's Complaint.

152.    Defendants deny each and every allegation set forth in Paragraph 152 of Plaintiff's Complaint.

153.    Defendants deny each and every allegation set forth in Paragraph 153 of Plaintiff's Complaint.

154.    Defendants repeat each and every response set forth in Paragraphs 1 through 153 as if fully set forth herein.

155.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation that "Sound Around's trade dress, including its product listings, is inherently distinctive as to the source of the product." Defendants deny each and every remaining allegation set forth in Paragraph 155 of Plaintiff's Complaint.

156.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 156 of Plaintiff's Complaint.

157.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 157 of Plaintiff's Complaint.

158.    Defendants deny each and every allegation set forth in Paragraph 158 of Plaintiff's Complaint.

159.    Defendants deny each and every allegation set forth in Paragraph 159 of Plaintiff's Complaint.

160.    Defendants deny each and every allegation set forth in Paragraph 160 of Plaintiff's Complaint.

161.    Defendants deny each and every allegation set forth in Paragraph 161 of Plaintiff's Complaint.

162.    Defendants deny each and every allegation set forth in Paragraph 162 of Plaintiff's Complaint.

163.    Defendants repeat each and every response set forth in Paragraphs 1 through 162 as if fully set forth herein.

164.    Defendants deny each and every allegation set forth in Paragraph 164 of Plaintiff's Complaint.

165.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 165 of Plaintiff's Complaint.

166.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 166 of Plaintiff's Complaint.

167.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 167 of Plaintiff's Complaint.

168.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 168 of Plaintiff's Complaint.

169.    Defendants deny each and every allegation set forth in Paragraph 169 of Plaintiff's Complaint.

170.    Defendants deny each and every allegation set forth in Paragraph 170 of Plaintiff's Complaint.

171.    Defendants deny each and every allegation set forth in Paragraph 171 of Plaintiff's Complaint.

172.    Defendants deny each and every allegation set forth in Paragraph 172 of Plaintiff's Complaint.

173.    Defendants deny each and every allegation set forth in Paragraph 173 of Plaintiff's Complaint.

174.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 174 of Plaintiff's Complaint.

175.    Defendants deny each and every allegation set forth in Paragraph 175 of Plaintiff's Complaint.

176.    Defendants deny each and every allegation set forth in Paragraph 176 of Plaintiff's Complaint.

177.    Defendants repeat each and every response set forth in Paragraphs 1 through 176 as if fully set forth herein.

178.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 178 of Plaintiff's Complaint.

179.    Defendants deny each and every allegation set forth in Paragraph 179 of Plaintiff's Complaint.

180.    Defendants deny each and every allegation set forth in Paragraph 180 of Plaintiff's Complaint.

181.    Defendants deny each and every allegation set forth in Paragraph 181 of Plaintiff's Complaint.

182.    Defendants deny each and every allegation set forth in Paragraph 182 of Plaintiff's Complaint.

183.    Defendants deny each and every allegation set forth in Paragraph 183 of Plaintiff's Complaint.

184.    Defendants deny each and every allegation set forth in Paragraph 184 of Plaintiff's Complaint.

185.    Defendants deny each and every allegation set forth in Paragraph 185 of Plaintiff's Complaint.

186.    Defendants deny each and every allegation set forth in Paragraph 186 of Plaintiff's Complaint.

187.    Defendants deny each and every allegation set forth in Paragraph 187 of Plaintiff's Complaint.

188.    Defendants repeat each and every response set forth in Paragraphs 1 through 187 as if fully set forth herein.

189.    Defendants deny each and every allegation set forth in Paragraph 189 of Plaintiff's Complaint.

190.    Defendants deny each and every allegation set forth in Paragraph 190 of Plaintiff's Complaint.

191.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 191 of Plaintiff's Complaint.

192.    Defendants deny each and every allegation set forth in Paragraph 192 of Plaintiff's Complaint.

193.    Defendants deny each and every allegation set forth in Paragraph 193 of Plaintiff's Complaint.

194.    Defendants repeat each and every response set forth in Paragraphs 1 through 193 as if fully set forth herein.

195.    Defendants deny each and every allegation set forth in Paragraph 195 of Plaintiff's Complaint.

196.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196 of Plaintiff's Complaint.

197.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 197 of Plaintiff's Complaint.

198.    Defendants deny each and every allegation set forth in Paragraph 198 of Plaintiff's Complaint.

199.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 199 of Plaintiff's Complaint.

200.    Defendants deny each and every allegation set forth in Paragraph 200 of Plaintiff's Complaint.

201.    Defendants deny each and every allegation set forth in Paragraph 201 of Plaintiff's Complaint.

202.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 202 of Plaintiff's Complaint.

203.    Defendants deny each and every allegation set forth in Paragraph 203 of Plaintiff's Complaint.

204.    Defendants deny each and every allegation set forth in Paragraph 204 of Plaintiff's Complaint.

205.    Defendants deny each and every allegation set forth in Paragraph 205 of Plaintiff's Complaint.

206.    Defendants deny each and every allegation set forth in Paragraph 206 of Plaintiff's Complaint.

207.    Defendants deny each and every allegation set forth in Paragraph 207 of Plaintiff's Complaint.

208.    Defendants deny each and every allegation set forth in Paragraph 208 of Plaintiff's Complaint.

209.    Defendants deny each and every allegation set forth in Paragraph 209 of Plaintiff's Complaint.

210.    Defendants deny each and every allegation set forth in Paragraph 210 of Plaintiff's Complaint.

211.    Defendants deny each and every allegation set forth in Paragraph 211 of Plaintiff's Complaint.

212.    Defendants deny each and every allegation set forth in Paragraph 212 of Plaintiff's Complaint.

213.    Defendants repeat each and every response set forth in Paragraphs 1 through 212 as if fully set forth herein.

214.    Defendants repeat each and every response set forth in Paragraphs 1 through 214 as if fully set forth herein.

215.    Defendants deny each and every allegation set forth in Paragraph 215 of Plaintiff's Complaint.

216.    Defendants deny each and every allegation set forth in Paragraph 216 of Plaintiff's Complaint.

217.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217 of Plaintiff's Complaint.

218.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 218 of Plaintiff's Complaint.

219.    Defendants deny each and every allegation set forth in Paragraph 219 of Plaintiff's Complaint.

220.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 220 of Plaintiff's Complaint.

221.    Defendants deny each and every allegation set forth in Paragraph 221 of Plaintiff's Complaint.

222.    Defendants deny each and every allegation set forth in Paragraph 222 of Plaintiff's Complaint.

223.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 223 of Plaintiff's Complaint.

224.    Defendants deny each and every allegation set forth in Paragraph 224 of Plaintiff's Complaint.

225.    Defendants deny each and every allegation set forth in Paragraph 225 of Plaintiff's Complaint.

226.    Defendants deny each and every allegation set forth in Paragraph 226 of Plaintiff's Complaint.

227.    Defendants deny each and every allegation set forth in Paragraph 227 of Plaintiff's Complaint.

228.    Defendants deny each and every allegation set forth in Paragraph 228 of Plaintiff's Complaint.

229.    Defendants deny each and every allegation set forth in Paragraph 229 of Plaintiff's Complaint.

230.    Defendants deny each and every allegation set forth in Paragraph 230 of Plaintiff's Complaint.

231.    Defendants deny each and every allegation set forth in Paragraph 231 of Plaintiff's Complaint.

232.    Defendants deny each and every allegation set forth in Paragraph 232 of Plaintiff's Complaint.

233.    Defendants deny each and every allegation set forth in Paragraph 233 of Plaintiff's Complaint.

234.    Defendants repeat each and every response set forth in Paragraphs 1 through 233 as if fully set forth herein.

235.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 235 of Plaintiff's Complaint.

