# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Jesús E. Cuza
305 789 7513
jesus.cuza@hklaw.com

May 23, 2025

**VIA ECF**

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 17D
New York, NY 10007-1312

      Re: *Sound Around, Inc. v. Friedman et al.,* Case No. 1:24-cv-01986-JHR-KHP

Dear Judge Parker,

      The parties write pursuant to the Court's Order, ECF No. 177, directing the parties to submit a joint status report on May 23, 2025.

      Thank you for your consideration.

                                /s/Jesus E. Cuza
                                Jesus E. Cuza

cc:    Megan Muoio (mmuoio@allynfortuna.com)
        Nick Fortuna (nfortuna@allynfortuna.com)
        Paul Novak (pn@bonlaw.com)

I.    **Plaintiff's Position**

A. *Depositions*

Consistent with Your Honor's prior Orders, the following individuals and entities have been deposed: Defendants Moises Friedman, Lazer Ilowitz, World Group Imports, LLC, and MDF Marketing, LLC; Corporate Representative of Sound Around; Levi Rottenberg.

B. *Pending Motions*

Sound Around filed a Motion for Reconsideration [ECF No. 180]. Defendants' Response was filed yesterday [ECF No. 187]. Given the Court's instruction that no Reply would be permitted, that Motion is now fully briefed.

C. *Discovery*

As discussed during the most recent conference before Your Honor, the parties have now exchanged lists of categories of documents they are asking be produced at this time to avoid the need for further court intervention. The parties have agreed to discuss the lists and further confer to resolve the issues. Defendants produced an additional production on May 9, which Sound Around is in the process of reviewing. Based on an initial review, however, it is clear the production is deficient as there are many categories of documents the Court ordered be produced but which do not appear to be included. In addition, the format of the production (in particular the email communications) is not compliant with the parties' prior agreement as represented to the Court. Nonetheless, Sound Around will confer with Defendants regarding these deficiencies. As suggested by Defendants' counsel, the attorneys have been trying to resolve the discovery disputes to minimize the issues before the Court.

With regard to third-party subpoenas, Sound Around has been in communication with several of the entities that have yet to make a full production in order to obtain the documents requested. Sound Around is hopeful it can reach agreement with the non-parties for production of those documents without requiring Court intervention. That being said, certain of the financial institutions have limited or withheld their production based on the limitations imposed in the Court's Order on Motions to Quash [ECF No. 119]. Accordingly, Sound Around intends to file a letter with the Court requesting that some of the limitations in that order relating to the subpoenas to the financial institutions be removed so a full production can be made.

D. *Pleadings*

Defendants filed their Answer and Counterclaims on May 7, 2025, and Sound Around's response is currently due on May 28. Sound Around conferred with Defendants regarding its intent to request a brief extension of time to respond to the Counterclaims, and Defendants indicated they have no objection to an extension. Sound Around will be filing a letter requesting that extension with the Court, in which the parties intend to propose a briefing schedule that would apply in the event Sound Around files a motion to dismiss the Counterclaims. The parties have discussed and reached an agreement as to the schedule for consideration by the Court.

### II.  Friedman Defendants' Position

The Friedman Defendants concur with Plaintiff that the parties have exchanged lists of categories of documents which they believe have not been produced to date. The parties are planning to meet and confer regarding those lists as soon as possible and are hopeful that the parties' current productions can be supplemented as necessary to avoid court intervention.

The Friedman Defendants have received documents in response to their non-party subpoena on Webster Bank, copies of which they have turned over to Plaintiff. The Friedman Defendants have also been in contact with non-parties TD Bank and ACT Logistics, which will be producing documents in response to the non-party subpoenas in short order. Once they have been received, the Friedman Defendants will then provide copies of those documents to Plaintiff.

On May 13, 2025, the Friedman Defendants deposed Jerry Brach, the corporate witness designated by Plaintiff pursuant to Rule 30(b)(6). Because Mr. Brach indicated that he did not have knowledge regarding all of the subjects at issue in Plaintiff's Complaint and the Friedman Defendants' Counterclaims, the Friedman Defendants will be noticing depositions for testimony from other principals and officers of Plaintiff who have knowledge about those subjects.

### III.  Executive Defendants' Position

Defendants Executive Laundry, LLC and Executive Services were also deposed.

It appears that Plaintiff's Position statement above regarding discovery outstanding from "Defendants" is meant to refer to the Friedman Defendants only. Defendants Executive Laundry, LLC and Executive Services complied with all outstanding discovery obligations.