**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
SOUND AROUND, INC.,

                            Plaintiff,                        24-CV-1986 (DLC) (KHP)

              -against-

MOISES FRIEDMAN et al.,                        **OPINION AND ORDER ON**
                                                                                        **MOTION FOR RECONSIDERATION**

                           Defendants.
------------------------------------------------------------------X
**KATHARINE H. PARKER, United States Magistrate Judge:**

      Plaintiff Sound Around, Inc. ("Sound Around"), moves for reconsideration of the Court's order granting in part and denying in part Defendants' request for a protective order. (ECF No. 175.) In particular, they request the Court revisit the scope of documents the Court ordered to be produced, namely (1) the element of the order limiting the number of brands and products for which the Defendants must produce responsive, relevant documents; (2) the part of the Court's order stating Sound Around may seek additional information regarding brands outside of the two in the Court's order if it develops "a good-faith basis during the course of discovery to seek documents pertaining to such brands"; (3) the relevant time period; and (4) the element of the Order which "suggest[ed]" Sound Around failed to comply with its "obligation to narrow its requests in writing" when confronted with Defendants objections.[1] The motion for reconsideration is **granted** with respect to the relevant time period limitation set in the Court's prior order and otherwise **denied**.

---

[1] In a footnote, Sound Around also insists it will meet and confer with Defendants regarding documents Defendants claim do not exist. It should do so. Certainly, documents are sometimes overlooked, and obligations to produce are ongoing. Regardless, any dispute about these documents is not ripe for the Court's consideration, and the Court does not consider it now.

1

**LEGAL STANDARDS**

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3. Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal citation and quotation marks omitted). The Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is also justified where the moving party demonstrates "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007). The standard aims to prevent a losing party from "plugging the gaps of a lost motion with additional matters." *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). In other words, a Motion for Reconsideration is not an opportunity for the moving party to take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted). A motion for reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

**DISCUSSION**

Familiarity with the underlying facts of this discovery dispute is presumed. (*See* ECF No. 175, at 1-4.)  Sound Around raises, essentially, four ways the Court got its determinations wrong.  It challenges (1) the brands and products limitations, (2) the Court's rule of construction limiting its own opinion, (3) the Court's decision regarding the time period limitation applying to otherwise not time-limited requests, and (4) the Court's "suggestion" that Sound Around failed to meet its discovery obligations to narrow requests in writing.  The Court addresses each point in turn.

1. *The Brands & Products Limitation*

The Court's order limited the scope of Defendants' production to the two brands specifically mentioned in the Complaint and the fifty products Defendants identified as competing. (ECF No. 175, at 10, 13.)  Sound Around alleges the Court "overlook[ed] important facts and allegations that clearly implicate **all** brands and products being used by Defendants in their competing business." (ECF No. 180 [emphasis in original].)

The Court did no such thing.  Rather, the Court carefully reviewed the facts alleged in the complaint and limited the documents to be produced to those facts alleged in the complaint while allowing for the possibility that discovery could be expanded if Plaintiff learns of other competing brands and products.  This approach is wholly consistent with the rules of discovery, which require only disclosure of responsive, nonprivileged information relevant to a party's claims or defenses and proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1). Plaintiff appears to be relying on an outdated discovery standard by its reliance on a quotation from a 1978 Supreme Court case in *Shukla v. Deloitte Consulting* LLP, No. 19-CV-10578 (AJN),

3

2021 WL 2418841, at *2 (S.D.N.Y. June 14, 2021). The Federal Rules were amended in 2015 to limit discovery to information that is both relevant and proportional. Prior to the amendments, parties could seek information that might lead to the discovery of admissible evidence. Further, the amendments empowered courts to limit discovery, even if relevant, on proportionality grounds.

Here, the Court did just that. It found that Plaintiff's requests were overbroad and disproportionate and therefore granted the protective order in part. Importantly, it did not limit discovery only to products mentioned in the pleadings but also allowed discovery into additional fifty products identified by defendants (as Plaintiff failed to name any additional products or offer any reasonable limitation through a meet and confer process or in its brief). This is consistent with Plaintiff's claims of unfair competition and misappropriation of trade secrets within certain product markets. Further, the Court did not preclude Plaintiff from requesting specific, targeted information about other product markets after it has reviewed Defendants' production and develops additional facts that may warrant such additional discovery.

That Plaintiff also contends Defendants usurped corporate opportunities belonging to Sound Around does not change the Court's view of what is relevant and proportional to the needs of the case. To start, Plaintiff has not identified any specific corporate opportunities that were usurped. Its allegations that Defendants met certain "vendors" at "conferences, trade shows, or other meetings" is vague and does not enable the Court, without more, to ascertain what additional products or brands may be relevant. The correct course here is not for Plaintiff to fish into every single product Defendants or any of their entities have ever sold. Rather,

4

Plaintiff may inquire about meetings with vendors and, as appropriate, follow up with more targeted requests.

