# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Jesús E. Cuza
305 789 7513
jesus.cuza@hklaw.com

June 16, 2025

**VIA ECF**

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 17D
New York, NY 10007-1312

    Re: *Sound Around, Inc. v. Friedman et al.,* Case No. 1:24-cv-01986-JHR-KHP

Dear Judge Parker,

    The parties write pursuant to the Court's June 6, 2025 Order, ECF No. 194, directing the parties to submit a joint agenda letter on June 16, 2025.

    Thank you for your consideration.

                                                                   */s/ Jesús Cuza*
                                                                   Jesús E. Cuza

cc:    Megan Muoio (mmuoio@allynfortuna.com)
        Nick Fortuna (nfortuna@allynfortuna.com)
        Paul Novak (pn@bonlaw.com)

I.      **Plaintiff's Position on the Agenda for the June 18, 2025, Hearing**

The parties have been working in good faith to try to reduce and limit the discovery disputes between the parties. In a separately-filed letter, Plaintiff will outline the remaining differences between the parties as it relates to Plaintiff's discovery requests.

Separately, Plaintiff is cognizant of Your Honor's instruction requiring that Plaintiff identify a "good-faith basis" to expand discovery relating to Defendants' competing business. ECF No. 191 at 1; *id.* at 3 ("allowing for the possibility that discovery could be expanded if Plaintiff learns of other competing brands and products"). Consistent with what will be discussed at the upcoming hearing, as well as immediately below, Plaintiff respectfully states that it has "develop[ed] additional facts that [] warrant such additional discovery [relating to the competing business]." *Id.* at 4.

As the Court is aware, Friedman entered into a written contract with Plaintiff relating to his role as *Buyer* at Sound Around, in which he specifically agreed not to compete with Plaintiff during the time he was performing services as Buyer and two years after the relationship terminated. Friedman worked as a Buyer for Plaintiff *from approximately 2017 until his termination on February 3, 2024*. Notwithstanding, starting in 2021 or 2022, Friedman, together with Ilowitz, began to secretly compete with Sound Around for years until early 2024 when Plaintiff caught Ilowitz and Friedman—which quickly led to Ilowitz' resignation and Friedman's termination.

Discovery has revealed that *for years* Friedman and Ilowitz were acting jointly in breach of the non-compete and confidentiality agreements in place, and violating many other law-imposed duties, *including their fiduciary duties (e.g., duties of loyalty and care)*.

All along, not only were Defendants operating in the same "line of business" as Plaintiff, they *essentially recreated* Plaintiff's exact business from within Sound Around, and took advantage of their position at Sound Around to **usurp and deviate to their competing business significant opportunities that rightfully and legally belong to Plaintiff (including brands,**[1] **products and sales)**.

As a result, Friedman's and Ilowitz's competing business (all of it) will be the subject of the upcoming July 29, 2025 preliminary injunction hearing and is relevant, as a matter of law, to the determination of damages in this case.

Thus, Plaintiff requests that discovery be expanded to encompass information regarding the profits obtained by Defendants from *any* products sold through their competing business. Without the information requested, Plaintiff simply cannot calculate its damages as instructed by Judge Cote at the June 6, 2025, hearing.[2]

Consistent with the above, Plaintiff seeks the communications between Ilowitz and Friedman regarding their competing business. The communications between Ilowitz and Friedman relating to their competing business (***particularly when they were still working for Sound Around***) will surely

---

[1] Friedman identified the following brands during deposition: BakkenMaster, Bakken-Swiss, Lifemaster, Highmaster, Runmaster, Promaster, TopMaster, Campior, Outdoor Cruiser, Emporio Kitchen, Dribbl, and Dave and Diana.

[2] Judge Cote directed the parties to exchange "detailed damages calculations" at this time; however, Plaintiff does not have all the information necessary to calculate these damages. June 6, Hr'g Tr., at 33:24-34:1. Nevertheless, Plaintiff has provided Defendants the information it can provide at this time regarding its damages calculations.

demonstrate Defendants' ***improper use*** of Plaintiff's information (including confidential and trade secret information), unfair competition, and diversion of corporate opportunities. Again, this targeted request is highly material and proportional to the claims at issue.

