

ATTORNEYS AT LAW

**NEW YORK**
**400 MADISON AVE., 10TH FL**
**NEW YORK, NEW YORK, 10017**
TELEPHONE:(212)213-8844
FACSIMILE: (212)213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

August 5, 2025

<u>**VIA ECF**</u>

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 17D
New York, New York 10007-1312

   Re:  *Sound Around, Inc. v. Friedman et al., Case No. 1:24-cv-01986-JHR-KHP*

Dear Judge Parker:

   This firm represents Defendants Moises Friedman, Shulim Eliezer Friedman, ML Imports, Inc., CYRF, Inc., LRI Group, LLC, MDF Marketing, Inc., and World Group Import, LLC (collectively, "Defendants"). I write to request permission to file a motion pursuant to F.R.C.P. Rule 37(a)(1) and 37(a)(3)(B)(IV) to compel Plaintiff Sound Around, Inc. ("Plaintiff")'s disclosure of the categories of information described below, which I raised with Your Honor during the Case Management Conference on June 18, 2025. An excerpt of the relevant portion of the transcript of the June 18, 2025 Case Management Conference is annexed here as **Exhibit A** for the Court's convenience. Although Your Honor indicated that this request should be made within the parties' status update letter due today, Defendants' contemplated motion to compel involves more information than can be contained within 1/3 of such a letter, necessitating the filing of a separate pre-motion letter. As detailed below, Defendants have engaged in an arduous process in order to obtain relevant documents from Plaintiff, which remain undisclosed, to the Defendants' prejudice. At the end of this letter, we propose a briefing schedule for this motion but remain available for a conference pursuant to Local Rule 37.2.

   Defendants have been seeking certain specific categories of documents, which are relevant and crucial to Defendants' defenses and the prosecution of their counterclaims, from Plaintiff for months, to no avail. On December 3, 2024, Defendants issued their First Document Demands on Plaintiff ("Defendants' First Request"), a copy of which is annexed here as **Exhibit B**. In the months since, Plaintiff has produced an excess of 120,000 pages of documents in a series of document dumps starting in February and continuing through July 2025. Despite the tremendous volume of Plaintiff's production, which is made up of mostly irrelevant email correspondence and attachments, Plaintiff failed to produce documents responsive to Request No. 13 (seeking documents related to the sales of the products developed by the Defendants for Plaintiff), Request No. 14 (seeking documents related to pricing for those products), Request No. 17 (seeking

agreements between Plaintiff and retailers such as Amazon related to those products), Request No. 18 (seeking sales commission policies, calculations, statements, and reconciliations for those products), Request No. 20 (seeking documents related to expenses deducted from Defendants' sales commissions), Request No. 21 (seeking documents related to "administrative fees" deducted from Defendants' sales commissions), Request No. 22 (seeking documents related to retailer fees deducted from Defendants' sales commissions), Request No. 24 (seeking documents related to storage fees deducted from Defendants' sales commissions), Request No. 25 (seeking documents related to tariffs deducted from Defendants' sales commissions), and Request No. 52 (seeking Plaintiff's solicitation of reviews from customers and Zen Desk communications regarding those solicitations) in Defendants' First Request. On May 7, 2025, in an effort to focus Plaintiff on the specific documents that had not been produced in response to Defendants' First Request and to resolve this burgeoning discovery dispute, I emailed a letter, annexed here as **Exhibit C**, with a concise list of the outstanding categories of documents.

Thereafter, on June 11, 2025, my colleague Megan J. Muoio emailed Plaintiff with a list of specific documents within the subject areas of Defendants' First Requests that Plaintiff's principal Jeremiah Brach mentioned during his deposition, a copy of which is annexed here as **Exhibit D**. During his deposition on May 13, 2025, Mr. Brach explicitly testified as to the existence of PowerBI reports showing Defendants' sales commissions and the expenses deducted therefrom[1], Plaintiff's "home grown cost" spreadsheets and documents supporting Plaintiff's pricing decisions, and agreements between Plaintiff and retailers such as Amazon regarding those retailers' fees. I followed up with counsel for Plaintiff on June 24, 2025, detailing all of the outstanding categories of documents that were unanswered from Defendants' First Requests and following Mr. Brach's deposition, which Your Honor indicated on the record at the Case Management Conference were relevant categories of discoverable information. Annexed to that correspondence, which is annexed here as **Exhibit E**, was a listing of the products developed by Defendants and sold by Plaintiff.

Throughout this process, counsel for Defendants has met-and-conferred with counsel for Plaintiff on a number of occasions, including but not limited to June 5, June 13, and July 7, 2025. Plaintiff's responses to Defendants' repeated attempts to obtain relevant discovery of information important to the defense of Plaintiff's claims and the prosecution of Defendants' counterclaims have been woefully insufficient. On June 25 and July 2, 2025, Plaintiff quibbled with the format of my communications, ignoring the fact that the specific categories of documents sought were either encompassed within Defendants' First Request or explicitly mentioned by their client during his deposition. In the end, Plaintiff has fallen back on generalities, repeating *ad nauseum* that they have conducted a good faith search and produced documents. Plaintiff's claims that we should give them keywords to assist their search or engage in endless meet-and-conferral sessions with no results are fruitless when Defendants have articulated the exact information we are seeking and that information is relevant and necessary in this action.

Despite our best efforts to resolve this issue directly with counsel for Plaintiff, Defendants still have not received the core categories of documents sought in Defendants' First Requests,

---

[1] Mr. Brach testified that the although the reports displayed on PowerBI system would provide a summary of the sales and commission information, Plaintiff has a team of people who input the raw data regarding sales and expenses into the "back end" or "back office" of the system.

which are necessary to factually establish Defendants' defenses to certain of Plaintiff's claims and to prosecute their counterclaims for unpaid commissions. As a company that sells products at retail as its primary business and purportedly earned profits in excess of $150 million from Defendants' sales during the relevant period, it is inconceivable that Plaintiff does not keep or maintain business records regarding the sales of its products, the actual costs associated with those products, and the costs deducted from Defendants' sales commissions for those products, together with the other categories of information sought by Defendants. Plaintiff's willful failure to produce this information is prejudicial to Defendants, especially in light of the near deadlines regarding expert discovery.

Defendants propose the following briefing schedule for the motion to compel:

- Defendants file their motion no later than August 20, 2025;
- Plaintiff file its opposition no later than August 29, 2025;
- Defendants file their reply no later than September 8, 2025.

Thank you for your consideration.

Sincerely,

/s/Nicholas Fortuna

Nicholas Fortuna

cc:    All counsel (via ECF)