# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Jesús E. Cuza
305 789 7513
jesus.cuza@hklaw.com

August 5, 2025

**VIA ECF**

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 17D
New York, NY 10007-1312

    Re: *Sound Around, Inc. v. Friedman et al.,* Case No. 1:24-cv-01986-JHR-KHP

Dear Judge Parker,

    The parties write pursuant to the Court's June 20, 2025 Order, ECF No. 206, directing the parties to submit a joint status letter on August 5, 2025.

    Thank you for your consideration.

                                                */s/ Jesus E. Cuza*
                                                Jesus E. Cuza

cc:    Megan Muoio (mmuoio@allynfortuna.com)
         Nick Fortuna (nfortuna@allynfortuna.com)
         Paul Novak (pn@bonlaw.com)

I.      **Plaintiff's Position**

   *A. Documents*

Although the parties have been working cooperatively to facilitate the exchange of discovery in this case, Plaintiff has yet to receive *substantial* and *significant* categories of documents information that (1) Your Honor has already made clear must be produced, and (2) are necessary to prepare Plaintiff's case.[1] These categories of documents have been raised during the numerous meet-and-confer calls between counsel. By way of example, Plaintiff addresses certain of those categories of information below.

   1. Bank Documents

Despite Your Honor's clear and repeated statements, including during the most recent hearing, Defendants have refused to provide highly material documents from their bank accounts. Indeed, Your Honor made clear that the discovery relating to financial institutions was to encompass all accounts for the Individual and Corporate Defendants where any payment relating to the business, or any transaction between any of the Defendants, was sent or received. *See, e.g.*, *See, e.g.*, June 18, 2025 Hr'g Tr. at 21:12-17 ("I ordered you to produce that and documents showing transactions between any of the defendants, corporate or individual, and the retail entities and the freight service entities because I wanted to the production to show the flow of money between and among these entities. That's what I ordered) (emphasis added); *id.* at 23:22-25 ("Because that's what – that's included in my order. If they -- if there was a flow of money from that entity to another bank account owned by Friedman, either in his personal capacity or as an owner of a business, that those transactions be reflected in the production.") (emphasis added); *id.* at 24:12-17 ("Yeah, because if they have a personal bank account that is -- where there are transactions between and among the other defendants, that has -- or with these -- the defined retail entities and freight service entities, that has to be produced.") (emphasis added). To be clear, Your Honor has repeatedly ruled the Plaintiff is entitled to visibility into the *flow of funds* relating to the business.

Yet Defendants have consistently withheld that information. By way of example, they have not produced *any* bank statements for ML Imports, the entity that the Individual Defendants testified under oath is the entity through which most, if not all, of the payments relating to the operation of their business are funneled. Confusingly, Defendants do not even identify any account belonging to ML Imports in the recent (belated) answers to the interrogatories[2] served on them by Plaintiff.[3]

---

[1] Attached is a letter sent to Defendants identifying the limited universe of documents they are seeking from Defendants at this stage in the case in an effort to narrow and expedite resolution of the discovery disputes and the production of relevant information.

[2] There are serious problems with the Answers to Interrogatories served by Defendants, which Plaintiff intends to raise during a meet-and-confer. If they are unable to address those deficiencies, Plaintiff will file a separate letter with the Court regarding the interrogatories.

[3] As another example, Defendants have failed to produce the statements for credit cards owned by Friedman's wife for which hundreds of thousands of dollars in charges were paid through Sound

Defendants' refusal to provide this, and other highly relevant, information is severely handicapping Plaintiff's ability to prosecute this case. Indeed, although expert discovery is set to conclude in October, Plaintiff is unable to provide its experts the very information they need to, for example, calculate the damages suffered by Plaintiff. While Plaintiff has attempted to procure this information directly from the financial institutions, it has only succeeded in obtaining information for select accounts to date, despite its best efforts.

2. Product and Sales Information

As another example, Defendants have continued to withhold the documents and information relating to all their products, brands, and sales, claiming instead that discovery should be limited to only those specific products that they claim "compete" with Plaintiff. But Your Honor already ruled that Defendants were required to provide information regarding *all* of their products and brands, which as the Court acknowledged Plaintiff is claiming are all corporate opportunities that were wrongfully usurped. *See, e.g.*, *id.* at 78:2-18; *id.* at 81:5-12. Indeed, Plaintiff alleges that all of the products and brands were developed and sold in violation of Friedman's noncompete—which by its plain language applies to any sale of products online, regardless of whether Plaintiff sells those products.

3. Communications

Defendants have also failed to provide requested communications. For instance, Defendants have not provided any of their communications with manufacturers relating to the kickbacks they were demanding and receiving relating to the purchase of products for Plaintiff. Rather, the only such communication Plaintiff has received regarding the kickbacks is from one manufacturer who sent screenshots of a chat with Defendants. Nor have Defendants provided any of the communications from their WeChat accounts,[4] which is a platform they regularly used to communicate with entities in China.[5]

B. Depositions

The parties are working together to schedule additional depositions in this action to be conducted in August and September.

C. Defendants' Letter Motion

Plaintiff is in receipt of the letter motion filed today by Defendants and intends to file a letter in response.

---

Around's account.

[4] Defendants' counsel stated that he is looking into obtaining those communications as part of the meet and confer calls in early July, but they have not been produced to date.

[5] Plaintiff has now received the WhatsApp communications between Ilowitz and Friedman. Although these were initially supposed to be produced on July 9, they were not sent in a legible format until last week.

## II. Ilowitz/Friedman Defendants' Position

The Friedman Defendants are in the process of scheduling four depositions of Plaintiff's witnesses that were previously noticed. We have circulated proposed dates for the depositions of Abraham Brach, Zigmund Brach, Hershey Green, and Jack Tyberg and are waiting for confirmation from Plaintiff as to the dates. We anticipate that these depositions will be complete by September 2025.

Regarding the exchange of documents, the Friedman Defendants submitted a letter motion request for a Rule 37.2 conference and permission to file a motion to compel pursuant to F.R.C.P. Rule 37 this morning. The Friedman Defendants are looking forward to obtaining these relevant documents, which are necessary for the defense of this action and the prosecution of the Friedman Defendants' counterclaims.

Finally, Plaintiff sent a letter on July 31, 2025, detailing additional document demands. We are in the process of responding to that letter.

## III. Executive Defendants' Position

The Court ordered the parties to advise if a settlement conference would be productive among any of the parties. Executive Laundry does not believe a settlement conference with respect to Plaintiff's claims against it would be productive. Executive Laundry requested that Plaintiff voluntarily discontinue claims against it, given that Plaintiff testified that Executive Laundry had no involvement with the products sold by Co-Defendants Friedman or Ilowitz, or with Sound Around's products. However, Plaintiff declined to discontinue claims and has not advised of a basis for claims against Executive Laundry.

To clarify Plaintiffs' use of the term "Defendants" in this latter, Plaintiffs are referring to the Friedman and Ilowitz Defendants. Executive Laundry does not owe any discovery to Plaintiffs, nor have Plaintiffs sought any further discovery from Executive Laundry.