# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Jesús E. Cuza
305 789 7513
Jesus.cuza@hklaw.com

August 29, 2025

**VIA ECF**

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 17D
New York, NY 10007-1312

      Re: *Sound Around, Inc. v. Friedman et al.,* Case No. 1:24-cv-01986-JHR-KHP

Dear Judge Parker,

      Sound Around, Inc. ("Plaintiff") writes to notify Your Honor of its compliance with Your Honor's August 15, 2025 Order [ECF No. 240] (the "Order").

      In the Order, Your Honor required the parties to "prepare a document index listing the documents produced in this matter with corresponding Bates numbers and provide those indexes to the Court by August 29, 2025." In compliance with the Order, and given that the majority of Plaintiff's production consists of email communications and attachments to those email communications, Plaintiff prepared an Index in the form of an Excel Spreadsheet identifying each document produced in this action, by Bates-number, and containing the following information: (1) type of document, (2) date of email or document date (3) Sender (if email communication) (4) Recipient, including cc/bcc (if email communication); and (5) email subject or, alternatively, file name. This spreadsheet is being sent to Your Honor's email address simultaneously with the filing of this letter. Separately, Plaintiff has prepared a table summarizing the productions in this case, providing the date of each production, the bates-range for all documents included in that production, and a general description of the documents produced (which can be identified in more detail in the Excel Spreadsheet). This table will be transmitted in conjunction with the Index by email.

      Additionally, in an effort to aid Your Honor in understanding the scope of Plaintiff's production and to address any misconception that Plaintiff has failed to produce "information from its accounting system that provides a breakdown of how it calculated commissions paid to Friedman/Ilowitz and backup for same," Plaintiff has attached (as **Exhibit A**) a brief timeline summarizing the discovery requests directed to Plaintiff and Plaintiff's response to the same. As the timeline illustrates, Plaintiff has timely responded to all discovery requests and produced responsive documents in a timely manner, including producing documents *that exist* relating to the commission payments to Moises Friedman and Lazer Ilowitz (or their entities) and the calculation

of those commissions.

As discussed with the Court during prior hearings, the amount of commissions paid to Friedman and Ilowitz were based on the sales data and calculation of profits contained in Plaintiff's "Power BI" system—further discussed below. The Individual Defendants had continuous access to this system and that data during the time they served as Buyers for Sound Around, including at the time when each such commission payments were made. *See* ECF No. 248 at ¶ 7. Indeed, Jerry Brach generally reviewed Power BI on his computer screen with the Individual Defendants in his office prior to requesting that the commission payments be made.[1] *No separate report was issued when those payments were made*.[2]

In other words, and as the record clearly shows, Plaintiff did not generate and maintain reports and or documents from the Power BI system for historical time periods. *Rather the Power Bi system is a "live" database*.[3] *See* ECF No. 248 ¶ 8. Nonetheless, Plaintiff conducted a reasonable search for any such documents and did identify certain reports or related documents that happened to be pulled from Power BI contained in email communications involving the Individual Defendants. As illustrated by Exhibit A, Plaintiff produced these responsive documents, to the extent they could be located, in productions between February 2025 and April 2025. The Court previously acknowledged that if additional documents cannot be located, Plaintiff simply needed to certify to that effect. *See, e.g.*, ECF No. 213 at 64:18-23 ("If they have itemized specific things your – and your client has done its due diligence by making a reasonable search consistent with what's required in the rules and doesn't have any such documents to respond, then you need to say so."). Plaintiff has done so repeatedly during meet-and-confer discussions (e.g., on June 11, June 13, June 16, July 7) and at hearings in Court (*e.g.*, June 18 hearing), among other times.

Moreover, although Plaintiff has conducted reasonable searches to identify the requested

---

[1] *See* ECF No. 248 ¶ 3 ("Most of the time, Friedman or Ilowitz (depending on whose commission I was calculating at the time) would come to my office, and we would review Power BI data for the period of time at issue."); ECF No. 249-4 at 96:2-8 ("[A] lot of times, they used to come and sit by me, and we would go through it a little bit -- not too long, but we'd go through it; they would address sometimes some concerns – 'why this here wasn't this, here it wasn't that,' or whatever -- and I would send an e-mail, and that's it; they would get a check and a wire").

[2] ECF No. 249-4 at 96:9-13 ("Q. So there was no -- when they got a check, there was no report outlining what comprised that amount? A.· No. And again, they used to have access to it"); ECF No. 248 ¶ 11 ("Hard copies of Power BI reports would only exist if a user with access to Power BI downloaded reports at the relevant time and saved or emailed those reports to themselves or others, or printed at the time data, information or reports from Power BI.").

[3] While counsel for Defendants referenced "accounting systems" such as Quickbooks and "Main System" during the most recent hearing with Your Honor, suggesting those systems would have information as to the calculation of a commissions, that is simply incorrect. The Quickbooks/Main System only show the amount of commission paid; they do not contain the information used to calculate commissions, which was contained in the Power BI system.

documents, Plaintiff has *repeatedly* also asked Defendants to propose any additional search terms or locations given their familiarity with Plaintiff's systems—including during meet-and-confer calls. In other words, to the extent Defendants believe there is some other repository or location where historical Power BI reports might have been saved or can be found (*which they would know as a result of their tenure at Sound Around as Buyers*), Plaintiff has *repeatedly* invited Defendants to propose such additional searches so they can be conducted.[4]

Plaintiff is hopeful that this letter and Exhibit A clarifies any misconception that Plaintiff has not fully met its discovery obligations.

Plaintiff thanks Your Honor for your consideration.

> Respectfully submitted,
>
> HOLLAND & KNIGHT LLP
> By: */s/ Jesus E. Cuza*
> Jesus E. Cuza (*Admitted PHV*)
> Florida Bar No. 428991
> Email: jesus.cuza@hklaw.com
> Rebecca Canamero (Admitted PHV)
> Florida Bar No. 86424
> Email: rebecca.canamero@hklaw.com
> Annelise Del Rivero
> Florida Bar No. 1003234 (*Admitted PHV*)
> Email: annelise.delrivero@hklaw.com
> Gabriel Godoy-Dalmau
> New York Bar No. 5668447
> Email: gabriel.godoy-dalmau@hklaw.com
>
> 701 Brickell Avenue, Suite 3300
> Miami, Florida 33131
>
> *Attorneys for Plaintiff Sound Around, Inc.*

---

[4] In response, Defendants did propose two search terms relating to the actual costs incurred by Sound Around for its business (as opposed to the calculation of commissions), based on (a) the name of a logistics company used by Sound Around and (b) a form relating to tariffs. Sound Around produced the documents resulting from that search. Defendants have not, however, proposed any additional search terms or locations relating to the information that would have been accessible at the time the commission were paid on Power BI.