

NEW YORK
400 MADISON AVE., 10TH FL
NEW YORK, NEW YORK, 10017
TELEPHONE:(212)213-8844
FACSIMILE: (212)213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 17D
New York, New York 10007

**Application DENIED.**

**SO ORDERED:** 09/08/2025

*/s/ Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Re:  *Sound Around, Inc. v. Friedman et al.*
     Case No. 1:24-cv-01986

Dear Judge Parker:

     This firm represents Defendants Moises Friedman, Shulim Eliezer Ilowitz, ML Imports, Inc., CYRF, Inc., LRI Group, LLC, MDF Marketing Inc., and World Group Import, LLC ("Friedman Defendants") in the above-referenced matter. We submit this letter to request that Your Honor grant the Friedman Defendants an extension of time to file an affirmative expert report pertaining to its counterclaims, which involve allegations that Plaintiff cheated the Friedman Defendants out of sales commissions which they actually earned by improperly deducting items such as tariffs, shipping fees, storage fees, administrative fees, finance fees, Amazon fees, and other fees from their commissions. The Friedman Defendants have been pursuing Plaintiff's basic accounting records regarding payments of commissions, expenses deducted from those commissions, and sales information since December 3, 2024. *See* attached as Exhibits A and B my May 8, 2025 and June 24, 2025 correspondence with Plaintiff listing the information sought pertaining to the counterclaims. Despite making good faith efforts to obtain these records, Plaintiff has refused to produce them, and the Friedman Defendants have had to file a motion to compel their production, which is currently pending before Your Honor. *See* ECF Doc. Nos. 241-242.[1]

     As Your Honor is aware, on August 14, 2025, Plaintiff and the Friedman Defendants coordinated to submit a joint request to extend the time to complete expert discovery. That request was submitted August 14, 2025. *See* ECF Doc. No. 237. Your Honor denied that request. ECF Doc.

---

[1] Gallingly, in opposition to the Friedman Defendants' motion to compel, Plaintiff's manager Jeremiah Brach claimed that Plaintiff does not maintain any of this information in its PowerBI system but failed to explain to this Court why Plaintiff has not produced the backup data in its accounting system. *See* ECF Doc. No. 248. This "clever" elision is yet another attempt by Plaintiff to avoid this Court's orders and shirk its obligations under the Federal Rules.

No. 240 (Text Order).[2] Since that time, the Friedman Defendants served Plaintiff with the affirmative expert report of Keith Sterling, its expert regarding operating a business on Amazon, and is preparing its rebuttal of the expert report served by Plaintiff. However, because of the Plaintiff's failure to produce the requested information relevant to the Friedman Defendants' counterclaims, we are now moving to extend the Friedman Defendants' time to submit an affirmative report from the expert that will calculate the amounts owed to the Friedman Defendants' on its counterclaims.

Pursuant to F.R.C.P. Rule 16(b)(4), this Court may modify the schedule for expert discovery "only for good cause and with the judge's consent." Fed. R. Civ. P. 16. As the Second Circuit has held, "[a] finding of good cause depends on the diligence of the moving party." Grochowski v. Phoenix Construction, 318 F.3d 80, 86 (2d Cir. 2003). Here, the Friedman Defendants have diligently pursued information pertaining directly to their counterclaims by serving discovery demands, issuing deficiency letters, meeting and conferring with Plaintiff and, ultimately, moving to compel production of the documents. The documents are in Plaintiff's exclusive possession, and we have no other means of obtaining them except from Plaintiff. As a result of the Plaintiff's stonewalling, the Friedman Defendants are effectively being precluded from offering expert testimony on their counterclaims. See Sealed Plaintiff No. 1 v. Sealed Defendant No. 1, 221 F.R.D. 367 (N.D.N.Y. 2004) (good cause demonstrated and extension of time to serve expert disclosure granted because the need for an additional witness arose after the deposition of a witness and not due to any conduct of the moving party).

Therefore, the Friedman Defendants respectfully request that Your Honor permit them to serve an expert report as to their counterclaims within 30 days after the Plaintiff produces the documents listed on Exhibits A and B to this letter. We thank the Court for your time and consideration.

ALLYN & FORTUNA LLP

/s/ Nicholas Fortuna

Nicholas Fortuna

Cc : All counsel (via ECF)

---

[2] In connection with the denial, Your Honor stated that "Plaintiff has failed to produce information from its accounting system that provides a breakdown of how it calculated commissions paid to Friedman/Ilowitz and backup for same. These documents should be readily accessible to the parties and produced forthwith." Plaintiff has failed to comply with this Order.