USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/29/2025

NEW YORK
400 MADISON AVE., 10TH FL
NEW YORK, NEW YORK, 10017
TELEPHONE:(212)213-8844
FACSIMILE: (212)213-3318

September 22, 2025

> Pursuant to this Court's rules, a pre-motion conference is not required for a motion for reconsideration. (Individual Practices in Civil Cases, Rule III.b.) The Court construes the letter as the briefing on the motion. The Plaintiff shall file a responsive letter by October 1, 2025.
>
> SO ORDERED: 09/29/2025
> /s/ Katharine H. Parker
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE

**VIA CM/ECF**

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17D
New York, New York 10007

    Re:   *Sound Around, Inc. v. Friedman et al.*
            *Case No. 1:24-cv-01986*

Dear Judge Parker:

      This firm represents Defendants Moises Friedman, Shulim Eliezer Ilowitz, ML Imports, Inc., CYRF, Inc., LRI Group, LLC, MDF Marketing Inc., and World Group Import, LLC ("Friedman Defendants") in the above-referenced matter. I write to request a pre-motion conference prior to filing a motion for reconsideration of the Opinion and Order on Cross-Motions to Compel Production of Documents (ECF Doc. No. 255, hereinafter the "Opinion") pursuant to Local Civil Rule 6.3 and Rule III(b) of Your Honor's Individual Practices in Civil Cases. For the reasons stated herein, the Friedman Defendants request that Your Honor reconsider her decision denying their motion to compel the production of documents in response to Defendant's Document Requests 18, 20-22, and 52, which was based on data and overlooked by the Court. *See* Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (holding that reconsideration requires the moving party to "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"). As detailed herein, the documents and information sought in response to Request Nos. 18 and 20-22, which concern Plaintiff's business expenses, exist within Plaintiff's accounting system, which Plaintiff has never effectively searched – a further occasion of Plaintiff "create[ing] unnecessary motion practice and ma[king] discovery much more contentious than it had to be." *See* Opinion, pg. 14. The documents sought in response to Request No. 52, which seek Zen Desk communications and concern Plaintiff's scheme to purchase online review from customers, are also relevant. Despite finding that Plaintiff never conducted a search for responsive documents, this Court refused to compel production. produced documents in response. As such, this Court should reconsider its denial of the Friedman Defendants' motion to compel and order Plaintiff to produce its accounting records related to its expenses for tariffs, shipping, transportation, storage, administrative and finance fees, and retailer fees, as well as documents pertaining to Zen Desk customer service communications concerning product reviews.

      It is important to note at the outset that the Court found that the information sought from

Plaintiff by the Friedman Defendants regarding sales commissions and the expenses deducted therefrom and the Zen Desk communications "pertain to the claims and defenses and therefore are relevant."[1] Opinion, pg. 13. Further, the Court found that Plaintiff made improper objections to these relevant requests, improperly withheld relevant documents, and generally did not act within the spirit of the Federal Rules. *See* Opinion, pg. 14. However, despite these findings, the Court mistakenly declined to compel Plaintiff to produce relevant documents directly pertaining to the Friedman Defendants' Counterclaims for two reasons. First, Plaintiff purposefully misled the Court into misapprehending the nature of the PowerBI system and its relationship to the Plaintiff's accounting records.[2] To the extent this Court believed Plaintiff's claim that PowerBI is a live system that "apparently does not maintain historical data" (*see* Opinion, pg. 15), PowerBI functions by processing data input into its system from other sources, such as Excel files and databases, and creating the user's desired reports. As an example, in order to create a report regarding sales of a certain product over a certain period of time in PowerBI, Plaintiff would link the sales data contained in its GoFlow database and other databases to PowerBI, which would incorporate that data into the report. As another example, in order to display deductions from commissions for tariffs in reports on PowerBI, Plaintiff would link the tariff expenses in its QuickBooks general ledger and other accounting ledgers to PowerBI, which would incorporate that data into the report. This means that the raw data for each of the elements that goes into the PowerBI system exists separately within Plaintiff's custody and control and is capable of being produced by Plaintiff. Even if these expense are not maintained in a form that shows the expenses related to the Individual Defendants' products, the Friedman Defendants are entitled to discovery into Plaintiff's actual expenses so that it can calculate the shortfall in their own commissions. Plaintiff's deliberate obfuscation regarding how the PowerBI system works (and the evasive information provided to the Court by its principal Jeremiah Brach) contributed to the Court's misapprehension of the information sought by the Friedman Defendants and where that information is located.

