```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
SOUND AROUND, INC.,                       :    24cv1986 (DLC)
                                          :
                      Plaintiff,          :    ORDER
                                          :
              -v-                         :
                                          :
MOISES FRIEDMAN et al.,                   :
                                          :
                      Defendants.         :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

This case has been referred to Magistrate Judge Katharine H. Parker for general pretrial purposes. In an Opinion of September 8, 2025, Judge Parker addressed and largely denied a motion to compel production of documents and supplementation of interrogatory responses by plaintiff Sound Around, Inc. ("Sound Around"), as well as a cross motion to compel documents by defendants Moises Friedman, Shulim Eliezer Ilowitz, ML Imports, Inc., CYRF, Inc., LRI Group, LLC, MDF Marketing Inc., and World Group Import, LLC (the "Friedman Defendants"). On September 22, Sound Around filed objections to the September 8 Opinion. On September 29, the Friedman Defendants filed an opposition to those objections.

This Court's standard of review of a magistrate judge's non-dispositive order is governed by Rule 72(a), Fed. R. Civ. P. That rule provides that after a party files timely objections to

the magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Sound Around has not identified any basis to conclude that Judge Parker's September 8 Opinion was erroneous, much less "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Generally, as Judge Parker as described, Sound Around seeks overbroad categories of documents and does not adequately establish that discoverable documents exist that have not been produced. The broad nature of Sound Around's pleadings does not, on its own, justify the breadth of discovery that it has sought. To some extent, Sound Around appears to have difficulty supporting its requests because it lacks records customarily kept by businesses of its size.

The only issue that warrants further discussion is Sound Around's request for WeChat communications. Sound Around requests that the defendants be required to search the WeChat platform or certify that they have done so, and to produce WeChat communications with manufacturers in China "as they were in the process of doing before the Sept. 8 Order was issued." The Friedman Defendants represent in their opposition that they "continue to review WeChat records to determine whether additional relevant documents exist." It therefore appears that

there is no current dispute as to WeChat communications.

Accordingly, it is hereby

ORDERED that Sound Around's September 22 objections to Judge Parker's September 8 Opinion are denied.

Dated: New York, New York
September 30, 2025

                                    _____
                                    DENISE COTE
                                    United States District Judge