**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SOUND AROUND, INC.,

                                Plaintiff,

     -against-

MOISES FRIEDMAN et al.,

                              Defendants.
-----------------------------------------------------------------X

**24-CV-1986 (DLC) (KHP)**

**OPINION AND ORDER ON MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Defendants Moises Friedman, Shulim Eliezer Ilowitz, ML Imports, Inc. ("MLI"), CYRF, Inc. ("CYRF"), LRI Group, LLC ("LRI"), MDF Marketing, Inc. ("MDF"), and World Group Import, LLC ("WGI") (collectively, the "Friedman/Ilowitz Defendants"), move pursuant to Federal Rules of Civil Procedure 37 and 45 for an order compelling production of documents in the possession of third parties Saul Friedman, CPA, and Steven L. Topal, CPA, (together, the "Accountants") – both accountants of Plaintiff at various points in time. Defendants say these documents are relevant to the instant proceeding. The Court ordered that "[o]pposition to the motion will be due September 29, 2025," but only Mr. Topal filed a response. Notably, Plaintiff did not oppose the motion, but separately, Plaintiff served objections to the requests on Defendants regarding the requests made of its accountants for some, but not all, of the requests in the subpoenas. For the reasons that follow, the Court grants in part and denies in part the motion to compel.

**BACKGROUND**

This is an action alleging that Defendants Moises Friedman and Shulim Eliezer Ilowitz, along with the other Defendants, misused proprietary information entrusted to them in connection with Friedman and Ilowitz performing services for Plaintiff Sound Around, Inc.

1

("Sound Around"). (ECF No. 1.)  Plaintiff alleges that Friedman and Ilowitz (together, the "Individual Defendants") were employees of Plaintiff who conspired with ML, CYRF, LRI, MDF, and WGI (together, the "Corporate Defendants") to misappropriate confidential and trade secret information, divert corporate opportunities for their own benefit, use Plaintiff's trademarks and trade dress to market competing products, and steal "hundreds of thousands (if not millions) of dollars from the company to build their business, pay their personal debts and expenses, and compete directly with Sound Around." (Compl. ¶ 2.)  Defendants' Answer with Counterclaims (ECF No. 258-1) largely denies these allegations and asserts a number of affirmative defenses.

Defendants say, in essence, that the Individual Defendants began as employees of Plaintiff but Friedman became an independent contractor in or around January 2019. (ECF No. 258-1 ¶ 444.)  Further, in or around 2022, Ilowitz allegedly became an independent contractor of Plaintiff.  (ECF No. 258-1 ¶ 467.)  The Individual Defendants would each receive sales commissions of ten percent (10%). (ECF No. 258-1 ¶¶ 442, 468.)  The Defendants allege that Plaintiff would "charge Friedman and Ilowitz with certain actual costs associated with their products, including" import tariffs and duties, storage costs, transportation costs, marketing and advertising costs, and Amazon retailer costs. (ECF No. 258-1 ¶ 480.)  However, Plaintiff also allegedly "cheat[ed]" the Individual Defendants by "drastically reduc[ing] the sales commissions" they received. (ECF No. 258-1 ¶ 481.)  The Answer with Counterclaims details the specifics of this alleged scheme. (ECF No. 258-1 ¶¶ 482-533.)  The Friedman/Ilowitz Defendants have counterclaims against Plaintiff sounding in breach of contract, tortious interference with

contractual relations and prospective economic advantage, conversion, and common law indemnification.

On July 24, 2025, the Defendants served third-party subpoenas on the Accountants. (ECF Nos. 258-2 to -3.) The subpoena made seven requests for production: (1) federal, state, and local income tax returns for Plaintiff and related entities (such as Jazzy Electronics Corp., Pyramid Sound, and the Brach Family Foundation); (2) records pertaining to payments from Plaintiff (and related entities) to the Defendants; (3) records pertaining to moneys received by Sound Around and related entities from sales; (4) form 1099s and/or W-2s issued by Sound Around or related entities to the Defendants; (5) payroll records of Sound Around related to the Individual Defendants; (6) records of Sound Around's business expenses; and (7) accounting ledgers listing expenses and revenue of Sound Around. (ECF Nos. 258-2 to -3.) Both subpoenas' document requests are identical. Since issuing the subpoenas, the Friedman/Ilowitz Defendants have clarified that the temporal scope is 2019 through 2024. The information requested relates primarily to the claims for breach of contract related to payment of commissions and the defense that Defendants Friedman and Ilowitz were independent contractors, not employees of Plaintiff. The information is sought from Plaintiffs' accountants because Defendants say Plaintiffs have produced little documentation concerning their computation and payment of Friedman's and Ilowitz's commissions, apparently on the ground they did not have such documentation.

Plaintiff objected and responded to the subpoenas, as did Mr. Topal (along with his accounting firm, Prager Metis). Saul Friedman did not respond. Neither Sound Around nor Mr. Topal objected to requests (4) or (5), although Mr. Topal stated he did not have any documents

responsive to request (4).  Both asserted to request (2) as overbroad and to requests (1), (3), (6), and (7) on multiple grounds including overbreadth, relevance, burden, and confidentiality. (ECF Nos. 258-7 to -8.)

