**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SOUND AROUND, INC.,

                                  Plaintiff,                      **24-CV-1986 (DLC) (KHP)**

                -against-

                                                        **OPINION AND ORDER ON**
MOISES FRIEDMAN et al.,                                **MOTION FOR RECONSIDERATION**
                                                        **AND ON ADDITIONAL DISCOVERY**

                                  Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

        Defendants Moises Friedman, Shulim Eliezer Ilowitz, ML Imports, Inc., CYRF, Inc., LRI Group, LLC; MDF Marketing Inc.; and World Group Import, LLC (the "Friedman Defendants") move for reconsideration of the Court's order at ECF No. 255 denying their motion to compel Sound Around to Produce certain documents. (ECF No. 272.) The Court held a hearing on October 3, 2025 on the motion for reconsideration, at which time the Friedman Defendants informed the Court that a Sound Around witness who was deposed on September 30, 2025, Hershy Green, had identified a database called the "Data Warehouse" containing information pertinent to their sales and calculation of their commissions. They contended that the testimony demonstrated that Sound Around had lied to or misled the Court about the existence of data and failed to produce information that was responsive to their document requests. Accordingly, they made an oral motion for production of data from that database so that they can compute their commissions, which they contend in their counterclaims were improperly computed.

        Sound Around for its part argued that it didn't know about the database before September 30 and, in any event, it was not required to produce information from the database

because it consists of "raw data" and would require it to create a document, which it contended is not required by the Federal Rules of Civil Procedure. It also argued that the Friedman Defendants should have identified the database and proposed search terms for it. In response to Sound Around's statements in Court on October 3, 2025, counsel for Executive Laundry interjected as an officer of the Court to say that Sound Around's counsel, at least in practical effect, was misrepresenting the data systems. The Court, troubled by these developments, ordered Sound Around to provide a letter to the Court by close of business on October 6, 2025, explaining itself and the contents of the Data Warehouse, why it had not been identified earlier and why relevant data elements relevant to the computation of defendants' commissions could not be produced in the form of a spreadsheet or other format (e.g., Comma Separated Value (.CSV)). Sound Around's letter is filed to the docket as ECF No. 286.

I address both (1) the motion for reconsideration and (2) the oral motion for production of data from the Data Warehouse below, which the Court treats as a new motion to compel production of information from a newly identified database pursuant to Rule 37.[1]

### MOTION FOR RECONSIDERATION

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3. Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal citation and quotation marks omitted).

---

[1] Consistent with construing the oral motion as a new motion to compel, the Court treats Sound Around's letter and oral statements on the record as its principal opposition. (*See* ECF No. 286.) The Friedman Defendants subsequently filed a response to that letter, which is treated as the reply, together with their statements on the record. (*See* ECF No. 289.)

The Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is also justified where the moving party demonstrates "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007). The standard aims to prevent a losing party from "plugging the gaps of a lost motion with additional matters." *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). In other words, a Motion for Reconsideration is not an opportunity for the moving party to take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted). A motion for reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Familiarity with the underlying facts of this discovery dispute is presumed. (*See* ECF No. 175, at 1-4; ECF No. 255, at 2-3.) Defendants specifically raise five document Requests for Production ("RFP") (Nos. 18, 20-22, and 52) they wish the Court to revisit, which fall into two basic categories: (1) requests regarding Friedman's and Ilowitz's sales commissions (and charges/fees deducted therefrom) (RFP Nos. 18, 20-22), and (2) requests regarding Plaintiff's "solicitation and/or purchase of online reviews from consumers" (RFP No. 52).

The prior motion to compel dealt primarily with the "Power BI system," which Sound Around identified as the system used to compute commissions and from which is occasionally printed reports. Sound Around searched for and produced any and all printed reports from the Power BI system it could locate, principally through email searches to the extent these reports were attached to emails. The Friedman Defendants' briefing on the motion was cursory and convoluted, and therefore, the Court largely denied the motion because defendants failed to identify responsive documents and information they thought existed but were not produced and further failed to demonstrate that Sound Around's declarants were making misrepresentations about the Power BI system. Little information was provided about solicitation and/or purchase of online reviews from consumers in the motion. The Court did, however, require Sound Around to provide supplemental responses to its document responses clarifying whether it was actually withholding responsive documents and information based on its objections – something required by Rule 34.

