USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2025

NEW YORK
400 MADISON AVE., 10TH FL
NEW YORK, NEW YORK, 10017
TELEPHONE:(212)213-8844
FACSIMILE: (212)213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078

October 16, 2025

**VIA ECF**

Hon. Katharine H. Parker
U.S. District Court
500 Pearl Street, Room 750
New York, New York 10007

> The Court will address these issues at the conference scheduled for October 22, 2025. No further filings are requested at this time in response to this request (or the requests made by Plaintiff at ECF No. 291). The Clerk is respectfully directed to terminate the motion at ECF No. 295.
>
> SO ORDERED: 10/17/2025
> /s/ Katharine H. Parker
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE

Re: *Sound Around Inc. v. Friedman et al.*
Case No. 1:24-cv-01986-DLC-KHP

Dear Judge Parker:

    This firm represents Defendants Moises Friedman ("Friedman"), Shulim Eliezer Ilowitz, ML Imports, Inc., CYRF, Inc., LRI Group, LLC, MDF Marketing Inc., and World Group Import, LLC (collectively, the "Friedman Defendants") in the above-referenced matter. I write pursuant to Local Rule 37.2 and Rule II(c) of Your Honor's Individual Practices in Civil Cases to request a pre-motion conference to address four non-party Subpoenas to Testify at a Deposition in a Civil Action (the "Deposition Subpoenas") issued by Plaintiff Sound Around, Inc. ("Plaintiff") on the Friedman's wife Chany Friedman, the Friedman Defendants' certified public accountants Leibish Leser and Abraham Schwartz, and Friedman's brother-in-law Yoel Weiss pursuant to Rule 45. For the reasons set forth herein, this Court should permit the Friedman Defendants to move to quash the Deposition Subpoenas in their entirety.

    <u>The Chany Friedman Deposition Subpoena</u>

    As Your Honor is aware, Plaintiff has recently been inordinately focused on alleged credit card payments that it made between four and six years ago that, due to its own shoddy bookkeeping practices, it now is trying to run down. The Friedman Defendants have represented to Plaintiff and the Court on numerous occasions that they are not aware of any credit card accounts in Mrs. Friedman's name other than those for which statements have already been identified and produced. Further, Plaintiff has subpoenaed Chase directly with a non-party subpoena and even *Chase* was unable to locate any such credit card account.

    On October 9, 2025, counsel for Plaintiff emailed counsel for the Friedman Defendants a copy of a Deposition Subpoena, summoning Mrs. Friedman to a deposition on October 14, 2025

at 9:30am.[1] We have informed Plaintiff's counsel that Mrs. Friedman has no knowledge of any of the transactions at issue, has turned over statements for all credit card accounts in her name, and is not involved in her husband's business. Further, we have advised Plaintiff's counsel that Mrs. Friedman is 9 months pregnant and is expected to go into labor any day now, so that compelling her deposition for no reason in her condition is unreasonable. Despite meeting and conferring with Plaintiff's counsel by Zoom on October 13 and 15, 2025, the parties have been unable to resolve this issue.

### The Accountants Deposition Subpoenas

On July 2, 2025, Plaintiff served Subpoenas to Produce Documents, Information, or Objects on Leibish Leser ("Leser") and Abraham Schwartz ("Schwartz"), the Friedman Defendants' certified public accountants. The subpoenas to produce sought all documents and records related to the Friedman Defendants' personal and corporate tax returns and tax documents for the period from 2019 through the present, as well as all communications with the Friedman Defendants for the same period. Counsel for the Friedman Defendants informed Plaintiff's counsel that we objected to the production of documents by Leser and Schwartz because the requested documents were duplicative of the personal and corporate tax returns produced by the Friedman Defendants on May 9, 2025, pursuant to Your Honor's April 25, 2025 Opinion and Order on Motion for Protective Order With Respect to Plaintiff's Document Requests (the "Protective Order Opinion"). *See* ECF Doc. No. 175, pgs. 18-19.

On October 9, 2025, counsel for Plaintiff emailed counsel for the Friedman Defendants a copy of Deposition Subpoenas, summoning Leser to a deposition on October 13, 2025 at 10:00am and Schwartz to a deposition on October 15, 2025 at 10:00am.[2] The Deposition Subpoenas do not list any subject matter for the deposition, either on the pre-printed form or an Exhibit A, leading the Friedman Defendants to believe that Plaintiff intends to examine Leser and Schwartz broadly regarding about all aspects of the Friedman Defendants' business. However, Plaintiff is already in possession of all of the Friedman Defendants' individual and corporate tax returns and bank statements, so deposing Leser and Schwartz would be duplicative and unnecessary. The Friedman Defendants can only conclude that Plaintiff intends to hold depositions in order to inquire into areas of the Friedman Defendants' private financial dealings in an effort to harass and impose an undue burden on the Friedman Defendants. Despite meeting and conferring with counsel for Plaintiff on October 13 and October 15, 2025 via Zoom to discuss this issue, it remains unresolved.

