UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SOUND AROUND, INC.,

                         Plaintiff,                  24-CV-1986 (DLC) (KHP)

      -against-                    CASE MANAGEMENT ORDER

MOISES FRIEDMAN et al.,

                        Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

The parties in the above-captioned case appeared before the undersigned for a case management conference on October 22, 2025. The Court ordered the following on the record:

- The Plaintiff's letter (ECF No. 291), which requested an order compelling (1) WeChat communications; (2) credit card statements from Chany Friedman; (3) agreements between the Friedman Defendants and Amazon; and (4) a Department of Social Services ("DSS") authorization for Orange County, is **granted in part** and **denied in part** as follows:

    - Insofar as Defendants have agreed to and are producing any relevant WeChat communications, there is no need to compel production. However, in light of the impending close of discovery, the Friedman Defendants shall produce those communications by **October 29, 2025**. No extensions.

    - The request for credit card statements from Chany Friedman is **granted**. Plaintiff may obtain the records via subpoena to Chase.

- o   The request for the Amazon Agreements is **granted in part** to the extent that the Friedman Defendants shall produce the Amazon Agreements for the 118 products previously identified by defendants and consistent with this Court's prior orders limiting the scope of discovery to these 118 products.  (ECF No. 191 (entering the initial protective order regarding the product limitations); ECF No. 255, at 17-20 (denying Plaintiff's subsequent motion to compel in part based upon the fact that Sound Around had made no showing that the product limitation should be expanded); ECF No. 274, at 3-11 (objecting to the product limitations in the Court's September 8, 2025 order); ECF No. 282 (overruling Sound Around's objections to the September 8 order).  Alternatively, Plaintiffs also may subpoena Amazon for agreements related to the 118 products.  For the reasons set forth on the record, Plaintiff failed to demonstrate that broader discovery is proportional to the needs of the case.
  - o   The request for DSS authorizations is **denied as moot** as Plaintiff represented on the record at the conference that they obtained those authorizations from the appropriate defendants.
- The Friedman Defendants' letter (ECF No. 295) is **granted in part** and **denied in part** as follows:
  - o   The Court **denies as premature** the request to quash the subpoena of Mrs. Chany Friedman.  There is no live dispute as the Plaintiff is not currently attempting to depose her.  The request may be renewed at an appropriate time if there is a live dispute about the need to depose her.

2

- - The Court **grants** the request to quash the subpoenas for documents and depositions of the accountants. The subpoenas are not proportional to the needs of the case.
  - The Court **grants** the request to quash the subpoena of Mr. Yoel Weiss. Plaintiff has failed to show any factual basis indicating that Mr. Weiss has knowledge relevant to the claims in this case. Further, the deposition is disproportionate to the needs of the case given the discovery that has been conducted thus far.
- Regarding the Friedman Defendants' request to extend the discovery schedule solely for purposes of preparing and serving an affirmative report regarding the computation of Defendants' commissions, the parties shall meet and confer and file a letter no later than **October 27, 2025**. The letter shall address whether the extension is on consent, whether the additional discovery will impact summary judgment briefing, and the length of time needed to prepare the report.
- Although the parties indicated it is premature to discuss settlement, if their position changes, the parties shall file a letter requesting a settlement conference if they believe a conference would be helpful in resolving the claims in this litigation.

**SO ORDERED.**

Dated: October 22, 2025
New York, NY

_____

Katharine H. Parker
United States Magistrate Judge

3