UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOUND AROUND, INC.,

           Plaintiff,

v.

MOISES FRIEDMAN, SHULIM ELIEZER
ILOWITZ, ML IMPORTS, INC., CYRF, INC.,
LRI GROUP, LLC, EXECUTIVE SERVICES,
EXECUTIVE LAUNDRY, LLC, MDF
MARKETING, INC., WORLD GROUP
IMPORT, LLC, HEFEI PAIDONG
OUTDOOR PRODUCTS CO., LTD.,

           Defendants.

---

CASE NO.
1:24-CV-01986-JHR


# EXECUTIVE LAUNDRY, LLC'S and EXECUTIVE SERVICES' MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT MOTION


                                                BYRNE & O'NEILL, LLP
                                                26 Broadway, Third Floor
                                                New York, NY 10004
                                                212-422-9424
                                                Attorneys for Defendants
                                                Executive Laundry, LLC and
                                                Executive Services

On the Brief:
Michael J. Byrne, Esq.
Paul Novak, Esq.

## **PRELIMINARY STATEMENT**

Plaintiff's Complaint identifies Executive Laundry as one of the "Corporate Defendants" (Ex. A, unnumbered introductory paragraph). Substantially all of the material factual allegations in the Complaint concern the "Individual Defendants" and "Corporate Defendants" other than Executive Laundry (Ex. A, paragraphs 22 through 141).

The Complaint states the following claims for relief that include Executive Laundry insofar as they are associated against "all Defendants" or "Corporate Defendants".

- Count 1 Federal Trademark infringement (against all Defendants)
- Count II Federal Trade Dress Infringement (against all Defendants)
- Count III Federal False Designation of Origin and Unfair Competition (against all Defendants)
- Count IV False Advertising (against all Defendants)
- Count V Misappropriation of Confidential Information (against all Defendants)
- Count VI Misappropriation of Trade Secrets Pursuant to the Defend Trade Secrets Act, 18 U.S.C. §1836 (against all Defendants)
- Count VII Misappropriation of Trade Secrets Pursuant to the Defend Trade Secrets Act, 18 U.S.C. §1836 (against all Defendants)
- Count IX Unjust Enrichment
- Count XI Aiding and Abetting Breach of Fiduciary Duty Under New York Law (against Corporate Defendants)
- Count XII Unfair Competition Under New York Law (against all Defendants)
- Count XIX Conversion Under New York Law (against all Defendants)
- Count XX Civil RICO Claim (against all Defendants)
- Count XXI Conspiracy to Violate RICO (against all Defendants)
- Count XXII Accounting (against all Defendants)

Plaintiff's representative Jeremiah Brach testified at his deposition that:

- Defendant Moses Friedman has no connection to Executive Laundry.  Exhibit B 282: 13-23.

- Shulim Ilowitz does not own, control or operate Executive Laundry.  Exhibit B 283: 1-14.

- Executive Laundry had no involvement with the products allegedly competing with Sound Around's business, including that Executive Laundry did not develop any brands that competed with Sound Around (Exhibit B 284.25, 285:1-7.

- Executive Laundry did not source or market products competing with Sound Around (Exhibit B 287: 13-16).

- Executive Laundry had no role in manipulating the pricing, marketing or sourcing of Sound Around's products (Exhibit B 287: 17-21).

- Executive Laundry did not infringe on Sound Around's trademarks (Exhibit B 287: 22-25).

- Executive Laundry did not infringe on Sound Around's trade dress (Exhibit B 288: 8-12).

- Executive Laundry had no involvement in offering to sell, distribute, or advertise products under the Sound Around trademarks or trade dress (Exhibit B 288: 13-18).

- Executive Laundry did not usurp, steal or misappropriate supplies from Sound Around (Exhibit B 288: 19-23).

- Executive Laundry did not receive or use any of Sound Around's trade secrets (Exhibit B 290: 2-11).

- Executive Laundry did not use Sound Around's confidential information and trade secrets to compete with Sound Around (Exhibit B 290: 12-21).

- Executive Laundry did not enrich itself by using materials, trade secrets, concepts, confidential and proprietary information and resources which belonged to Sound Around (Exhibit B 291: 14-20).

