UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――X

SOUND AROUND, INC.,

                              Plaintiff,              Case No.: 1:24-cv-01986

     v.

MOISES FRIEDMAN, SHULIM ELIEZER        **DECLARATION OF NICHOLAS**
ILOWITZ, ML IMPORTS, INC., CYRF, INC.,      **FORTUNA IN SUPPORT OF**
LRI GROUP, LLC, EXECUTIVE SERVICES,     **DEFENDANT'S MOTION FOR**
EXECUTIVE LAUNDRY, LLC, MDF                **SUMMARY JUDGMENT**
MARKETING, INC., WORLD GROUP
IMPORT, LLC, HEFEI PAIDONG OUTDOOR
PRODUCTS CO., LTD.,

                             Defendants.

―――――――――――――――――――――――――X

Pursuant to 28 U.S.C. 1746, I, NICHOLAS FORTUNA, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct:

1. I am an attorney at law of the State of New York, admitted to practice before this Court, and a member of Allyn & Fortuna, LLP, attorneys for Defendants MOISES FRIEDMAN, SHULIM ELIEZER ILOWITZ, ML IMPORTS, INC., CYRF, INC., LRI GROUP LLC, MDF MARKETING, INC., and WORLD GROUP IMPORT, LLC (collectively, the "Defendants") in this action. This Declaration is based on facts that are true to the best of my personal knowledge or based on the documents maintained in my file in the ordinary course of business.

2. I submit this Declaration in support of Defendants' motion for summary judgment dismissing all claims in Plaintiff SOUND AROUND, INC. ("Plaintiff")'s Complaint pursuant to F.R.C.P. 56, together with such other relief as this Court deems equitable and just. In support, the Defendants respectfully submit the following:

- Exhibit A – Plaintiff's Complaint;

1

- Exhibit B – Defendants' Answer with Counterclaims;

- Exhibit C – Plaintiff's Answer to Counterclaims;

- Exhibit D – Transcript from the October 29, 2025 deposition of Zigmund Brach;

- Exhibit E – Transcript from the October 28, 2025 deposition of Abraham Brach;

- Exhibit F – Transcript from the May 13, 2025 deposition of Jeremiah Brach;

- Exhibit G – Transcript from the October 28, 2025 deposition of Jacob Tyberg;

- Exhibit H – Transcript from the October 29, 2025 deposition of Hershy Green;

- Exhibit I – Plaintiff's Amended Rule 26 Initial Disclosures dated October 30, 2025.

3. Pursuant to Federal Rules of Evidence 702, Defendants submit the Declaration of Keith Sterling dated November 21, 2025 and his expert report annexed thereto as Exhibit "A" ("Sterling Declaration and Report") and the Declaration of Ross Hickman dated November 20, 2025 and his Rebuttal Expert Report annexed thereto as Exhibit "B" ("Hickman Declaration and Report") in support of Defendants' motion for summary judgment.

4. The Sterling Declaration and Report and Hickman Declaration and Report constitute admissible expert testimony under Federal Rules of Evidence, Rule 702, which provides that a witness who is

> qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

See FRE 702. The curriculum vitaes for Mr. Hickman and Mr. Sterling, which are annexed to their reports, demonstrate their extensive knowledge and experience in their fields. Their opinions, as reflected in their declarations and expert reports, were reached through the application of reliable

principles and/or methods within their respective fields or developed by them through their years of experience, which they applied to specific facts and evidence adduced in this litigation. Moreover, the opinions reflected in their declarations and expert reports are relevant to the court's inquiry and assessment of claims at issue in this litigation. *See* <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 593 (1993); <u>Kumho Tire Co., Ltd. v Carmichael</u>, 526 US 137, 139 (1999).

     5.     During discovery in this matter, the Defendants provided counsel for Plaintiff with information as to the location of certain records in Plaintiff's exclusive possession, specifically the location of Friedman's expense reports, which was on Plaintiff's computer system. These reports detail the money and expenses that Friedman spent on behalf of Plaintiff for which he was reimbursed. As of this date, Plaintiff has refused to produce these reports, despite the fact that the money Friedman was reimbursed for his expenses is being claimed as money stolen by Plaintiff.

Dated: November 21, 2025

                         ALLYN & FORTUNA LLP

                         By:       s/Nicholas Fortuna
                               Nicholas Fortuna
                        *Attorneys for Defendants*
                        400 Madison Avenue, Suite 10D
                        New York, New York 10017
                        (212) 213-8844
                        nfortuna@allynfortuna.com