UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SOUND AROUND, INC.,

                                      Plaintiff,                      24-CV-1986 (DLC) (KHP)

       -against-

                                                                                     **OPINION AND ORDER**

MOISES FRIEDMAN, et al.,                                        **ON MOTION TO WITHDRAW**

                                      Defendants.
-----------------------------------------------------------------X
**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

       Before the Court is an *ex parte* motion filed with a motion to seal by the Byrne & O'Neill, LLP ("Petitioner") and Michael J. Byrne, counsel of record for Defendants Executive Services and Executive Laundry, LLC (together, the "Executive Defendants") to withdraw as counsel. (ECF No. 310-12.) The Petitioner has represented it does not seek a charging or retaining lien. (ECF No. 310.) Petitioner also seeks to seal its submissions. (ECF No. 309.) For the reasons stated below, the motion to withdraw as counsel is GRANTED upon the condition that Petitioner first complete summary judgment briefing. The motion to seal is also GRANTED.

## BACKGROUND

       This lawsuit was commenced by Sound Around, Inc., against multiple Defendants. Over the course of the litigation, it became clear that the crux of the dispute in this case is between Plaintiff, on the one hand, and Moises Friedman, Shulim Ilowitz, and their entities (the "Friedman Defendants"), on the other hand. Plaintiff Sound Around has known for months, perhaps longer, that the Executive Defendants were not controlled by the Friedman Defendants. (*See* Tr. of June 6, 2025 Conf., at 29:17-30:13.) Virtually every major discovery dispute in the past year has pertained to the potential liability of the Friedman Defendants, not

1

the Executive Defendants.  Despite this Court's November 7, 2024 order to meet and confer on whether the Executive Defendants could be voluntarily dismissed from this litigation, as well as Judge Cote's further instruction to discuss that dismissal further with the undersigned (*id.* at 30:18-23), and Sound Around's representation on the record that they were open to such negotiations (Tr. of June 18, 2025 Conf., at 67:18-24),,[1] Sound Around has not voluntarily dismissed them well over a year after the Court ordered a meet and confer. (ECF No. 109.) Nevertheless, the Executive Defendants have diligently participated in discovery and at conferences.  As a result, the Executive Defendants have worked up a substantial legal bill. According to Petitioner, the Executive Defendants have had difficulty paying these fees, and in fact have not paid these fees.

On November 6, 2025, Petitioner moved for withdrawal, citing failure to pay its fees.  To date, the Court has received no opposition from the Executive Defendants, which was served by their counsel on them.

**ANALYSIS**

I. **Withdrawal of Counsel**

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y.R. 1.4.

---

[1] The Executive Defendants stated a settlement conference with the undersigned would not be productive and that the Plaintiff had not responded to its request for a voluntary dismissal. (Tr. of June 18, 2025 Conf., at 67:25-70:9.)

2

The decision to grant or deny a motion to withdraw is within the district court's discretion.  In making the determination, the Court should consider (i) the reasons for withdrawal, and (ii) the impact of the withdrawal on the timing of the proceeding.  *Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R. 1.4).  I consider both factors below, and also address the issue of any claim to attorney's fees and costs that the Firm may make.

1. **Reasons for Withdrawal**

Mr. Byrne states that his Firm's reason for seeking to withdraw is that the Executive Defendants have failed to pay fees. "Non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4." *De Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 11 (S.D.N.Y. 2020) (cleaned up) (quoting *Milltex Grp. Inc. v. Gossard & Berlei Ltd.*, No. 15-cv-10002 (RA), 2017 WL 9771811, at *1 (S.D.N.Y. Apr. 10, 2017)).  Here, Petitioner has attached documentation showing that the Executive Defendants have not paid Petitioner's fees, and the Executive Defendants have not filed any opposition to rebut this documentation. Accordingly, grounds for withdrawal have been adequately shown.

2. **Impact of Withdrawal on the Case**

Discovery is almost over in this case, and summary judgment moving briefs have been filed (including by Executive Laundry). (ECF Nos. 195, 319, 332.)  Given that this action is in a relatively late stage, withdrawal will have a significant effect on the case and potentially delay resolution.  *Cf. Furlow v. City of New York*, 1993 WL 88260, at *2 (S.D.N.Y. March 22, 1993) (granting motion to withdraw where document discovery was complete but depositions had not been taken, because "resolution of this matter will not be delayed substantially by counsel's

withdrawal at this juncture"). In particular, the Court is concerned that summary judgment briefing would be impacted if it granted the withdrawal at this time before briefing is concluded.

Since Petitioner represented on the record that the Executive Defendants' chief hope is to be dismissed from this case at summary judgment, the Court will impose conditions on the withdrawal of counsel. Courts may, in their discretion, impose conditions upon withdrawal of counsel, chiefly as matters advance closer to trial. *See Emile v. Browner*, No. 95-cv-3836 (SS) (THK), 1996 WL 724715, at *2 (S.D.N.Y. Dec. 17, 1996). Given the ongoing summary judgment briefing, the Court will require Petitioner to continue to represent the Executive Defendants until Petitioner has made all summary judgment filings sufficient to follow through on its stated strategy. If the Court granted leave to withdraw any sooner, it would substantially prejudice all parties and delay resolution of this contentious, expensive, long-pending case.

The Court recognizes that this outcome is likely to be unsatisfying to both the Petitioner, which does not necessarily expect to be paid for its work on summary judgment, and the client, which may have trouble paying for that work. The simpler way through would be for Plaintiff to file a voluntary dismissal.[2]

But, in light of the current posture of the case, the motion is granted subject to Petitioner completing representation on the current motion for summary judgment or, alternatively, substitution of new counsel for the Executive Defendants, whichever is sooner.

---

[2] The Court notes that few, if any, of the claims in Plaintiff's Partial Summary Judgment motion appear to deal with the Executive Defendants. (*See generally* ECF Nos. 323-31.)

Given that the Court is deferring the effect of its order until summary judgment briefing concludes, there will be no need to stay the case to permit the Executive Defendants to find replacement counsel. The Executive Defendants should begin their search for trial counsel promptly. They are reminded that, as corporate entities, they may not appear without counsel. *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011).

**II.     Sealing**

Contemporaneously with filing the *ex parte* motion for withdrawal, Petitioner filed a motion to seal its submissions to protect attorney-client confidentiality. Documents concerning motions to withdraw as counsel are "routinely" filed under seal or *in camera* to preserve the confidentiality of the attorney-client relationship between a party and its counsel. *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006); *see also* Committee Note to Local Civil Rule 1.4. The motion to seal contains confidential attorney-client communications, which should not be divulged on the public docket. These are clearly judicial documents within the meaning of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006), and its progeny. Further, preservation of attorney-client privilege constitutes a higher value warranting sealing and rebutting the presumption of public access. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018). Accordingly, sealing is granted.

**CONCLUSION**

For the foregoing reasons, the motion to withdraw is GRANTED upon the condition that Petitioner complete summary judgment briefing. The motion to seal is also GRANTED, and the Clerk is respectfully directed to maintain under seal the documents filed as ECF Nos. 310, 311,

5

and 312. **The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 309 and 310.**

At the conclusion of summary judgment briefing by Executive Laundry, Petitioner shall file a letter to the undersigned noting that it has completed briefing. The Court will endeavor to endorse that letter promptly with appropriate instructions to the Clerk to terminate the representation. Petitioner shall also serve a copy of this Order on the Executive Defendants no later than December 3, 2025, and file an affidavit of service to the docket promptly thereafter.

**SO ORDERED.**

DATED: New York, New York
November 25, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge