# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Jesus Cuza
(305) 789-7513
Jesus.cuza@hklaw.com

January 21, 2026

**VIA ECF**

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 18B
New York, NY 10007-1312

      Re: *Sound Around, Inc. v. Friedman et al.,* Case No. 1:24-cv-01986-JHR-KHP

Dear Judge Cote,

      We represent Plaintiff, Sound Around, Inc. ("Plaintiff") and write in response to Defendants' January 21, 2026 Letter (the "Letter") [ECF No 370] requesting that the Court disregard Plaintiff's Reply Memorandum of Law in Support of its Motion for Partial Summary Judgment.

      Defendants argue that Plaintiff improperly exceeded the 6,500-word limit by submitting "two" reply memoranda—incorrectly asserting that the "Expert Declaration of Paul Schectman" is a reply memorandum of law in this case. That is simply wrong. <u>First</u>, Sound Around submitted *only one* Reply Memorandum of Law in Support of its Motion for Summary Judgment—ECF No. 364—and that is the sole document Sound Around has asked and asks the Court to consider as its reply memorandum of law. <u>Second</u>, as explained in the Declaration of Zigmund Brach [ECF No. 365], Professor Schectman was retained as an expert witness in a *separate* ongoing arbitration proceeding in China involving Sound Around and Yoau Electric, one of the manufacturers who paid kickbacks to Defendant Moises Friedman. In connection with that CIETAC arbitration, Professor Schectman issued the Expert Declaration attached to Zigmund Brach's Declaration, which was filed by Plaintiff in that arbitration. Mr. Brach's declaration makes this clear, explaining that "[i]n relation to that action—which is currently being arbitrated in China—we have engaged a well-known professor at Yale Law School regarding those actions who has made clear to Sound Around that Defendants' conduct in collecting the kickbacks is a crime under federal and New York law." ECF No. 365 ¶ 59. Mr. Brach referenced this expert material *not* as a brief in this case, but rather solely to explain part of the basis for his understanding that Defendants' kickback scheme constitutes a crime under federal and New York law and to describe some of the harm Defendants have caused to Sound Around with certain manufacturers.

      Significantly, Defendants themselves have attached lengthy expert materials as exhibits to their own submission—documents that would plainly exceed a word-count limit if such materials were treated as briefing. *See, e.g.*, ECF No. 341-6 (125-page exhibit consisting of Declaration of Ross Hickman and his expert report, filed in opposition to Plaintiff's Motion for Summary Judgment); ECF No. 341-5 (107-page exhibit consisting of Declaration of Keith Sterling and his expert report, filed in support of Defendants' Motion for Summary Judgment). Neither Defendants nor Plaintiff has

suggested that those materials should be counted toward any word limit.

In sum, Sound Around filed *one* reply memorandum of law, and the Schectman declaration was attached to Mr. Brach's declaration for a limited purpose, just as Defendants attached their own expert materials as exhibits in support of, or opposition to, summary-judgment briefs. There is no violation of any word limit. Respectfully, the Court should deny Defendants' request in its entirety.

Thank you for your time and consideration.

                                                        /s/Jesus E. Cuza
                                                        Jesus E. Cuza