# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Rebecca Canamero
305 789 7533
rebecca.canamero@hklaw.com

January 26, 2026

**VIA ECF**

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17D
New York, NY 10007-1312

     Re: *Sound Around, Inc. v. Friedman et al.,* Case No. 1:24-cv-01986-DLC-KHP

Dear Judge Parker,

     We represent Plaintiff Sound Around, Inc. ("Sound Around") and submit this response to Defendants' January 23, 2026[1] letter [ECF No. 372] (the "Letter") seeking leave to file a motion to strike Sound Around's Rebuttal Expert Report (the "Report") arguing that certain information relied upon by Plaintiff's experts was not previously provided to Defendants. Because the Letter appears to reflect misunderstandings about the materials underlying the Report, we write to provide clarity for the Court.

     *First*, Defendants assert that certain tables in the Report (**Tables 14–16**) rely on "undisclosed information." The Report, however, identifies the precise Bates-stamped spreadsheets from which this data was drawn, and those spreadsheets were produced during discovery. The Report quotes and cites those materials directly. *See, e.g.*, *id.* ¶ 42 ("The freight and duty that was deducted from net sales can be found in Sound Around_00119603 and SoundAround_00119604. The table below summarizes freight and duty that was contained in profit calculations for products sourced by Mr. Friedman and Mr. Ilowitz."). Likewise, Defendants claim that the highlighted information in **Table 5** of the Report ("Sound Around Net Sales" by year) is "new," but this information is contained in Sound Around's tax returns, which were also produced in discovery. In short, the information in these tables does not represent new or withheld material.

     *Second*, Defendants' complaints regarding Sound Around's audited financial statements overlook that those statements were not requested in the parties' extensive discovery discussions. As Your Honor is aware, the parties previously engaged in months-long meet-and-confer conversations regarding the discovery requested by the respective parties, which included the parties' agreement to exchange lists of the categories of information each was seeking. Defendants' list included certain financial documents—*e.g.*, tax returns, reports regarding commissions paid, documents showing fees and costs "charged" to the Individual Defendants "for the products developed by the [I]ndividual [D]efendants and sold through Sound Around", and

---

[1] Defendants' Letter is dated January 22 but was filed on the Court docket on January 23.

"backup that demonstrates that Plaintiff incurred such fees and expenses." *See* ECF No. 254-2; *see also* ECF No. 254-1. Sound Around has produced the documents falling within those categories.

Although Defendants are aware that Sound Around would have generated audited financial statements, those financial statements were never listed in these requests, likely because Defendants were aware that the financial statements contain only company-wide high-level information financial information (not allocated to any specific products or Buyers). Indeed, this information was used by Plaintiff's expert solely for the purpose of rebutting statements made by Defendants' expert, opining that the costs used in calculating Defendants' commissions were overstated. Plaintiff's expert used the company-wide data to demonstrate that the costs used in calculating the commissions were commensurate with the company's product costs as a whole. *See* Rebuttal Report at 8-10. Notably, the Jan. 23 Letter from Defendants was the first time Defendants requested financial statements from Plaintiff. Plaintiff is in the process of producing those statements to Defendants at this time and anticipates that production will be completed over the next two days.[2]

*Third*, Defendants reference a document relating to aged inventory after the departure of Mr. Friedman and Mr. Ilowitz. Aged inventory was not a category Defendants requested, nor was it used in Plaintiff's commission calculations for those individuals. Plaintiff's expert reviewed the aged-inventory information only to address Defendants' expert's claim that Plaintiff overstated costs. As the Report explains, aged inventory could have been a factor relevant to profitability (given Sound Around would likely have to sell aged inventory at a discount if even possible), but it was not in fact included in the commission calculations at issue. In any event, this document is being produced to Defendants at this time.

*Finally*, Defendants refer to a spreadsheet titled "FOB Price before 2020." That document simply isolates the FOB costs (i.e., prices paid to manufacturers to purchase a particular product) for certain SKUs sold prior to 2020. But this information can also be found in the spreadsheets previously produced to Defendants (i.e., Bates No. SoundAround_00119602 and SoundAround_00119603), which list an FOB cost for all products sold by Ilowitz and Friedman (as Buyers for Sound Around) prior to 2020 and after.[3] The "FOB Price before 2020" spreadsheet therefore does not contain new information; it merely organizes previously-produced data in a consolidated format. In any event, Plaintiff is producing this document to Defendants as well.

We hope this clarification assists the Court in understanding the nature and source of the

---

[2] Significantly, in the weeks leading up to *Plaintiff's* rebuttal report deadline, Plaintiff *repeatedly* requested that Defendants identify and produce spreadsheets referenced in *their* expert's report. Defendants did not respond to those requests for more than three weeks and declined to identify the spreadsheets their expert relied upon. The documents were ultimately produced only after Plaintiff's rebuttal deadline had passed. *See* **Exhibits A-C**.

[3] There are 22 SKUs for which there is a slight variation in the FOB cost between the "FOB Price before 2020" spreadsheet and that in the previously-produced documents. This is likely because the FOB prices fluctuated over time and on different orders. The vast majority of the SKUs (92.76% of the 304 SKUs sold by Friedman and Ilowitz in 2019), however, have FOB costs that match exactly.

materials referenced in the Rebuttal Report and the limited purpose for which they were used.

Thank you for your consideration of the matter.

Respectfully submitted,

HOLLAND & KNIGHT LLP
By: */s/ Rebecca J. Canamero*
Jesus E. Cuza (*Admitted PHV*)
Florida Bar No. 428991
Email: jesus.cuza@hklaw.com
Rebecca Canamero (Admitted PHV)
Florida Bar No. 86424
Email: rebecca.canamero@hklaw.com
Annelise Del Rivero
Florida Bar No. 1003234 (*Admitted PHV*)
Email: annelise.delrivero@hklaw.com
Gabriel Godoy-Dalmau
New York Bar No. 5668447
Email: gabriel.godoy-dalmau@hklaw.com

701 Brickell Avenue, Suite 3300
Miami, Florida 33131

and

Marisa Marinelli
31 West 52nd Street
New York, NY 10019
(212) 513-3200
Marisa.Marinelli@hklaw.com

*Attorneys for Plaintiff Sound Around, Inc.*