

ATTORNEYS AT LAW

NEW YORK
400 MADISON AVE., 10TH FL
NEW YORK, NEW YORK, 10017
TELEPHONE:(212)213-8844
FACSIMILE: (212)213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

January 27, 2026

**VIA ECF**

Hon. Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 17D
New York, New York 10007-1312

      Re:    *Sound Around, Inc. v. Friedman et al.*, Case No. 1:24-cv-01986-JHR-KHP

Dear Judge Parker:

      This firm represents Defendants Moises Friedman, Shulim Eliezer Friedman, ML Imports, Inc., CYRF, Inc., LRI Group, LLC, MDF Marketing, Inc., and World Group Import, LLC (collectively, "Defendants"). I write in furtherance of the January 20, 2026 request to file a motion pursuant to F.R.C.P. Rule 37 to Strike Plaintiff Sound Around, Inc. ("Plaintiff")'s Rebuttal Expert Report of Quentin L. Mimms, dated December 23, 2025 (the "Rebuttal") (ECF Doc. No. 372) and in response to correspondence from counsel for Plaintiff dated January 26, 2026 (ECF Doc. No. 373.)

      As an initial matter, Plaintiff's reference to Bates-numbered documents from its production regarding freight is puzzling, as Defendants never claimed that they did not receive these documents in discovery and these documents do not form a basis for Defendants' letter motion. What concerns Defendants – and should concern Plaintiff and this Court – is the Plaintiff's failure to turn over financial statements for 2018-2024, which contain the expense information Defendants have been seeking for months in discovery and which Plaintiff repeatedly claimed did not exist.

      Plaintiff's claim that Defendants did not request the financial statements by name is misleading and demonstrates Plaintiff's lack of good faith throughout the discovery process in this matter. As this Court is aware, Defendants made repeated requests for the expense information specifically detailed in the financial statements in Plaintiff's possession for the purpose of calculating the expenses deducted from the Defendants' sales for purposes of arriving at their sales commissions. To that end, Defendants engaged in multiple meet and confer sessions with Plaintiff and even filed a motion to compel disclosure of that information. Throughout, Plaintiff claimed that no such information was maintained on a historical basis and submitted sworn statements to this Court to that effect.

Even after being sanctioned by this Court for failing to disclose the information in its data warehouse during discovery, it is shocking that Plaintiff had possession of comprehensive audited financial statements containing its full expense information this entire time and used such undisclosed information in the Rebuttal Report.[1] Plaintiff's evasive and bad faith arguments do not satisfy Defendants, nor should they satisfy this Court. Therefore, Defendants renew their request for a premotion conference.

Thank you for your consideration.

Sincerely,

/s/Nicholas Fortuna

Nicholas Fortuna

cc: All counsel (via ECF)

---

[1] Plaintiff's statement that it will be producing the financial statements "over the next two days" is insufficient, as Defendants' deadline to submit their expert report has long since expired.