236.    Defendants deny each and every allegation set forth in Paragraph 236 of Plaintiff's Complaint.

237.    Defendants deny each and every allegation set forth in Paragraph 237 of Plaintiff's Complaint.

238.    Defendants deny each and every allegation set forth in Paragraph 238 of Plaintiff's Complaint.

239.    Defendants repeat each and every response set forth in Paragraphs 1 through 238 as if fully set forth herein.

240.    Defendants deny each and every allegation set forth in Paragraph 240 of Plaintiff's Complaint.

241.    Defendants deny each and every allegation set forth in Paragraph 241 of Plaintiff's Complaint.

242.    Defendants deny each and every allegation set forth in Paragraph 242 of Plaintiff's Complaint.

243.    Defendants deny each and every allegation set forth in Paragraph 243 of Plaintiff's Complaint.

244.    Defendants repeat each and every response set forth in Paragraphs 1 through 243 as if fully set forth herein.

245.    Defendants deny each and every allegation set forth in Paragraph 245 of Plaintiff's Complaint.

246.    Defendants deny each and every allegation set forth in Paragraph 246 of Plaintiff's Complaint.

247.    Defendants deny each and every allegation set forth in Paragraph 247 of Plaintiff's Complaint.

248.    Defendants deny each and every allegation set forth in Paragraph 248 of Plaintiff's Complaint.

249.    Defendants deny each and every allegation set forth in Paragraph 249 of Plaintiff's Complaint.

250.    Defendants deny each and every allegation set forth in Paragraph 250 of Plaintiff's Complaint.

251.    Defendants deny each and every allegation set forth in Paragraph 251 of Plaintiff's Complaint.

252.    Defendants deny each and every allegation set forth in Paragraph 252 of Plaintiff's Complaint.

253.    Defendants repeat each and every response set forth in Paragraphs 1 through 252 as if fully set forth herein.

254.    Defendants deny each and every allegation set forth in Paragraph 254 of Plaintiff's Complaint.

255.    Defendants deny each and every allegation set forth in Paragraph 255 of Plaintiff's Complaint.

256.    Defendants deny each and every allegation set forth in Paragraph 256 of Plaintiff's Complaint.

257.    Defendants deny each and every allegation set forth in Paragraph 257 of Plaintiff's Complaint.

258.    Defendants repeat each and every response set forth in Paragraphs 1 through 257 as if fully set forth herein.

259.    Defendants deny each and every allegation set forth in Paragraph 259 of Plaintiff's Complaint.

260.    Defendants deny each and every allegation set forth in Paragraph 260 of Plaintiff's Complaint.

261.    Defendants deny each and every allegation set forth in Paragraph 261 of Plaintiff's Complaint.

262.    Defendants deny each and every allegation set forth in Paragraph 262 of Plaintiff's Complaint.

263.    Defendants deny each and every allegation set forth in Paragraph 263 of Plaintiff's Complaint.

264.    Defendants deny each and every allegation set forth in Paragraph 264 of Plaintiff's Complaint.

265.    Defendants deny each and every allegation set forth in Paragraph 265 of Plaintiff's Complaint.

266.    Defendants deny each and every allegation set forth in Paragraph 266 of Plaintiff's Complaint.

267.    Defendants deny each and every allegation set forth in Paragraph 269 of Plaintiff's Complaint.

268.    Defendants deny each and every allegation set forth in Paragraph 268 of Plaintiff's Complaint.

269.    Defendants deny each and every allegation set forth in Paragraph 269 of Plaintiff's Complaint.

270.    Defendants deny each and every allegation set forth in Paragraph 270 of Plaintiff's Complaint.

271.    Defendants deny each and every allegation set forth in Paragraph 271 of Plaintiff's Complaint.

272.    Defendants deny each and every allegation set forth in Paragraph 272 of Plaintiff's Complaint.

273.    Defendants repeat each and every response set forth in Paragraphs 1 through 272 as if fully set forth herein.

274.    Defendants deny each and every allegation set forth in Paragraph 274 of Plaintiff's Complaint.

275.    Defendants deny each and every allegation set forth in Paragraph 275 of Plaintiff's Complaint.

276.    Defendants deny each and every allegation set forth in Paragraph 276 of Plaintiff's Complaint.

277.    Defendants deny each and every allegation set forth in Paragraph 277 of Plaintiff's Complaint.

278.    Defendants deny each and every allegation set forth in Paragraph 278 of Plaintiff's Complaint.

279.    Defendants repeat each and every response set forth in Paragraphs 1 through 278 as if fully set forth herein.

280.    Defendants deny each and every allegation set forth in Paragraph 280 of Plaintiff's Complaint.

281.    Defendants deny each and every allegation set forth in Paragraph 281 of Plaintiff's Complaint.

282.    Defendants deny each and every allegation set forth in Paragraph 282 of Plaintiff's Complaint.

283.    Defendants deny each and every allegation set forth in Paragraph 283 of Plaintiff's Complaint.

284.    Defendants deny each and every allegation set forth in Paragraph 284 of Plaintiff's Complaint.

285.    Defendants deny each and every allegation set forth in Paragraph 285 of Plaintiff's Complaint.

286.    Defendants deny each and every allegation set forth in Paragraph 286 of Plaintiff's Complaint.

287.    Defendants deny each and every allegation set forth in Paragraph 287 of Plaintiff's Complaint.

288.    Defendants deny each and every allegation set forth in Paragraph 288 of Plaintiff's Complaint.

289.    Defendants repeat each and every response set forth in Paragraphs 1 through 288 as if fully set forth herein.

290.    Defendants deny each and every allegation set forth in Paragraph 290 of Plaintiff's Complaint.

291.    Defendants deny each and every allegation set forth in Paragraph 291 of Plaintiff's Complaint.

292.    Defendants deny each and every allegation set forth in Paragraph 292 of Plaintiff's Complaint.

293.    Defendants repeat each and every response set forth in Paragraphs 1 through 292 as if fully set forth herein.

294.    Defendants deny each and every allegation set forth in Paragraph 294 of Plaintiff's Complaint.

295.    Defendants deny each and every allegation set forth in Paragraph 295 of Plaintiff's Complaint.

296.    Defendants deny each and every allegation set forth in Paragraph 296 of Plaintiff's Complaint.

297.    Defendants repeat each and every response set forth in Paragraphs 1 through 296 as if fully set forth herein.

298.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 298 of Plaintiff's Complaint.