In sum, Plaintiff points to no facts or law the Court overlooked or misapprehended that would warrant reconsideration of the limitation placed on discovery related to brands and products.

2. *The Court's Limitation of its Opinion*

Somewhat confusingly, Sound Around next challenges the portion of the Court's opinion which instructs how the parties shall construe the Court's opinion. Namely, the Court limited its opinion to say that none of its Order would be construed to suggest that Sound Around could not seek additional documents relating to different products and brands than the fifty products referenced by the Defendants or the two brands referenced in the Complaint if it developed a good-faith basis to seek such documents. The Court's instruction was meant to underscore that discovery is an iterative process.

Sound Around's argument that it has now established a good-faith basis to seek information about other unnamed brands cannot be evaluated (including whether it constitutes newly discovered evidence which was unavailable on the prior motion or evidence which was available but was not presented)[2] because Sound Around has not attached the purported testimony to its motion for reconsideration. But even if it did, this is something it can point to in

---

[2] *See Banister v. Davis*, 590 U.S. 504, 508 & n.2 (2020).

connection with proposed additional, targeted document requests and discuss with the Court at the next case management conference.³ Thus, reconsideration is denied on this point.

3. *The Relevant Time Period*

Sound Around requests reconsideration on the court's limitation of the time period in the Complaint. Far from Sound Around's interpretation of the Court's opinion imputing a hard time period, the Court's opinion only limited those requests in the First RFPs which "d[id] not contain a time limitation." (ECF No. 175, at 11.) The Court was not then and is not now in a position to define the relevant time period with greater specificity since the parties inadequately addressed the issue in their motion papers.

For the same reason, the Court finds Defendants' arguments on this point unavailing. In search of a broader ruling effectively deciding the whole case in their favor, Defendants continue to argue that documents of ongoing potential competition are not relevant because either (1) Friedman was not an employee of Sound Around or (2) the non-compete clause is unenforceable. If Defendants are correct, those issues will be decided by the Court or the factfinder in due course. Plaintiff obviously holds a different view on each point.

If the parties have different views of the relevant time period, the Court strongly urges the parties to meet and confer to come to an agreement on that point. Further, to the extent the Court's order was not clear, it clarifies now that its opinion was decided as a narrow

---

³ If Sound Around intends to reference the April 10, 2025 deposition testimony of Moises Friedman, filed to the docket as ECF No. 181-3 in connection with Plaintiff's appeal to Judge Cote of the undersigned's order, this evidence is wholly unconvincing. The excerpt on the docket shows Mr. Friedman answering a question regarding under which brands he sells products, and nothing more. Indeed, the evidence provides further support that Sound Around wishes to go on a fishing expedition. The Court reiterates that Plaintiff has failed to show how these documents would be proportional to the needs of this case. Again, the Court will remain open, as it has stated repeatedly, to expanding discovery to new products and brands if Plaintiff makes a stronger showing of proportionality for targeted document requests related to other products and brands.

question of the burden on Defendants to search all records they possessed for all time, and thus applied only to those requests which contained no time limitation in the First RFPs. The Court's statements in a separate order that documents "to the present" would be relevant thus are not conflicting with its time period limitation on these requests for production.

With that said, however, the Court is persuaded that it overlooked the fact that the non-compete clause, if effective, would run at least to the present and possibly thereafter, as Defendants concede. (ECF No. 187, at 2.) Therefore, reconsideration on this point is granted to the extent that the Court revises the relevant time period to run from January 2019 to the present, which shall continue to run until the non-compete clause would expire. On this narrow point, reconsideration is granted.

*4. The "Suggestion" That Sound Around Failed to Comply with Its Obligations*

Finally, Sound Around challenges the Court's "suggest[ion]" that it failed to comply with its "obligation to offer to narrow its requests in writing." (ECF Nos. 180, at 3; 175, at 9.) Sound Around has not been sanctioned or fined for failing to meet its obligations in discovery, so the Court is unclear what relief Sound Around seeks on a motion for reconsideration. Furthermore, the emails Sound Around attaches to its motion to show it attempted to narrow its request do not, in the Court's view, reflect a good faith attempt to meet and confer with Defendants and make reasonable compromises in discovery.

The Court reminds the parties that Rule 1 requires the parties to construe and employ the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Overbroad discovery requests, refusals to compromise and excessive motion practice on discovery issues are inconsistent with this rule.

**CONCLUSION**

For the above reasons, the motion for reconsideration is granted in part and otherwise denied. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 180.

**SO ORDERED.**

Dated: May 28, 2025
New York, NY

_____
Katharine H. Parker
United States Magistrate Judge