Finally, Plaintiff seeks the bank records for Defendants and the entities that ever received or transmitted payments for their competing business. Notably, Plaintiff understands Your Honor already ruled that such documents must be produced (although Defendants' disagree). *See, e.g.*, ECF No. 175 at 15-16 (referencing prior rulings "directing Defendants to provide ***unredacted bank statements from all their existing bank accounts***")(emphasis added).

Plaintiff has not identified any dispute with the Executive Defendants to be addressed at the June 18, 2025 hearing.[3]

### II.    Ilowitz/Friedman Defendants' Position

*Plaintiff's Response to the Friedman Defendants' Document Demands:*

The Friedman Defendants have been in contact with counsel for Plaintiff regarding discovery and have provided Plaintiff with a targeted list of documents the Plaintiff has yet to produce and a supplemental list of documents specifically mentioned by Plaintiff's Rule 30(b)(6) corporate deponent Jeremiah Brach at his deposition, which were also not yet produced by Plaintiff. Those documents include, but are not limited to: (a) records from Plaintiff's PowerBI System, which was used to calculate the Individual Defendants' commissions and contained information such as total sales for the Individual Defendants' products, the amounts charged to the Individual Defendants by Plaintiff for shipping, import duties, and storage, and total profits on the sales of the Individual Defendants' products; (b) the "home grown cost spreadsheet," which Mr. Brach testified the Plaintiff used to calculate the costs applicable to each item sold by Plaintiff; and (c) Plaintiff's yearly Amazon program agreements, which show the fees charged by Amazon to Plaintiff. This is only a selection of highly relevant documents that the Friedman Defendants have sought from Plaintiff for months but have yet to receive. The absence of these documents in the Plaintiff's document production prevents the Friedman Defendants from having all the information necessary to defend against Plaintiff's claims in this action and to prosecute their counterclaims against Plaintiff. We would like to discuss this with the Court during our conference on June 18, 2025.

*Outstanding Issues:*

After meeting and conferring on June 11, June 13, and June 16, 2025, the remaining issues are as follows:

a. Despite this Court's order permitting Plaintiff to obtain certain bank statements and transactions directly from financial institutions pursuant to third-party subpoenas (*See* Doc. No. 119), Plaintiff continues to seek *all* of the Friedman Defendants' bank statements from 2018 through the present. The Friedman Defendants believe that this is in contravention of Your Honor's April 25, 2025 Opinion and Order on Motion for a Protective Order With Respect to Plaintiff's Document Requests ("Order"), in which Your Honor stated that "[t]o the extent the RFPs [Plaintiff's Requests for Production] seek bank statements, the Court

---

[3] Judge Cote did instruct Plaintiff and the Executive Defendants to have discussions with Your Honor relating to any potential resolution as to the Executive Defendants.

    previously ordered what shall be produced and refers the parties to its prior orders and directions." *See* Doc. No. 175, pg. 14. Although Plaintiff attempts to rely on that portion of Your Honor's Order regarding bank records showing commission transactions (what Plaintiff incorrectly terms as "kickbacks"), Plaintiff has received unredacted bank statements and transaction details for all such payments. As to the Friedman Defendants' other bank accounts, Plaintiff has not articulated what specific transactions it is seeking that are related to its claims, as it has already received a wealth of the Friedman Defendants' financial data through third-party subpoenas and direct disclosure from the Friedman Defendants. The Friedman Defendants can only conclude that the Plaintiff continues to push to conduct a fishing expedition into the Friedman Defendants' business to obtain the benefit of the Individual Defendants' hard work and ingenuity.

b. The Plaintiff is relentless in trying to expand this case through additional discovery. What we have learned so far is that the Plaintiff has no basis for any of its claims and is seeking additional unwarranted discovery to try to find claims. In addition to failing to provide any evidence to support the claims alleged, the Plaintiff refuses to provide information and backup relating to the defendants' counterclaims and defenses including but not limited to deductions it took from the individual defendants' commissions. We would like to discuss this during the conference.

*Additional Discovery to Schedule:*

The Friedman Defendants have noticed the depositions of four individual owners and/or officers of Plaintiff, all of whom Jeremiah Brach indicated at his deposition have knowledge and information regarding Plaintiff's claims and the Friedman Defendants' counterclaims in this action. Since Judge Cote permitted the parties to conduct fact discovery through the discovery end date, the Friedman Defendants are working with the Plaintiff to schedule the depositions on mutually-agreeable dates starting in August.