Second, the Court mistakenly concluded that Plaintiff searched for documents related Request Nos. 18, 20, 21, and 22 and produced everything within its possession that was responsive to those requests. *See* Opinion, pg. 14. This is patently not the case. A review of the index of documents produced by Plaintiff in discovery demonstrates that, of the 119,599 pages produced by Plaintiff, all but 501 pages are mostly useless and largely irrelevant email correspondence and attachments. This demonstrates that, instead of making a good faith search for documents regarding expenses deducted incurred by Plaintiff and deduced from sales commissions located in Plaintiff's GoFlow system, its QuickBooks system, or in its accounting records, Plaintiff instead dumped tens of thousands of pages of irrelevant and banal email correspondence that were not responsive to the Friedman Defendants' Requests.

Indeed, in Plaintiff's Memorandum of Law submitted in opposition to the Friedman Defendants' motion to compel, Plaintiff admits that it limited its search for documents responsive to Request Nos. 18, 20, 21, and 22 to its email system. *See* ECF Doc. No. 247, pgs. 8-9. This is insufficient and not in compliance with Plaintiff's obligations under Rule 26. *See* <u>NAACP Legal Def. & Education Fund, Inc. v. Department of Justice</u>, 463 F. Supp. 3d 474, 488 (S.D.N.Y. 2020) (holding

---

[1] Although the Court concluded that the Zen Desk communications pertained to one the Friedman Defendants' counterclaims, they also form a defense to Plaintiff's claim that Friedman stole funds from Plaintiff, when in fact Plaintiff reimbursed Friedman for rebate and reimbursement payments made on Plaintiff's behalf.

[2] See PowerBI instructional video from Kevin Stratvert for more information:
https://youtu.be/VaOhNqNtGGE?si=G1blMrYIJ2mgcpKK

that search for responsive records was insufficient because the searching party failed to search all locations likely to contain responsive records). Plaintiff then blamed the Friedman Defendants for Plaintiff's failure to locate documents by demanding that the Friedman Defendants provide "search terms of locations they believe would contain these reports or information." Id., pg. 10. However, that is not the Friedman Defendants' obligation; it is "the responsibility of the producing party to demonstrate what is responsive to discovery demands and to make arrangements to preserve and produce relevant information." Royal Park Investors SA/NA v. HSBC Bank USA National Association, 2016 WL 11805202, at *1 (S.D.N.Y. July 15, 2016). And regardless, counsel for the Friedman Defendants had already informed Plaintiff during numerous meet and confer sessions that if historical PowerBI reports could not be located, Plaintiff was responsible for searching its accounting system for the underlying data pertaining to sales commissions and expenses deducted therefrom. Plaintiff refused to do so, despite the undisputed relevance of the information sought and this Court's confirmation on the record that such information should be produced.[3] To this date, Plaintiff has never certified to this Court that it searched beyond its email system for documents responsive to Request Nos. 18, 20, 21, and 22, because no such search has been conducted, even after this Court directed the Plaintiff to produce such documents during the June 18, 2025 status conference. See ECF Doc. No. 207.

The Court directed the parties that they have an obligation under the Federal Rules to act professionally and engage in a robust meet and confer process in order to resolve discovery issues. The Friedman Defendants followed these obligations diligently and provided all relevant discovery in compliance with this Court's orders. The Plaintiff, however, has not engaged in discovery in good faith. Since the inception of this case, Plaintiff has made overbroad discovery demands, subpoenaed third parties inappropriately, demanded immediate and repetitive depositions of the Friedman Defendants, and repeatedly accused the Friedman Defendants of being "liars." Now, in a further act of bad faith, Plaintiff has exploited the discovery process to effectively stonewall the Friedman Defendants' attempts to obtain relevant documents within their custody and control. Therefore, the Court's denial of the Friedman Defendants' motion to compel as to Request Nos. 18, 20-22, and 52 should be reconsidered and, upon reconsideration, the Friedman Defendants are entitled to an order compelling Plaintiff to conduct a good faith search of its accounting system for documents related to its expenses for tariffs, shipping, transportation, storage, administrative and finance fees, and retailer fees in response to Request Nos. 18 and 20-22 and to search for documents in response to Request No. 52. Counsel for the Friedman Defendants are available for a pre-motion conference to discuss the filing of a formal motion for reconsideration, if required by the Court, and a proposed briefing schedule. Thank you for your consideration.

Sincerely,

/s/Nicholas Fortuna

Nicholas Fortuna

cc: All counsel (via ECF)

---

[3] Plaintiff has also failed to clarify to counsel for the Friedman Defendants "what documents Sound Around is still withholding pursuant to its objections," such as documents related to product costs and sales information requested in Request No. 13, as ordered by this Court.