At oral argument on October 3, 2025, Mr. Topal clarified that his objections were entirely coextensive with Sound Around's objections.  For its part, Sound Around represented on the record that it did not object to any of the seven document requests as to documents relating to Sound Around or Jazzy Electronics.  However, Sound Around objected to the subpoena to the extent it called for documents from Brach Family Foundation and Pyramid Sound on the grounds neither had documents relevant to the claims or defenses in this action.  After oral argument on the motion, Sound Around submitted a letter in which it corrected prior representations to the Court and noted that Pyramid Sound may have relevant records. (ECF No. 286, at 3-4.)

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 45 permits a party to command a non-party to produce documents and provide deposition testimony. *See* Fed. R. Civ. P. 45. The issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  Additionally, the Court notes that a party's requests under a Rule 45 subpoena are cabined by Rule 26(b), which limits discovery to information that is both relevant and proportional to the needs of the case.

Upon motion, the court "must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).  Likewise, a court must quash a subpoena if it requests

documents beyond the scope of discovery permitted under Rule 26(b). *See Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (citing *During v. City Univ. of N.Y.*, No. 05-cv-6992 (RCC), 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) (collecting cases)).

Motions to compel are "entrusted to the sound discretion of the district court," *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000), *cert. denied*, 531 U.S. 1015, and "[a] trial court enjoys wide discretion in its handling of pre-trial discovery." *In re Finch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (citations and quotation marks omitted).

The party seeking discovery bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome. *See* Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 45(d)(3)(A)(iv); *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012). "When evaluating undue burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed." *Lelchook v. Lebanese Canadian Bank*, 670 F. Supp.3d 51, 55 (S.D.N.Y. 2023).

## **DISCUSSION**

Insofar as Mr. Topal is amenable to producing documents so long as his client — Sound Around — does not object, and insofar as Sound Around has indicated it does not object to production of the documents sought through the subpoenas with regard to Sound Around, Pyramid Sound, and Jazzy Electronics, the motion to compel is moot. Mr. Topal and Mr. Friedman shall produce all documents responsive to the subpoena within two weeks of this Opinion and Order.

Thus, the remaining disputes center around whether Mr. Topal and Mr. Friedman must produce documents in their possession pertaining to non-party Brach Family Foundation.[1] Although Rule 26(b)(1) sets the boundaries of the discovery that may be sought by a party, including via subpoena, the Defendants only cursorily explain the relevance of the documents sought as pertaining to their counterclaims and do not provide any argument for why the requests, as phrased are proportional to the needs of the case. They provide no clear basis for believing the Foundation has any relevant documents.

During a hearing on the motion to compel, Sound Around's counsel represented to the Court on the record, and in a subsequent letter (ECF No. 286, at 3-4), that Pyramid Sound is a related entity and established solely as a California payroll entity to pay employees in California. Thus, it does not have any records pertaining to payments made to the Defendants or sales made by the Defendants. However, it now appears that there was a revenue allocation to Pyramid Sound "relating to products shipped from the state of California" prior to 2022. (ECF No. 286, at 4.) Accordingly, Pyramid Sound may have documents relevant to sales attributable to Defendants Friedman and Illowitz and computation of their commissions, which fall within categories of document sought. As a result, the motion to compel is granted as to Pyramid

---

[1] Defendants raise a standing issue as to Mr. Topal's ability to challenge the subpoena. However, Mr. Topal's counsel represented on the record that he asserts no independent objections or challenge to the subpoena outside of what his client, Sound Around, objected to or challenged. As such, the Court does not address the standing argument and accepts both Mr. Topal's opposition and Sound Around's arguments on the record at the conference to constitute Sound Around's opposition to the motion, which it has standing to oppose documents pertaining to Pyramid Sound – a related entity – because it has a privacy interest in the documents sought since they pertain to financial records. *See Warnke*, 265 F.R.D at 66. Sound Around has not set forth a basis why it has standing to object on behalf of the Brach Family Foundation (though Defendants have also not shown its relevance, as discussed *infra*). That entity has not made an appearance in this matter.

Sound. Accountants Friedman and Topal shall produce documents pertaining to Pyramid Sound responsive to the subpoenas within 14 days of this Opinion and Order.

Sound Around's counsel informed the Court that the Brach Family Foundation (the "Foundation"), never made payments to Sound Around, rather, it stated that Sound Around makes a contribution annually to the Brach Foundation. For their part, Defendants failed to establish why records of the Foundation are relevant to this action. Under Rule 26, a party may only seek discovery (including through a Rule 45 subpoena) that is relevant to the claims and defenses. Accordingly, the Court denies the motion to compel to the extent Defendants seek the records pertaining to the Foundation.

## Conclusion

The combined effect of the on-the-record representations of the October 3, 2025 oral argument and case management conference is that the motion is **granted in part as set forth above.** The motion is otherwise **denied**. Accountants Topal and Friedman shall produce documents in their possession responsive to the subpoena pertaining to Sound Around, Pyramid Sound, and Jazzy Electronics for the period 2019 through 2024. They shall produce these records within 14 days of this Opinion and Order.

**SO ORDERED.**

Dated: October 7, 2025
New York, NY

_____
Katharine H. Parker
United States Magistrate Judge