The motion for reconsideration largely raised new arguments not raised in the earlier motion and mentioned software programs/systems Zen Desk and Quick Books that were not mentioned in the prior motion, even though Defendants were aware of these software programs/systems at the time they filed the motion. It is inappropriate to raise new arguments in a motion for reconsideration that were not raised in the initial motion. Defendants do not point to any information the Court overlooked or new information in their written motion. Nor do they provide a basis for finding that this Court made a clear error. The motion for reconsideration is therefore denied. Further, and in any event, Sound Around represented at the argument on October 3, 2025 that it had provided information from the Zen Desk system in

response to defendant's inquiry and that it had produced information from Quick Books showing total commissions paid to Friedman and Ilowitz. It also stated that it had complied with the Court's order to detail any responsive information it was withholding based on its objections.

For these reasons, the motion for reconsideration is denied.

## NEW ORAL MOTION TO COMPEL

The new motion to compel made orally on October 3, 2025 is based on new information learned in discovery and has substantial merit. It is now clear from the argument in Court on October 3 and Sound Around's letter submission, that Sound Around and its counsel utterly failed to identify relevant repositories of electronically stored information pertinent to defendants' counterclaims concerning the calculation of their commissions as required by the Federal Rule of Civil Procedure. This Court has been critical of Sound Around's conduct in discovery in various rulings but has not imposed sanctions. Sanctions are now clearly warranted for Sound Around's conduct in discovery, because it is now clear that data does exist in the Data Warehouse relating to sales of products, tariffs and other expenses used to compute defendants' commissions.

Sound Around's counsel is absolutely wrong that it is/was not required to produce responsive information stored as data in systems over which it has custody and control.[2]

---

[2] Sound Around has never represented it does not have custody and control over its data warehouse about which its information technology witness testified. Further, "custody and control" is construed broadly, and a party's legal ownership or actual physical possession of documents are not required. *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, 334 F.R.D. 68, 72 (S.D.N.Y. 2020). Rather, the documents are under a party's control where it has "the right, authority, or practical ability to obtain the documents from a non-party to the action." *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146-47 (S.D.N.Y. 1997). If a corporate entity may in its ordinary course of business obtain documents held by another entity—say, a vendor—courts find the entity has control over

5

Federal Rule of Civil Procedure 34 has long required responding parties to conduct a reasonable search for documents and information relevant to the claims and defenses. Perhaps Sound Around's counsel has not read Rule 34 or case law interpreting it in the last twenty years or is simply unaware of their ethical duty under New York Rule of Professional Conduct 1.1 to stay up-to-date on technology relevant to their practice and requirements of applicable rules of Civil Procedure.

The Advisory Committee Notes to Rule 34 from 2006 go into detail about obligations of responding parties to produce electronically stored information (ESI). They make clear that "documents" includes ESI and state that it is "improper to allow a party to evade discovery obligations on the basis that the label [of "document"] had not kept pace with changes in information technology." Fed. R. Civ. P. 34, 2006 Advisory Comm. Note. It explains that the 2006 amendment to Rule 34 was intended to "confirm" that discovery of ESI "stands on equal footing with discovery of paper documents" including ESI stored in "dynamic databases" and other systems. *Id.* The notes also clearly state that a producing party must, if necessary, translate ESI into a reasonably usable form (e.g., producing structured data in the form of an excel spreadsheet). *Id.* In today's world, that relevant information is contained in databases is well known—financial information that exists as data in databases is ubiquitous. That Sound Around's lawyers did not look for and produce relevant financial data pertaining to the calculation of defendants' commissions is inexcusable.

---

the records in possession of the vendor. *See S.E.C. v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 472 (S.D.N.Y. Oct 28, 2009) (collecting cases where corporations have control over documents held by other entities).

To the extent Sound Around blames defendants for failing to identify the database or provide search terms, its blame is misdirected.  As the responding party, Sound Around is best situated to identify repositories of potentially responsive and relevant ESI and the best way of producing it in a usable form.  Indeed, the 2006 Advisory Notes specifically recognize this and states that Rule 34 does not require the requesting party to choose a form or forms of production because it may not know the form in which ESI is maintained.

Sound Around's counsel also failed to review the undersigned's rules and "Discussion Topics/Considerations for Parties for Use at Rule 26(f) Conference" ("Rule 26(f) Topics") published on the Court's website.  They set forth this Court's expectations, including "(1) Competence.  Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf."  The undersigned's Rule 26(f) Topics also expressly address the duty to preserve data; the identification of relevant computer systems and databases; the production of ESI including from databases; the forms of production; and the custodians of relevant ESI including if in the custody or control of non-parties, among other topics.  The undersigned has prepared and published documents *precisely* to avoid situations like the one presented in this case.  It is clear that Sound Around's counsel did not review the undersigned's webpage or, if they did, simply chose to ignore the Discussion Topics document.