The Friedman Defendants have complied with each of this Court's various orders regarding the production of financial documents, and any deposition of their accountants would be duplicative and a waste of the parties' resources. This is yet another attempt by Plaintiff to perform an end-run around this Court's previous orders regarding the scope of discovery in this action. In addition to addressing the limits of discovery in the Protective Order Opinion, Your Honor has

---

[1] On October 15, 2025, Plaintiff's counsel emailed an updated Deposition Subpoena for Mrs. Friedman, noticing her deposition for October 17, 2025 at 10:00am. Plaintiff's counsel admitted that Plaintiff had not yet served Mrs. Friedman with the original Deposition Subpoena. It is unclear whether Plaintiff has attempted to serve the updated Deposition Subpoena on Mrs. Friedman.

[2] On October 15, 2025, Plaintiff's counsel emailed updated Deposition Subpoenas, again noticing Leser's deposition for October 13, 2025 at 10:00am but rescheduling Schwartz's deposition for October 20, 2025 at 2:00pm. It is unclear whether Plaintiff served the updated Deposition Subpoenas on Leser and Schwartz.

heard from Plaintiff's counsel at length during Case Management Conferences on December 12, 2024, March 28, 2025, April 28, 2025, and June 18, 2025 on the issue of what information must be produced and the Friedman Defendants have produced the required financial and tax information to Plaintiff pursuant to the Court's directives, which was voluminous.[3] Unsatisfied with this Court's common-sense limitations, Plaintiff continues to issue subpoenas and demand depositions regarding irrelevant and duplicative subject areas in order to harass and burden the Friedman Defendants.

### The Yoel Weiss Deposition Subpoena

On October 9, 2025, counsel for Plaintiff emailed counsel for the Friedman Defendants a copy of a Deposition Subpoena, summoning Yoel Weiss to a deposition on October 14, 2025 at 2:00pm.[4] Counsel for the Friedman Defendants had previously informed Plaintiff's counsel during a meet and confer session on September 30, 2025, that Mr. Weiss is Freidman's brother-in-law, that Friedman loaned money to Mr. Weiss for his cabinetry business Cubitac Carpentry Corp., and that Mr. Weiss has never engaged in business with the Friedman Defendants. As a result of meeting and conferring on October 13 and October 15, 2025, Plaintiff and the Friedman Defendants' counsel are working on an agreement pursuant to which Plaintiff will agree to withdraw the Deposition Subpoena on Mr. Weiss.

The Friedman Defendants therefore request that Your Honor schedule a pre-motion conference to discuss quashing the Deposition Subpoenas, compelling the deposition testimony of Mrs. Friedman and the Friedman Defendants' accountants. Thank you for your consideration.

Thank you for your consideration.

Sincerely,

/s/Nicholas Fortuna

Nicholas Fortuna

cc:    All counsel (via ECF)

---

[3] Another example of Plaintiff's pursuit of discovery despite prior court orders is Plaintiff's recent request to move to compel the production of WeChat communications from the Friedman Defendants. Plaintiff has made this application despite the fact that Your Honor denied their first motion to compel on this issue *and* despite the fact that the Hon. Denise L. Cote denied Plaintiff's Objections to the September 8, 2025 Opinion and Order on Cross Motions to Compel Production of Documents. *See* ECF Doc. No. 282, pgs. 2-3. In her Order, Judge Cote stated that "[t]he Friedman Defendants represent in their opposition that they 'continue to review WeChat records to determine whether additional relevant documents exist.' It therefore appears that there is no current dispute as to WeChat communications." *See* ECF Doc. No. 282, pgs. 2-3. Notwithstanding this clear limitation, Plaintiff is doggedly pursing additional motion practice to reverse this Court's prior orders, which it refuses to respect.

[4] On October 15, 2025, Plaintiff's counsel emailed an updated Deposition Subpoena, noticing Mr. Weiss' deposition for October 21, 2025 at 10:00am. It is unclear whether Plaintiff has served the updated Deposition Subpoena on Mr. Weiss.