- Executive Laundry did not participate in the individual Defendants' alleged breaches of fiduciary duties (Exhibit B 291: 21-25, 292:1-5).

- Executive Laundry did not intend to and did not trade under goodwill and brand recognition associated with Sound Around's products by manufacturing, inclusive of distributing, promoting or selling using Sound Around's trademark and/or trade dress (Exhibit B 292: 6-19).

- Executive Laundry did not take or conspire to take any funds from Sound Around's bank accounts (Exhibit B 292: 20-25).

- Executive Laundry did not seek to deprive Sound Around of "property or profits" (Exhibit B 293:16-20).

- Executive Laundry did not have any criminal intent (Exhibit B 291: 18-24).

- Executive Laundry did not collect from Sound Around payment and reimbursement of costs related to the Individual Defendants' competing business (Exhibit B 295: 9-15).

- Executive Laundry does not owe Plaintiff any money (Exhibit B 298: 5-9)

- There was nothing "improper: about Sound Around paying Ilowitz through Executive Laundry (Exhibit B 280: 10-25, 281: 1-14, 296: 18-22, 297: 14-20).

- Executive Laundry had no role in causing Chinese vendors to pay kickbacks to Ilowitz (Exhibit B 287: 1-3).

- Executive Laundry did not know that payments from Chinese vendors had any relation to brands allegedly competing with Sound Around (Exhibit B 282:2-7).

- Executive Laundry did not know what products Sound Around sold (Exhibit B 281:15-18).

To the extent Plaintiff seeks any relief against Executive Laundry, LLC, Plaintiff's Complaint should be dismissed on the following grounds:

I. Plaintiff conceded that Executive Laundry was not involved with the products allegedly competing with Sound Around's business, and indeed that none of the allegations in Plaintiff's Complaint regarding Sound Around's products are aimed at Executive Laundry.

II. Plaintiff conceded that the allegations against Executive Laundry are limited to Executive Laundry receiving money which: 1) Sound Around sent to Defendant Ilowitz via Executive

4

Laundry's bank account; and 2) Chinese vendors sent to Defendant Ilowitz via Executive Laundry's, bank accounts – as to which Plaintiff conceded having no basis for alleging the payments related to any Sound Around products. Indeed, Plaintiff testified to having no basis for claiming that Executive Laundry owes Plaintiff any money.

## ARGUMENT

Standard for Summary Judgment

Summary judgment is warranted pursuant to F.R.C.P. 56 when the movant shows that there is no genuine dispute as to any material fact and movant is entitled to judgment as a matter of law. The standard is met on this motion, as will be shown below, because Plaintiff, by its representative Jeremiah Brach, testified that there is no basis for any claim against Executive Laundry.

## POINT I

### SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFF CONCEDED THAT NONE OF THE ALLEGATIONS IN ITS COMPLAINT ARE AIMED AT EXECUTIVE LAUNDRY

At his deposition Mr. Brach conceded that Friedman has no connection to Executive Laundry. Exhibit A 282: 13-23.  Plaintiff also conceded that Ilowitz does not own, control or operate Executive Laundry. Exhibit A 283: 1-14.

Mr. Brach conceded that Executive Laundry had no involvement with the produces allegedly competing with Sound Around's business, including that Executive Laundry did not develop any brands that competed with Sound Around (Exhibit B 284:25, 285:1-7), did not source or market products competing with Sound Around (Exhibit B 287: 13-16), had no role in manipulating the pricing, marketing or sourcing of Sound Around's products (Exhibit B 287: 17-

21), did not infringe on Sound Around's trademarks (Exhibit B 287: 22-25), did not infringe on Sound Around's trade dress (Exhibit B 288: 8-12), had no involvement in offering to sell, distribute or advertise products under the Sound Around trademarks or trade dress (Exhibit B 288: 13-18), did not usurp, steal or misappropriate supplies from Sound Around (Exhibit B 288: 19-23), did not receive or use any of Sound Around's trade secrets (Exhibit B 290: 2-11), did not use Sound Around's confidential information and trade secrets to compete with Sound Around (Exhibit B 290: 12-21), did not enrich itself by using materials, trade secrets, concepts, confidential and proprietary information and resources which belonged to Sound Around (Exhibit B 291: 14-20), did not participate in the Individual Defendants' alleged breaches of fiduciary duties (Exhibit B 291: 21-25, 292:1-5), did not intended to and did not trade under goodwill and brand recognition associated with Sound Around's products by manufacturing, inclusive of distributing, promoting or selling using Sound Around's trademark and/or trade dress (Exhibit B 292: 6-19), did not take or conspire to taka any funds from Sound Around's bank accounts (Exhibit B 292: 20-25), did not seek to deprive Sound Around of "property or profits" (Exhibit B 293: 16-20), did not have any criminal intent (Exhibit B 291: 18-24), did not collect from Sound Around payment and reimbursement of costs related to the Individual Defendants' competing business (Exhibit B 295: 9-15).