299.    Defendants deny each and every allegation set forth in Paragraph 299 of Plaintiff's Complaint.

300.    Defendants deny each and every allegation set forth in Paragraph 300 of Plaintiff's Complaint.

301.    Defendants deny each and every allegation set forth in Paragraph 301 of Plaintiff's Complaint.

302.    Defendants deny each and every allegation set forth in Paragraph 302 of Plaintiff's Complaint.

303.    Defendants deny each and every allegation set forth in Paragraph 303 of Plaintiff's Complaint.

304.    Defendants deny each and every allegation set forth in Paragraph 304 of Plaintiff's Complaint.

305.    Defendants deny each and every allegation set forth in Paragraph 305 of Plaintiff's Complaint.

306.    Defendants deny each and every allegation set forth in Paragraph 306 of Plaintiff's Complaint.

307.    Defendants deny each and every allegation set forth in Paragraph 307 of Plaintiff's Complaint.

308.    Defendants deny each and every allegation set forth in Paragraph 308 of Plaintiff's Complaint.

309.    Defendants deny each and every allegation set forth in Paragraph 309 of Plaintiff's Complaint.

310.    Defendants deny each and every allegation set forth in Paragraph 310 of Plaintiff's Complaint.

311.    Defendants deny each and every allegation set forth in Paragraph 311 of Plaintiff's Complaint.

312.    Defendants repeat each and every response set forth in Paragraphs 1 through 311 as if fully set forth herein.

313.    Defendants deny each and every allegation set forth in Paragraph 313 of Plaintiff's Complaint.

314.    Defendants deny each and every allegation set forth in Paragraph 314 of Plaintiff's Complaint.

315.    Defendants deny each and every allegation set forth in Paragraph 315 of Plaintiff's Complaint.

316.    Defendants deny each and every allegation set forth in Paragraph 316 of Plaintiff's Complaint.

317.    Defendants deny each and every allegation set forth in Paragraph 317 of Plaintiff's Complaint.

318.    Defendants deny each and every allegation set forth in Paragraph 318 of Plaintiff's Complaint.

319.    Defendants deny each and every allegation set forth in Paragraph 319 of Plaintiff's Complaint.

320.    Defendants deny each and every allegation set forth in Paragraph 320 of Plaintiff's Complaint.

321.    Defendants deny each and every allegation set forth in Paragraph 321 of Plaintiff's Complaint.

322.    Defendants deny each and every allegation set forth in Paragraph 322 of Plaintiff's Complaint.

323.    Defendants deny each and every allegation set forth in Paragraph 323 of Plaintiff's Complaint.

324.    Defendants deny each and every allegation set forth in Paragraph 324 of Plaintiff's Complaint.

325.    Defendants deny each and every allegation set forth in Paragraph 325 of Plaintiff's Complaint.

326.    Defendants deny each and every allegation set forth in Paragraph 326 of Plaintiff's Complaint.

327.    Defendants repeat each and every response set forth in Paragraphs 1 through 326 as if fully set forth herein.

328.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 328 of Plaintiff's Complaint.

329.    Defendants deny each and every allegation set forth in Paragraph 329 of Plaintiff's Complaint.

330.    Defendants deny each and every allegation set forth in Paragraph 330 of Plaintiff's Complaint.

331.    Defendants deny each and every allegation set forth in Paragraph 331 of Plaintiff's Complaint.

332.    Defendants deny each and every allegation set forth in Paragraph 332 of Plaintiff's Complaint.

333.    Defendants deny each and every allegation set forth in Paragraph 333 of Plaintiff's Complaint.

334.    Defendants deny each and every allegation set forth in Paragraph 334 of Plaintiff's Complaint.

335.    Defendants deny each and every allegation set forth in Paragraph 335 of Plaintiff's Complaint.

336.    Defendants deny each and every allegation set forth in Paragraph 336 of Plaintiff's Complaint.

337.    Defendants deny each and every allegation set forth in Paragraph 337 of Plaintiff's Complaint.

338.    Defendants deny each and every allegation set forth in Paragraph 338 of Plaintiff's Complaint.

339.    Defendants deny each and every allegation set forth in Paragraph 339 of Plaintiff's Complaint.

340.    Defendants deny each and every allegation set forth in Paragraph 340 of Plaintiff's Complaint.

341.    Defendants repeat each and every response set forth in Paragraphs 1 through 340 as if fully set forth herein.

342.    Defendants deny each and every allegation set forth in Paragraph 342 of Plaintiff's Complaint.

343.    Defendants deny each and every allegation set forth in Paragraph 343 of Plaintiff's Complaint.

344.     Defendants deny each and every allegation set forth in Paragraph 344 of Plaintiff's Complaint.

345.     Defendants deny each and every allegation set forth in Paragraph 345 of Plaintiff's Complaint.

346.     Defendants deny each and every allegation set forth in Paragraph 346 of Plaintiff's Complaint.

347.     Defendants deny each and every allegation set forth in Paragraph 347 of Plaintiff's Complaint.

348.     Defendants deny each and every allegation set forth in Paragraph 348 of Plaintiff's Complaint.

349.     Defendants deny each and every allegation set forth in Paragraph 349 of Plaintiff's Complaint.

350.     Defendants deny each and every allegation set forth in Paragraph 350 of Plaintiff's Complaint.

351.     Defendants deny each and every allegation set forth in Paragraph 351 of Plaintiff's Complaint.

352.     Defendants deny each and every allegation set forth in Paragraph 352 of Plaintiff's Complaint.

353.     Defendants deny each and every allegation set forth in Paragraph 353 of Plaintiff's Complaint.

354.     Defendants deny each and every allegation set forth in Paragraph 354 of Plaintiff's Complaint.

355.     Defendants deny each and every allegation set forth in Paragraph 355 of Plaintiff's Complaint.

356.     Defendants deny each and every allegation set forth in Paragraph 356 of Plaintiff's Complaint.

357.     Defendants deny each and every allegation set forth in Paragraph 357 of Plaintiff's Complaint.

358.     Defendants deny each and every allegation set forth in Paragraph 358 of Plaintiff's Complaint.

359.     Defendants deny each and every allegation set forth in Paragraph 359 of Plaintiff's Complaint.

360.     Defendants deny each and every allegation set forth in Paragraph 360 of Plaintiff's Complaint.

361.     Defendants deny each and every allegation set forth in Paragraph 361 of Plaintiff's Complaint.

362.     Defendants deny each and every allegation set forth in Paragraph 362 of Plaintiff's Complaint.

363.     Defendants deny each and every allegation set forth in Paragraph 363 of Plaintiff's Complaint.

364.     Defendants deny each and every allegation set forth in Paragraph 364 of Plaintiff's Complaint.

365.     Defendants deny each and every allegation set forth in Paragraph 365 of Plaintiff's Complaint.

366.    Defendants deny each and every allegation set forth in Paragraph 366 of Plaintiff's Complaint.

367.    Defendants deny each and every allegation set forth in Paragraph 367 of Plaintiff's Complaint.

368.    Defendants repeat each and every response set forth in Paragraphs 1 through 367 as if fully set forth herein.

369.    Defendants deny each and every allegation set forth in Paragraph 369 of Plaintiff's Complaint.

370.    Defendants deny each and every allegation set forth in Paragraph 370 of Plaintiff's Complaint.

371.    Defendants deny each and every allegation set forth in Paragraph 371 of Plaintiff's Complaint.

372.    Defendants deny each and every allegation set forth in Paragraph 372 of Plaintiff's Complaint.

373.    Defendants deny each and every allegation set forth in Paragraph 373 of Plaintiff's Complaint.

374.    Defendants repeat each and every response set forth in Paragraphs 1 through 373 as if fully set forth herein.

375.    Defendants deny each and every allegation set forth in Paragraph 375 of Plaintiff's Complaint.

376.    Defendants deny each and every allegation set forth in Paragraph 376 of Plaintiff's Complaint.

377. Defendants deny each and every allegation set forth in Paragraph 377 of Plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

378. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

379. At all times relevant to Plaintiff's Complaint, the Individual Defendants were independent contractors and not employees of Plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

380. The non-competition provision in the alleged "Friedman Contract" is not enforceable under New York law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

381. Notwithstanding the unenforceability of the non-competition provision in the alleged "Friedman Contract," the Plaintiff and Defendant Friedman abrogated the alleged "Friedman Contract" in late 2018 and thereafter.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

382. Notwithstanding the unenforceability of the non-competition provision in the alleged "Friedman Contract," the non-competition provision in the alleged "Friedman Contract" has expired.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

383. The non-competition provision in the alleged "Friedman Contract" does not afford Plaintiff injunctive relief.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

384.    Defendant Ilowitz never entered into any agreement, oral or written, with Plaintiff regarding confidentiality.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

385.    Defendant Ilowitz never entered into any agreement, oral or written, in which he agreed not to compete with Plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

386.    Defendants were not bound by any agreement or legal obligation which prevented them from operating their own independent businesses.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

387.    At all times relevant to Plaintiff's Complaint, Plaintiff did not have any trade dress protectible under federal, state, or common law.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

388.    At all times relevant to Plaintiff's Complaint, Plaintiff's alleged trade dress had not acquired secondary meaning.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

389.    Defendants did not copy any trade dress belonging to the Plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

390.    At all times relevant to Plaintiff's Complaint, there was no likelihood of confusion between the Plaintiff's products and the Defendants' products.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

391.    Defendants' advertisement of products bearing a "Swiss Coating" is not false or deceptively misleading.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

392. To the extent that Defendants' advertisement of products bearing a "Swiss Coating" is false or deceptively misleading, such advertisement is not the cause of actual or likely injury to the Plaintiff.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

393. The information that Plaintiff alleges to be a "trade secret" is not a trade secret under federal or state law.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

394. The information that Plaintiff alleges to be a "trade secret" was known to those outside the business, not closely held within the business, not difficult to replicate, and/or not generated by Plaintiff at great effort and expense.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

395. Plaintiff did not take steps to maintain the confidentiality of its alleged "confidential information" or "trade secret information."