Further, the Sedona Conference, an industry thought leader in e-discovery, has long published guidance for lawyers on how to preserve and produce databases and database information.  *See generally, e.g.*, The Sedona Conference, *The Sedona Principles, Third Edition:*

7

*Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 SEDONA CONF. J. 1 (2018) (hereinafter "The Sedona Principles"); *see also* The Sedona Conference, *Database Principles Addressing the Preservation and Production of Databases and Database Information in Civil Litigation*, 15 SEDONA CONF. J. 205 (2014) (hereinafter "Database Principles"). In July 2025, it published yet another commentary for public comment regarding the preservation and production of database information. The Sedona Conference, *Database Principles: Public Comment Version* (as of July 2025), https://perma.cc/HM5Y-CBDR (last visited Oct. 8, 2025). Sound Around's counsel would be well advised to read the publications of the Sedona Conference and improve their knowledge of their obligations in terms of ESI discovery.

What the Sedona Conference and many courts have recognized is that responding parties may need to extract data from databases, even if that requires assistance from systems specialists (and it often does). Often, a producing party may need to create a special query to extract only certain relevant data fields from a database. That was not done here, as it should have been. While existing reports, such as those sometimes printed or downloaded from the Power BI system, can sometimes be used to extract data, in this case, the reports do not provide a full picture of how defendants' commissions were computed over time; more was required than simply searching for such reports. *Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, No. 18-cv-4476 (LJL) (JW), 2024 WL 1856302, at *2 (S.D.N.Y. Apr. 26, 2024) ("[C]ourts regularly require parties to produce reports from dynamic databases, holding that the technical burden . . . of creating a new dataset for litigation does not excuse production.") (internal citation and quotation marks omitted); *North Shore-Long Island Jewish Health System, Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 51 (E.D.N.Y. 2018) (recognizing producing party has

responsibility to create a compilation of data from a database to provide relevant information in a usable format); *McGlone v. Centrus Energy Corp.*, No. 2:19-cv-2196, 2020 WL 4462305, at *3 (S.D. Ohio Aug. 4, 2020) (quoting *Mervyn v. Atlas Van Lines, Inc.*, No. 13 C 3587, 2015 WL 12826474, at *6 (N.D. Ill. Oct. 23, 2015)); *see also Dep't of Finance v. AT&T Inc.*, 239 A.3d 541, 574 (Del. Ch. 2020) ("Querying a database and extracting or exporting information does not constitute the creation of a new document. It is how a party accesses an electronic records-keeping system in the ordinary course of business.").

Sound Around stated in its Monday letter that it contacted someone in India who apparently assists with its Data Warehouse to identify the responsive information that exists and determine how it can be extracted. In a sur-reply letter sent today (ECF No. 289), it states that it now has spreadsheets with all of the information it could extract in the form of a spreadsheet. This is welcome news; however, it should have happened at the outset of discovery, not as the end of discovery approaches and in response to a motion to compel.

In sum, Sound Around and its counsel:

- failed to conduct a reasonable search for relevant repositories of information;
- failed to produce relevant data concerning Defendants' commissions;
- failed to comply with Rule 34's requirements by identifying relevant information that was being withheld on the basis of objections and by failing to produce responsive data;
- misled defense counsel and the Court as to the reasonableness of their search and the existence of information relevant to the computation of defendants' commissions; and
- failed to comply with Rule 26(g) that requires counsel to sign discovery responses attesting that they are complete and correct as of the time it is made.

9

In light of the above, the Friedman Defendants' oral motion to compel production from the Data Warehouse is granted. Sound Around shall identify all data elements relevant to computation of the Individual Defendants' commissions that exists in the data warehouse for the period 2019 to 2024 and produce it within two weeks of this Opinion and Order.

Furthermore, the Court finds that discovery sanctions in the form of attorneys' fees and costs associated with the original motion to compel, the motion for reconsideration, and the oral motion to compel are warranted. Fed. R. Civ. P. 37(a)(3)-(5), (c)(1)(A) & (C), (f). That Sound Around within less than a week is now producing spreadsheets with information that has been sought for months does not avoid this result. *See* Fed. R. Civ. P. 37(a)(5)(A) (providing that "[i]f the motion is granted—*or if the disclosure or requested discovery is provided after the motion was filed*—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay" attorneys' fees) (emphasis added). The Friedman Defendants shall submit their motion for attorneys' fees and costs within two weeks of this Opinion and Order. Sound Around has 14 days thereafter to respond to the motion.

## CONCLUSION

The motion for reconsideration is **denied**. The oral motion to compel is **granted** as set forth above. The Clerk is respectfully directed to terminate the motion at ECF No. 272.

**SO ORDERED.**

Dated: October 8, 2025
New York, NY

Katharine H. Parker
United States Magistrate Judge