      There is no evidence that Executive Laundry acted in concert with Ilowitz or Friedman to compete with Sound Around's business.

**POINT II**

**PLAINTIFF CONCEDED THAT THE ALLEGATION AGAINST EXECUTIVE LAUNDRY IS LIMITED TO EXECUTIVE LAUNDRY RECEIVING MONEY WHICH SOUND AROUND AND CHINESE VENDORS SENT TO ILOWITZ VIA EXECUTIVE LAUNDRY'S BANK ACCOUNT, AND PLAINTIFF CONCEDED HAVING NO BASIS FOR ALLEGING THAT EXECUTIVE LAUNDRY OWES PLAINTIFF ANY MONEY**

Plaintiff conceded that its allegations against Executive Laundry are limited to two issues: 1) Ilowitz asking Sound Around to pay Ilowitz's commissions via Executive Laundry's account instead of directly to Ilowitz; and 2) Chinese vendors' kickback payments to Ilowitz via Executive Laundry's bank account. Exhibit B 279:17-25, 280:1-5.

Regarding both allegations, Plaintiff conceded during Plaintiff's deposition there is no basis for claiming that Executive Laundry owes Plaintiff any money (Exhibit B 298: 5-9). Thus, even if Executive Laundry received payments from Sound Around or Chinese vendors, the Plaintiff denied that any of that money is owed from Executive Laundry to Sound Around.

As for payments from Sound Around to Ilowitz via Executive Laundry's account, Plaintiff conceded there was nothing "improper" or "fishy" about Sound Around paying Ilowitz through Executive Laundry (Exhibit B 280: 10-25, 281: 1-14, 296:18-22, 297: 14-20). Plaintiff clarified that the allegation that Defendants allegedly "stole and converted Sound Around's money," as alleged against Executive Laundry, is limited to the allegation that Chinese vendors sent kickback payments to Ilowitz via Executive Laundry's account (Exhibit B 294: 7-17; 295:1-8).

Plaintiff testified that Executive Laundry had no role in causing Chinese vendors to pay kickbacks to Ilowitz (Exhibit B 287: 1-3)

Moreover, Plaintiff has no basis for alleging that Executive Laundry knew that payments from Chinese vendors had any relation to brands allegedly competing with Sound Around (Exhibit

7

B 282:2-7), or that Executive Laundry knew what products Sound Around sold (Exhibit B 281:15-18).

Therefore, there is no basis for alleging that kickback payments from Chinese vendors to Ilowitz via Executive Laundry's account (including the accounts of Congregation Kozover or Levi Rottenberg) related to any product competing with Sound Around. And, even if any products did compete with Sound Around (which is denied), Plaintiff conceded there is no basis for the allegation that Executive Laundry owes any money to the Plaintiff (Exhibit B 298: 5-9). Accordingly, there is no basis for Plaintiff's claims against Executive Laundry, Congregation Kozover or Levi Rottenberg.

## CONCLUSION

Based on the above, it is respectfully submitted that Executive Laundry's summary judgment motion should be granted in all respects to the extent the relief sought is against Executive Laundry, LLC, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 21, 2025

DEFENDANTS EXECUTIVE LAUNDRY, LLC
AND EXECUTIVE SERVICES

By:   */s/ Michael J. Byrne*
Michael J. Byrne, Esq.
Paul Novak, Esq.
BYRNE & O'NEILL, LLP
26 Broadway, Third Floor
New York, NY 10004
212-422-9424
mjb@bonlaw.com
pn@bonlaw.com