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

396. Defendants did not take, use, or misappropriate any trade secret information from Plaintiff.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

397. Plaintiff did not require the Individual Defendants to sign a confidentiality agreement, or contract.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

398. As independent contractors and not employees, the Individual Defendants did not have a duty of good faith and loyalty to Plaintiff under New York common law.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

399.    As independent contractors and not employees, the Individual Defendants did not have a fiduciary duty to Plaintiff under New York common law.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

400.    To the extent that the Individual Defendants had a duty of good faith and loyalty and/or a fiduciary duty to Plaintiff under New York common law, the Individual Defendants did not breach that duty.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

401.    To the extent that the Individual Defendants had a duty of good faith and loyalty and/or a fiduciary duty to Plaintiff under New York common law, the Corporate Defendants did not participate or facilitate any breach of that duty or provide substantial assistance to the Individual Defendants.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

402.    To the extent that the Individual Defendants had a duty of good faith and loyalty and/or a fiduciary duty to Plaintiff under New York common law, Plaintiff did not suffer damages as a result and is not entitled to compensatory or punitive damages.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

403.    Defendants did not convert Plaintiff's funds.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

404.    Defendants did not interfere with Plaintiff's business relationships with manufacturers or vendors in China.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

405.    Defendants did not misdirect Plaintiff's marketing efforts, assets, or profits.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

406.    Defendants did not instruct vendors to delay the production of any products purchased by Plaintiff.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

407.    Plaintiff's business relationships were not harmed by any actions taken by the Individual Plaintiffs.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

408.    The Individual Defendants did not demand kickbacks from vendors, or threaten to cut off all Sound Around purchases if kickbacks were not made.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

409.    The Individual Defendants did not make overt or fraudulent statements to Plaintiff with regard to reimbursement of expenses.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

410.    The Individual Defendants did not request reimbursement for expenses of their own business venture from Plaintiff.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

411.    The Individual Defendants did not use Plaintiff's PayPal account to direct payments for their own business venture.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

412.    Defendants did not take funds from Plaintiff's bank account to pay for personal computers, pay off their personal credit card debts, or to fund their own business venture.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

413.    Defendants did not conspire to take or take Plaintiff's Amazon Vendor Central Account.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

414.    Defendants did not form an illegal association-in-fact that constituted a criminal enterprise.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

415.    Defendants did not operate and control an enterprise within the meaning of 18 U.S.C. § 1961(4).

## AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

416.    Defendants did not engage in a pattern of racketeering activity.

## AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

417.    Defendants did not engage in a continuous scheme or artifice to defraud Plaintiff.

## AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

418.    Defendants have not violated federal mail and wire fraud statutes.

## AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

419.    Defendants have not engaged in predicate acts which constitute a pattern of racketeering activity under federal law.

## AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

420.    Defendant did not engage in a conspiracy to commit predicate acts which constitute a pattern of racketeering activity under federal law.

<u>**DEFENDANTS MOISES FRIEDMAN AND SHULIM ELIEZER ILOWITZ'S**</u>
<u>**COUNTERCLAIMS AGAINST PLAINTIFF SOUND AROUND, INC.**</u>

421.    Defendants Moises Friedman ("Friedman") and Shulim Eliezer Ilowitz ("Ilowitz"),

as and for their Counterclaims against Plaintiff Sound Around, Inc. ("Plaintiff"), allege as follows:

<u>**FACTS COMMON TO ALL COUNTERCLAIMS**</u>

422.    Friedman is an individual with a principal residence in Monroe, New York.

423.    Ilowitz is an individual with a principal residence in Brooklyn, New York.

424.    Upon information and belief, Plaintiff is a domestic New York business corporation

with a primary place of business at 1600 63rd Street, Brooklyn, New York.

425.    Upon information and belief, Plaintiff is in the consumer goods business, selling

primarily imported audio-visual products online in the United States, Canada, Europe, and Israel.

426.    Upon information and belief, Zigmund Brach, Abraham Brach, and Jerry Brach are

owners and managers of Plaintiff.

*Friedman*

427.    In or about 2013, Friedman accepted a position as Manager of Plaintiff's warehouse

in Monroe New York.

428.    In his position as Warehouse Manager, Friedman was an employee who was paid

approximately $1,000 per week.

429.    In or about 2018, Friedman and Jerry Brach entered into an agreement governing

Friedman's new responsibility as the Manager of Plaintiff's warehouse in Los Angeles, California.

430.    In his roles as Manager of Plaintiff's Monroe and Los Angeles warehouses,

Friedman was an employee of Plaintiff who received a salary for his work.

431.    In his roles as Manager of Plaintiff's Monroe and Los Angeles warehouses, Friedman was an employee of Plaintiff who received holiday bonuses and other employment benefits.

432.    In or about 2018, Friedman was given the opportunity to sell Plaintiff's products in exchange for the receipt of a 3% sales commission on those sales.

433.    In his role as a seller of Plaintiff's products, Friedman was only paid sales commissions if he was able to sell Plaintiff's overstock products.

434.    In his role as a seller of Plaintiff's products, Friedman was paid 3% of revenue from as commissions on sales of Plaintiff's products.

435.    In or about 2018, Friedman was also given the opportunity to source and develop his own products, which he could offer to sell to Plaintiff.

436.    In his role sourcing and developing his own products, which he could offer to sell to Plaintiff, Friedman was an independent contractor who received sales commissions via Form 1099 payments.

437.    In or about 2018, Friedman formed MDF Marketing, Inc. ("MDF"), through which he operated his independent contractor venture.

438.    In or about December 2018, Friedman was informed by Plaintiff that his employment with Plaintiff was terminated.

439.    In or about December 2018, Friedman was informed by Plaintiff that, due to the termination of his employment with Plaintiff, Friedman would no longer receive a salary, employee bonuses, or other employment benefits.

440.    In or about December 2018, Friedman was informed by Plaintiff that he was "on his own" to pursue his independent contractor business of sourcing and developing his own products, which he could offer to sell to Plaintiff.

441.    In or about December 2018, Freidman was informed by Plaintiff that he would no longer receive a 3% of the revenue as commission on the sales of Plaintiff's products or products which Friedman had sourced and developed for sale to Plaintiff.

442.    In or about December 2018, Plaintiff and Friedman agreed that he would now receive sales commissions of 10% of profits from Plaintiff's sale of Friedman's products, which was much less than 3% of the revenue from sales.

443.    In or about December 2018 and continuing thereafter, Friedman and Plaintiff abrogated the June 2018 agreement.

444.    In or about January 2019, Friedman began operating solely as an independent contractor for his own venture sourcing and developing products.

445.    Plaintiff was exclusively responsible for determining how many of each product sourced by Friedman to purchase from vendors.

446.    Plaintiff was exclusively responsible for setting the retail price of those products when offered for sale.

447.    As an independent contractor, Friedman received no training or information from Plaintiff.

448.    As an independent contractor, Friedman developed all expertise and knowledge necessary to source, develop, manufacture, import, transport, warehouse, list, market, and sell his own products.

449.    As an independent contractor, Friedman developed his own relationships with vendors and manufacturers around the world.

450.    As an independent contractor, Friedman developed his own relationships with importers, freight handlers, logistics vendors, and warehouse operators.

451.    As an independent contractor, Friedman developed his own relationships with photographers, graphic designers, and other independent contractors for the listing, marketing, and sale of his own products.

452.    As an independent contractor, Friedman exercised total control over when, where, and how he operated his own venture sourcing and developing products.

453.    As an independent contractor, Friedman worked from his home office and used his own equipment and facilities to operate his own venture sourcing and developing products.

454.    As an independent contractor, Friedman was under no obligation to exclusively offer products that he had sourced and developed to Plaintiff.

455.    As an independent contractor, Friedman was not obligated to request permission from Plaintiff to take time off for personal or vacation time.

*Ilowitz*

456.    In or about 2019, Ilowitz was recruited by Plaintiff.

457.    In or about 2019, Plaintiff tasked Ilowitz with the responsibility to sell Plaintiff's overstock products.

458.    In or about 2019, Plaintiff requested that Ilowitz bring certain products that he had developed at his prior employer LPBS to Plaintiff.

459.    In or about 2019, Ilowitz was an employee who received a salary of approximately $1,000 per week from Plaintiff.

460.    In or about 2019, Ilowitz was an employee who received holiday bonuses and other employment benefits.

461.    In or about 2020, Ilowitz was also given the opportunity to source and develop his own products, which he could offer to sell to Plaintiff, as an independent contractor buyer.

462.    In or about 2020, Plaintiff's Chief Financial Officer Jack Tyberg told Ilowitz that, for tax purposes, Ilowitz should arrange for the sales commission payments from Plaintiff to be sent to a company he did not own.

463.    In or about 2020, Plaintiff informed Ilowitz that he would receive sales commissions of 10% of profits from Plaintiff's sale of Ilowitz's products as an independent contractor buyer.

464.    In his role as an independent contractor buyer, Ilowitz received sales commissions via Form 1099 payments.

465.    In or about 2022, Ilowitz was informed by Plaintiff that his employment with Plaintiff was terminated.

466.    In or about 2022, Ilowitz was informed by Plaintiff that, due to the termination of his employment with Plaintiff, Ilowitz would no longer receive a salary, employee bonuses, or other employment benefits.

467.    In or about 2022, Ilowitz was informed by Plaintiff that he could pursue his independent contractor business of sourcing and developing his own products, which he could offer to sell to Plaintiff.

468.    In or about 2022, Ilowitz and Plaintiff agreed that he would receive sales commissions of 10% of profits from Plaintiff's sale of Ilowitz's products.

469.    Although Ilowitz had the option to offer products to Plaintiff, Plaintiff retained all responsibility over its own purchases of products from vendors.

470.    Although Ilowitz had the option to offer products to Plaintiff, Plaintiff retained all responsibility over the price of those products when offered for sale.

471.    As an independent contractor, Ilowitz received no training or information from Plaintiff.

472.    As an independent contractor, Ilowitz developed all expertise and knowledge necessary to source, develop, manufacture, import, transport, warehouse, list, market, and sell his own products.

473.    As an independent contractor, Ilowitz developed his own relationships with vendors and manufacturers around the world.

474.    As an independent contractor, Ilowitz developed his own relationships with importers, freight handlers, logistics vendors, and warehouse operators.

475.    As an independent contractor, Ilowitz developed his own relationships with photographers, graphic designers, and other independent contractors for the listing, marketing, and sale of his own products.

476.    As an independent contractor, Ilowitz exercised total control over when, where, and how he operated his own venture sourcing and developing products.

477.    As an independent contractor, Ilowitz was under no obligation to exclusively offer products that he had sourced and developed to Plaintiff.

478.    As an independent contractor, Ilowitz was not obligated to request permission from Plaintiff to take time off for personal or vacation time.

*Friedman and Ilowitz's Sales Commissions*

479.    In the operation of their own businesses as independent contractors, Friedman and Ilowitz had agreed with Plaintiff that they were entitled to receive sales commissions of 10% of the profits on the sales of their products by Plaintiff.

480.    Friedman and Ilowitz had agreed with Plaintiff that, in calculating sales commissions, Plaintiff would charge Friedman and Ilowitz with certain actual costs associated with their products, including but not limited to the actual product cost, the actual import tariffs and duties, the actual storage cost, the actual transportation cost, the actual marketing and advertising cost, and the actual Amazon cost.

481.    However, Plaintiff began cheating Friedman and Ilowitz in several ways, all of which served to drastically reduce the sales commissions Friedman and Ilowitz were entitled to receive from Plaintiff.

482.    First, Plaintiff falsified the fill rate of the shipping containers in which Friedman and Ilowitz's products were transported to the United States in order to make it appear that the shipping container cost was higher than it actually was.

483.    Second, Plaintiff falsified the actual cost of the shipping containers in which Friedman and Ilowitz's products were transported to the United States to make it appear that the shipping container cost was even higher than it actually was.

484.    Third, Plaintiff falsified documents presented to United States Customs and Border Protection to avoid paying tariffs and import duties on products, but charged Friedman and Ilowitz the full tariffs and import duties that Plaintiff should have paid.

485.    Fourth, Plaintiff charged Friedman and Ilowitz with inflated storage costs without their consent or knowledge, despite the fact that Plaintiff operated its own warehouses with lower costs.

486.    Fifth, Plaintiff charged Friedman and Ilowitz with an "administrative fee" without their consent or knowledge, despite there being no such cost.

487.    Sixth, Plaintiff charged Friedman and Ilowitz with a "finance fee" without their consent or knowledge, despite there being no such cost.

488.    Seventh, Plaintiff charged Friedman and Ilowitz an additional fee for products directly imported into United States by Amazon without their consent or knowledge, despite there being no such cost.

489.    Eighth, Plaintiff charged Friedman and Ilowitz an additional percentage fee for products sold domestically via Amazon without their consent or knowledge, despite there being no such additional cost.

490.    Ninth, Plaintiff sold Friedman and Ilowitz's products in Israel without their consent or knowledge, and failed to pay them any commission on the sales.

491.    Tenth, Plaintiff sold Friedman and Ilowitz's products in Europe without their consent or knowledge, and failed to pay them any commission on the sales.

492.    Eleventh, Plaintiff sold Friedman and Ilowitz's products in Canada and, without their consent or knowledge, reduced their sales commission to 3% of profits instead of 10% of profits.

493.    Twelfth, Plaintiff instituted a policy, without Friedman or Ilowitz's consent or knowledge, that required Friedman and Ilowitz to buy back products purchased by Plaintiff that were not sold within a set period of time.

494.    As a result of Plaintiff's fraudulent and improper actions, Friedman and Ilowitz's sales commissions declined from 2021 through 2023, despite the fact that Plaintiff was selling more of Friedman and Ilowitz's products than ever.

495.    As a result of Plaintiff's fraudulent and improper actions, Friedman and Ilowitz were not paid sales commissions to which they were entitled in 2020, 2021, 2022, and 2023.

*Plaintiff's Illegal and Improper Schemes*

496.    Plaintiff has operated and continues to operate a series of schemes to defraud Friedman, Ilowitz, and others, including but not limited to United States federal government and the State of New York.

The Return Scheme

497.    Under Plaintiff's agreements with Friedman and Ilowitz, Friedman and Ilowitz were charged with their share of their products which were returned by customers.

498.    Under this policy, Friedman and Ilowitz paid for a portion of and owned each returned product.

499.    Without Friedman and Ilowitz's knowledge and consent, Plaintiff transferred the returned products, for which Friedman and Ilowitz paid a portion and owned, to Returnaround LLC, an entity owned by Jerry Brach.

500.    Without Friedman's knowledge or consent, Plaintiff and Returnaround LLC resold the returned products, for which Friedman and Ilowitz paid a portion and owned, without paying any sales commission to Friedman or Ilowitz or refunding the purchase price paid by Friedman and Ilowitz (the "Return Scheme").

The Lifepro Scheme

501.    Upon information and belief, Plaintiff invested in and earned profits from LifePro Fitness LLC, an entity operated by a family member of Jerry Brach ("LifePro").

502.    Upon information and belief, LifePro sold products that had been sourced, developed, and offered for sale to Plaintiff by Friedman and Ilowitz, including but not limited to vibration plates, treadmills, and trampolines.

503.    Upon information and belief, in addition to investing in LifePro's business, Plaintiff paid business expenses of LifePro.

504.    Due to Plaintiff's conduct, Friedman and Ilowitz were deprived of sales commissions on products that they offered for sale to Plaintiff but which were diverted to LifePro (the "LifePro Scheme").

The Payroll Scheme

505.    From at least 2013 through the present, Plaintiff conducted a scheme to defraud New York State and the United States (the "Payroll Scheme").

506.    From at least 2013 through the present, Plaintiff recorded payroll for its employees under several different entities, including but not limited to the non-profit entity Brach Family Foundation.

507.    The purpose for this scheme was, and continues to be, minimizing the number of employees on the books for each entity so that Plaintiff can avoid the requirements of the Affordable Care Act, and other state and federal programs applicable to large employers.

508.    As a result of this scheme, Plaintiff has fraudulently avoided paying New York State and the United States government sufficient payroll, tax, and healthcare expenses.

The Tariff Scheme

509.    Plaintiff has engaged and continues to engage in a scheme to defraud the United States and its policy for the payment of tariffs on the import of goods from outside the United States (the "Tariff Scheme").

510.    Upon information and belief, in furtherance of this scheme, Plaintiff has and continues to purposefully and intentionally misclassify imported products to United States Customs and Border Protection in order to decrease or avoid paying the full tariffs on the products being imported into the United States by Plaintiff.

511.    Upon information and belief, in furtherance of this scheme, Plaintiff has and continues to purposefully and intentionally misrepresent the value of imported products to United States Customs and Border Protection in order to decrease or avoid paying the full tariffs on products being imported into the United States by Plaintiff.

512.    As a result of Plaintiff's Tariff Scheme, Defendants Friedman and Ilowitz have been exposed to potential liability.

The Cell Phone Scheme

513.    Plaintiff has engaged and continues to engage in a scheme to defraud New York State, using employees of Plaintiff, including Defendant Friedman, as unwitting conspirators (the "Cell Phone Scheme").

514.    Upon information and belief, Plaintiff's founder, Zigmund Brach, maintains a primary residence in New York City, New York.

515.    Upon information and belief, residents of New York City are required to pay New York City personal income tax on all of their income, in addition to New York State and United States federal income tax.

516.    In order to avoid paying New York City personal income tax, Zigmund Brach engaged in a scheme to represent to the relevant taxing authorities that he was not in fact a resident of New York City.

517.    In furtherance of this scheme, Zigmund Brach and Plaintiff enlisted employees of Plaintiff to carry a cellphone registered to Zigmund Brach and use it to make regular telephone calls outside of New York City.

518.    For example, while he was an employee of Plaintiff, Defendant Friedman was required by Zigmund Brach to carry a cellphone registered to Zigmund Brach and to use it in Monroe, New York.

519.    Friedman later learned that Zigmund Brach and Plaintiff required him to use a cell phone registered to Zigmund Brach's outside of New York City for purposes of avoiding New York City income tax.

520.    Upon learning this, Friedman stopped using Zigmund Brach's phone.

521.    Upon information and belief, by engaging in this scheme, Zigmund Brach was able to fraudulently decrease his personal income tax burden by a significant amount, and exposing Defendant Friedman to potential liability.

522.    Upon information and belief, Zigmund Brach and Plaintiff continue to operate this fraudulent scheme using current employees of Plaintiff.

523.    Upon information and belief, Zigmund Brach and Plaintiff pay employees of Plaintiff to fraudulently misrepresent his residency to the State of New York.

        The Amazon Reviews Scheme

524.    Pursuant to regulations promulgated by the Federal Trade Commission at 16 C.F.R. Part 465 *et seq.*, it is an unfair or deceptive act or practice and a violation of 16 C.F.R. § 465.4 to

provide compensation or other incentives in exchange for, or conditioned expressly or by implication on, the writing or creation of consumer reviews expressing a particular sentiment regarding the product or business that is the subject of the review (the "Amazon Reviews Scheme").

525.    Upon information and belief, it is against New York law to provide compensation or other incentives in exchange for, or conditioned expressly or by implication on, the writing or creation of consumer reviews expressing a particular sentiment regarding the product or business that is the subject of the review.

526.    Upon information and belief, it is against Amazon vendor policy to provide compensation or other incentives in exchange for, or conditioned expressly or by implication on, the writing or creation of consumer reviews expressing a particular sentiment regarding the product or business that is the subject of the review.

527.    Since at least 2018 and continuing through the present, Plaintiff has engaged in a scheme to violate 16 C.F.R. § 465.4, New York law, and Amazon vendor policy.

528.    Upon information and belief, Plaintiff has and continues to instruct employees and independent contractors to act as Plaintiff's agent to offer cash rebates to customers who submit positive reviews on Amazon for Plaintiff's products.

529.    Upon information and belief, Plaintiff has and continues to instruct employees and independent contractors to act as Plaintiff's agent to offer free merchandise to customers who submit positive reviews on Amazon for Plaintiff's products.

530.    By offering cash rebates and merchandise to customers who submit positive reviews on Amazon for Plaintiff's products, Plaintiff has engaged in unfair and deceptive practices and violated 16 C.F.R. § 465.4 and applicable New York law.

531.     By offering cash rebates and merchandise to customers who submit positive reviews on Amazon for Plaintiff's products, Plaintiff has violated Amazon vendor policies.

532.     Upon information and belief, Plaintiff's Amazon seller central account under the name "Deal Chaser" has been suspended by Amazon for violations of Amazon vendor policies and 16 C.F.R. § 465.4.

533.     Despite this warning, Plaintiff continues to operate a scheme to continue to violate 16 C.F.R. § 465.4, New York law, and Amazon vendor policies.

## AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF
## BREACH OF CONTRACT

534.     Defendants restate and reallege each allegation set forth in Paragraphs 421 through 532 as if fully set forth herein.

535.     In or about December 2018, Friedman and Plaintiff entered into an agreement whereby, in exchange for Friedman's services as an independent contractor, Plaintiff agreed to pay Friedman a sales commission of 10% of the profit of the sales of products sourced by Friedman and offered for sale to Plaintiff.

536.     Friedman performed all of his obligations pursuant to the agreement with Plaintiff.

537.     However, Plaintiff breached the agreement with Friedman by doing some or all of the following acts, each of which was aimed to reduce the sales commissions paid to Friedman pursuant to the agreement between Friedman and Plaintiff:

   a. Falsifying the fill rate of the shipping containers in which Friedman's products were transported to the United States in order to make it appear that the shipping container cost was higher than it actually was;
   b. Falsifying the actual cost of the shipping containers in which Friedman's products were transported to the United States to make it appear that the shipping container cost was even higher than it actually was.
   c. Falsifying documents presented to United States Customs and Border Protection to avoid paying tariffs and import duties on products, but charging Friedman the full tariffs and import duties that Plaintiff should have paid;

d. Charging Friedman inflated storage costs without his consent or knowledge, despite the fact that Plaintiff operated its own warehouses with lower costs.

e. Charging Friedman an "administrative fee" without his consent or knowledge, despite there being no such cost;

f. Charging Friedman a "finance fee" without his consent or knowledge, despite there being no such cost;

g. Charging Friedman an additional fee for products directly imported into United States by Amazon without his consent or knowledge, despite there being no such cost;

h. Charging Friedman an additional percentage fee for products sold domestically via Amazon without his consent or knowledge, despite there being no such additional cost;

i. Selling Friedman's products in Israel without his consent or knowledge, and failed to pay him any commission on the sales;

j. Selling Friedman's products in Europe without his consent or knowledge, and failing to pay them any commission on the sales;

k. Selling Friedman's products in Canada and, without his consent or knowledge, reducing his sales commission to 3% of profits instead of 10% of profits;

l. Instituting a policy, without Friedman's consent or knowledge, that required Friedman to buy back products purchased by Plaintiff that were not sold within a set period of time.

538. As a result of Plaintiff's breach of the agreement between Friedman and Plaintiff, Friedman was deprived of commissions to which he was entitled.

539. As a result of Plaintiff's breach of the agreement between Friedman and Plaintiff, Friedman has been damaged in an amount to be determined at trial, but not less than $4,000,000.

540. As a result of the foregoing, Friedman is entitled to a judgment against Plaintiff in an amount to be determined at trial, but not less than $4,000,000.

## AS AND FOR A SECOND COUNTERCLAIM AGAINST PLAINTIFF
## BREACH OF CONTRACT

541. Defendants restate and reallege each allegation set forth in Paragraphs 421 through 540 as if fully set forth herein.

542. In or about December 2020, Ilowitz and Plaintiff entered into an agreement whereby, in exchange for Ilowitz's services as an independent contractor, Plaintiff agreed to pay

Ilowitz a sales commission of 10% of the profit of the sales of products sourced by Ilowitz and offered for sale to Plaintiff.

543.    Ilowitz performed all of his obligations pursuant to the agreement with Plaintiff.

544.    However, Plaintiff breached the agreement with Ilowitz by doing some or all of the following acts, each of which was aimed to reduce the sales commissions paid to Ilowitz pursuant to the agreement between Ilowitz and Plaintiff:

    a.  Falsifying the fill rate of the shipping containers in which Ilowitz's products were transported to the United States in order to make it appear that the shipping container cost was higher than it actually was;

    b.  Falsifying the actual cost of the shipping containers in which Ilowitz's products were transported to the United States to make it appear that the shipping container cost was even higher than it actually was.

    c.  Falsifying documents presented to United States Customs and Border Protection to avoid paying tariffs and import duties on products, but charging Ilowitz the full tariffs and import duties that Plaintiff should have paid;

    d.  Charging Ilowitz inflated storage costs without his consent or knowledge, despite the fact that Plaintiff operated its own warehouses with lower costs.

    e.  Charging Ilowitz an "administrative fee" without his consent or knowledge, despite there being no such cost;

    f.  Charging Ilowitz a "finance fee" without his consent or knowledge, despite there being no such cost;

    g.  Charging Ilowitz an additional fee for products directly imported into United States by Amazon without his consent or knowledge, despite there being no such cost;

    h.  Charging Ilowitz an additional percentage fee for products sold domestically via Amazon without his consent or knowledge, despite there being no such additional cost;

    i.  Selling Ilowitz's products in Israel without his consent or knowledge, and failed to pay him any commission on the sales;

    j.  Selling Ilowitz's products in Europe without his consent or knowledge, and failing to pay them any commission on the sales;

    k.  Selling Ilowitz's products in Canada and, without his consent or knowledge, reducing his sales commission to 3% of profits instead of 10% of profits;

    l.  Instituting a policy, without Ilowitz's consent or knowledge, that required Ilowitz to buy back products purchased by Plaintiff that were not sold within a set period of time.

545.    As a result of Plaintiff's breach of the agreement between Ilowitz and Plaintiff, Ilowitz was deprived of commissions to which he was entitled.

546. As a result of Plaintiff's breach of the agreement between Ilowitz and Plaintiff, Ilowitz has been damaged in an amount to be determined at trial, but not less than $3,000,000.

547. As a result of the foregoing, Ilowitz is entitled to a judgment against Plaintiff in an amount to be determined at trial, but not less than $3,000,000.

## AS AND FOR A THIRD COUNTERCLAIM AGAINST PLAINTIFF
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

548. Defendants restate and reallege each allegation set forth in Paragraphs 421 through 547 as if fully set forth herein.

549. In the operation of their business, the Defendants have entered into contractual relationships with various vendors and manufacturers in China for the production of their products.

550. Plaintiff had knowledge of the existence of Defendants' contractual relationships with various vendors and manufacturers in China.

551. In the operation of their business, the Defendants have entered into contractual relationships with ecommerce retailers, including but not limited to Amazon, in the United States for the sale of their products.

552. Plaintiff had knowledge of the existence of Defendants' contractual relationships with ecommerce retailers in the United States.

553. From February 2024 and continuing to the present, Plaintiff has intentionally, purposefully, and knowingly induced, or attempted to induce vendors and manufacturers in China with whom Defendants do business to cease their contractual relationships with Defendants.

554. From February 2024 and continuing to the present, Plaintiff has intentionally, purposefully, and knowingly induced, or attempted to induce ecommerce retailers in the United States to cease their contractual relationships with Defendants.

555.     As a result of Plaintiff's intentional interference with Defendants' contractual relationships with vendors and manufacturers in China and ecommerce retailers in the United States, Defendants suffered damages, including but not limited the loss of valuable business relationships, loss of profits, and damage to their reputation.

556.     As a result of the foregoing, Defendants are entitled to a judgment against Plaintiff in an amount to be determined at trial, but not less than $3,000,000.

### AS AND FOR A FOURTH COUNTERCLAIM AGAINST PLAINTIFF TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

557.     Defendants restate and reallege each allegation set forth in Paragraphs 421 through 556 as if fully set forth herein.

558.     In the operation of their business, the Defendants have entered into business relationships with various vendors and manufacturers in China for the production of their products.

559.     In the operation of their business, the Defendants have entered into contractual relationships with ecommerce retailers, including but not limited to Amazon, in the United States for the sale of their products.

560.     From February 2024 and continuing to the present, Plaintiff has intentionally, purposefully, and knowingly interfered with Defendants' business relationships with vendors and manufacturers in China.

561.     From February 2024 and continuing to the present, Plaintiff has intentionally, purposefully, and knowingly interfered with Defendants' business relationships with ecommerce retailers in the United States.

562.     From February 2024 and continuing to the present, Plaintiff has intentionally, purposefully, and knowingly used wrongful means to interfere with Defendants' business relationships with vendors and manufacturers in China.

563.    From February 2024 and continuing to the present, Plaintiff has intentionally, purposefully, and knowingly used wrongful means to interfere with Defendants' business relationships with ecommerce retailers in the United States.

564.    The wrongful means used by Plaintiff to interfere with Defendants' business relationships with vendors and manufacturers in China include, but are not limited to: (a) threatening to discontinue business with vendors and manufacturers in order to obtain proprietary information about Defendants; (b) threatening to discontinue business with vendors and manufacturers if those vendors and manufacturers continued to do business with Defendants ; (c) threatening not to pay invoices in order to obtain proprietary information about Defendants; (d) threatening not to pay invoices if those vendors and manufacturers continued to do business with Defendants; (e) threatening legal action in China and/or the United States in order to obtain proprietary information about Defendants; (f) falsely misrepresenting Plaintiff's ability to subpoena parties in China in this action in order to obtain proprietary information about Defendants; (g) making false and defamatory representations about Defendants' business in order to disrupt Defendants' business; and (f) fraudulently applying for intellectual property protection for the Defendants' brands in China, despite never using such brands or having any ownership interest in those brands, in an attempt to block Defendants from exporting products from China.

565.    The wrongful means used by Plaintiff to interfere with Defendants' business relationships with ecommerce retailers in the United States include, but are not limited to: (a) falsely making claims of trademark infringement in order to disrupt Defendants' relationships with ecommerce vendors; (b) falsely making claims of theft of trade secret information in order to disrupt Defendant's business; (c) making false and defamatory representations about Defendants' business in order to disrupt Defendants' business; and (d) fraudulently applying for intellectual

property protection for the Defendants' brands in China, despite never using such brands or having any ownership interest in those brands, in an attempt to block Defendants from exporting products from China.

566.    Plaintiff used the above-described wrongful means for the sole purpose of harming Defendants and their business.

567.    As a result of the foregoing, Defendants have suffered and continue to suffer damages, including but not limited the loss of valuable business relationships, loss of profits, and damage to their reputation.

568.    As a result of the foregoing, Defendants are entitled to a judgment against Plaintiff in an amount to be determined at trial, but not less than $1,000,000.

## AS AND FOR A FIFTH COUNTERCLAIM AGAINST PLAINTIFF
## CONVERSION

569.    Defendants restate and reallege each allegation set forth in Paragraphs 421 through 568 as if fully set forth herein.

570.    In the course of operating their independent contractor business, Defendants had occasion to offer products they had sourced and developed to Plaintiff, which would purchase the products and sell them via their retail channels.

571.    In the event that these products were purchased and subsequently returned by customers, Plaintiff required Defendants to participate in the "buy back" of returned items by charging Defendants a portion of the cost of the returned items.

572.    Thereafter, Defendants had a legal ownership interest in the returned items.

573.    Upon information and belief, Plaintiff exercised unauthorized dominion over the returned items in which Defendants had a legal ownership interest, by transferring them to Returnaround LLC.

574.    Upon information and belief, Plaintiff exercised unauthorized dominion over the returned items in which Defendants had a legal ownership interest, by selling them to Returnaround LLC.

575.    Upon information and belief, Plaintiff caused Returnaround LLC to resell the returned items, without providing any monetary compensation to Defendants, excluding Defendants from exercising their ownership interest in the returned items.

576.    As a result of the foregoing, Defendants have been damaged in an amount to be determined at trial, but in any event not less than $2,000,000.

## AS AND FOR A SIXTH COUNTERCLAIM AGAINST PLAINTIFF
## COMMON LAW INDEMNIFICATION

577.    Defendants restate and reallege each allegation set forth in Paragraphs 421 through 576 as if fully set forth herein.

578.    From at least 2019 through 2024, Plaintiff engaged in a series of unlawful schemes, including but not limited to the Payroll Scheme, the Cell Phone Scheme, and the Amazon Reviews Scheme.

579.    From at least 2019 through 2024, Plaintiff engaged in intentional conduct to defraud the United States, State of New York, and the City of New York by engaging in the Payroll Scheme, the Cell Phone Scheme, and the Amazon Reviews Scheme.

580.    In engaging in the Payroll Scheme, the Cell Phone Scheme, and the Amazon Reviews Scheme, Plaintiff unwittingly enlisted the participation of Plaintiff's employees, including but not limited to Defendants Friedman and Ilowitz.

581.    As a result of the business relationship between Plaintiff and Defendants Friedman and Ilowitz, Defendants Friedman and Ilowitz were induced to take actions that they were not aware were in furtherance of Plaintiff's illegal schemes.

582.     As a result of Plaintiff's unwittingly enlistment of Defendants Friedman and Ilowitz in its illegal schemes, Plaintiff knowingly and purposefully exposed Defendants Friedman and Ilowitz to liability for Plaintiff's illegal conduct.

583.     In the event that Defendants Friedman and Ilowitz are held liable for the illegal schemes of Plaintiff, Defendants Friedman and Ilowitz are entitled to indemnification from Plaintiff.

584.     Therefore, Defendants Friedman and Ilowitz are entitled to a declaration from this Court that, in the event that Defendants Friedman and Ilowitz are held liable for the illegal schemes of Plaintiff, Defendants Friedman and Ilowitz are entitled to indemnification from Plaintiff, together with such other and further relief as this Court deems appropriate.

WHEREFORE, Defendants MOISES FRIEDMAN, SHULIM ELIEZER ILOWITZ, ML IMPORTS, INC., CYRF, INC., LRI GROUP, LLC, MDF MARKETING, INC., and WORLD GROUP IMPORT, LLC demand judgment against Plaintiff SOUND AROUND, INC. as follows:

(a) Dismissing Plaintiff SOUND AROUND, INC.'s Complaint and awarding Defendants MOISES FRIEDMAN, SHULIM ELIEZER ILOWITZ, ML IMPORTS, INC., CYRF, INC., LRI GROUP, LLC, MDF MARKETING, INC., and WORLD GROUP IMPORT, LLC their costs, disbursements, and attorneys' fees;

(b) On Defendants' First Counterclaim, judgment in favor of Defendant MOISES FRIEDMAN and against Plaintiff SOUND AROUND, INC. in an amount to be determined at trial, but in any event not less than $4,000,000, plus costs, disbursements, and attorneys' fees;

(c) On Defendants' Second Counterclaim, judgment in favor of Defendant SHULIM ELIEZER ILOWITZ and against Plaintiff SOUND AROUND, INC. in an amount to be determined at trial, but in any event not less than $3,000,000, plus costs, disbursements, and attorneys' fees;

(d) On Defendants' Third Counterclaim, judgment in favor of Defendants MOISES FRIEDMAN, SHULIM ELIEZER ILOWITZ, ML IMPORTS, INC., CYRF, INC., LRI GROUP, LLC, MDF MARKETING, INC., and WORLD GROUP IMPORT, LLC and against Plaintiff SOUND AROUND, INC. in an amount to be determined at trial, but in any event not less than $3,000,000, plus costs, disbursements, and attorneys' fees;

(e) On Defendants' Fourth Counterclaim, judgment in favor of Defendants MOISES FRIEDMAN, SHULIM ELIEZER ILOWITZ, ML IMPORTS, INC., CYRF, INC., LRI GROUP, LLC, MDF MARKETING, INC., and WORLD GROUP IMPORT, LLC and

against Plaintiff SOUND AROUND, INC. in an amount to be determined at trial, but in any event not less than $1,000,000, plus costs, disbursements, and attorneys' fees;

(f) On Defendants' Fifth Counterclaim, judgment in favor of Defendants MOISES FRIEDMAN, SHULIM ELIEZER ILOWITZ, ML IMPORTS, INC., CYRF, INC., LRI GROUP, LLC, MDF MARKETING, INC., and WORLD GROUP IMPORT, LLC and against Plaintiff SOUND AROUND, INC. in an amount to be determined at trial, but in any event not less than $2,000,000, plus costs, disbursements, and attorneys' fees;

(g) On Defendants' Sixth Counterclaim, judgment in favor of Defendants MOISES FRIEDMAN, SHULIM ELIEZER ILOWITZ, a declaration from this Court that, in the event that Defendants Friedman and Ilowitz are held liable for the illegal schemes of Plaintiff, Defendants Friedman and Ilowitz are entitled to indemnification from Plaintiff;

(h) Together with such other and further relief as this Court deems appropriate.

Dated: May 7, 2025

ALLYN & FORTUNA LLP

/s/ Nicholas Fortuna

By:_____

Nicholas Fortuna

*Attorneys for Defendants Moises Friedman, Shulim Eliezer Ilowitz, ML Imports, Inc., CYRF, Inc., LRI Group, LLC, MDF Marketing, Inc., and World Group Import, LLC*

400 Madison Avenue, Suite 10D

New York, New York 10017

(212) 213-8844

nfortuna@allynfortuna.com