**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SOUND AROUND, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:24-cv-01986 |
| | ) | |
| v. | ) | |
| | ) | |
| MOISES FRIEDMAN, SHULIM ELIEZER | ) | |
| ILOWITZ, ML IMPORTS, INC., CYRF, INC., | ) | |
| LRI GROUP, LLC, EXECUTIVE SERVICES, | ) | |
| EXECUTIVE LAUNDRY, LLC, MDF | ) | |
| MARKETING, INC., WORLD GROUP | ) | |
| IMPORT, LLC, HEFEI PAIDONG OUTDOOR | ) | |
| PRODUCTS CO., LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF REQUEST FOR AWARD OF ATTORNEYS' FEES**

## INTRODUCTION

Sound Around, Inc. ("Plaintiff") submits this Memorandum of Law in support of its application for an award of attorneys' fees pursuant to the Court's April 7, 2026 Opinion and Order on Motion for Sanctions [ECF No. 401] (the "Order") granting sanctions against Defendants Moises Friedman and Shulim Eliezer Ilowitz ("Defendants") pursuant to Federal Rule of Civil Procedure 37 and directing Plaintiff to file:

> its request to be reimbursed for reasonable expenses, including reasonable attorneys' fees, which were caused by the failure to produce the relevant WeChat documents, which may include the costs of filing and litigating this motion (including and up to Defendants' second sur-reply at ECF No. 399)

Order at 14.

The requested amount—$56,895.00—is supported by contemporaneous time records and reasonable hourly rates consistent with prevailing market rates in this District. Applying the lodestar method, the Court should award Plaintiff the full amount requested.[1]

## ARGUMENT

This Court has determined that an award of fees and expenses in connection with Plaintiff's motion for sanctions resulting from Defendants' failure to produce relevant WeChat documents is appropriate. The sole issue before the Court is whether the fees and expenses are reasonable.

"Attorneys' fees are awarded by determining a presumptively reasonable fee, or a 'lodestar,' reached by multiplying a reasonable hourly rate by the number of hours reasonably expended." *City of Almaty, Kazakhstan v. Ablyazov*, No. 15CV5345JGKKHP, 2023 WL 8241607,

---

[1] As discussed below, the amount requested herein represents only a portion of the total fees Plaintiff incurred as a result of Defendants' failure to produce WeChat discovery. Over the past year, Plaintiff has expended significant resources raising WeChat-related issues with the Court (in hearings and filings) and meeting and conferring with opposing counsel. Plaintiff, in good faith, nevertheless seeks reimbursement only for the fees incurred in preparing and litigating the Motion for Sanctions and the related filings, underscoring the reasonableness of this request.

at *3 (S.D.N.Y. Nov. 8, 2023) (Parker, J.), *report and recommendation adopted sub nom. City of Almaty, Kazakhstan v. Sater*, No. 15-CV-5345 (JGK), 2023 WL 8237115 (S.D.N.Y. Nov. 28, 2023). Thus, two inquiries are relevant: the reasonableness of the rates charged and the number of hours spent. The fees submitted by Plaintiff are reasonable on both fronts.

### A.    Reasonable Hourly Rates

"When evaluating hourly rates, the Court looks at 'what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively.'" *Yang v. Fei*, No. 24-CV-5055 (RA) (KHP), 2026 WL 35341, at *2 (S.D.N.Y. Jan. 6, 2026) (Parker, J.) (quoting *Bergerson v. N.Y. State Office of Mental Health, Central N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011)). "The Second Circuit's 'forum rule' generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* (internal quotations omitted). "Courts in this District also have recognized that an 'attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of' a reasonable hourly rate." *Id.* (quoting *In re Stock Exchanges Options Trading Antitrust Litig.*, 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006)); *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) ("The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively.").

Holland & Knight is representing Plaintiff in this action on a billable-hour basis.  Decl. of Rebecca Canamero ("Canamero Decl.") ¶ 8. The firm provides an hourly rate for each attorney and paralegal based on their function, title, and years of experience. *Id.* In connection with this motion, Plaintiff seeks fees based on the following hourly rates:

3

| Professional | Position | Discounted Rate/Hour | Standard Rate/Hour |
|---|---|---|---|
| Jesus E. Cuza | Attorney/Partner | $1,000 | $1,215 |
| Marisa Marinelli | Attorney/Partner | $1,000 | $1,365 |
| Rebecca Canamero | Attorney/Partner | $800 | $925 |
| Annelise Del Rivero | Attorney/Partner | $675 | $895 |
| Massiel Ibarra | Paralegal | $300 | $385 |

Decl. of Rebecca Canamero ("Canamero Decl.") ¶¶ 9-10, Exhibit A (Chart of Attorneys' Fees).

The credentials of the individuals who worked on this matter are as follows (and are discussed in more detail in the Canamero Declaration):

- Jesus E. Cuza is a partner at Holland & Knight LLP, has been a member of the bar since 1990, and has been litigating complex commercial disputes for more than 35 years. *Id.* ¶ 3.

- Marisa Marinelli is a partner at Holland & Knight LLP, has been a member of the bar since 1987, and has been litigating complex commercial disputes for over 35 years. *Id.* ¶ 4.

- Rebecca J. Canamero is a partner at Holland & Knight LLP, has been a member of the bar since 2010, and has been litigating complex commercial disputes for over 15 years. *Id.* ¶ 5.

- Annelise Del Rivero is a partner at Holland & Knight LLP, has been a member of the bar since 2017, and has been litigating complex commercial disputes for over 8 years. *Id.* ¶ 6. Ms. Del Rivero was a senior associate at the outset of this case but was recently made a partner as of January 2026. *Id.*

4

- <u>Massiel Ibarra</u> is a paralegal at Holland & Knight with nearly 15 years of experience. *Id.* ¶ 7.

The hourly rates charged to Plaintiff represent the best evidence of a reasonable hourly rate and, in fact, are below the customary billing rates for fee-paying clients of Holland & Knight, further supporting their reasonableness. *Id.* ¶ 10; *Yang*, 2026 WL 35341, at *2; *Adstra, LLC v. Kinesso, LLC*, No. 24-CV-2639 (LJL), 2025 WL 1070034, at *7 (S.D.N.Y. Apr. 9, 2025) (noting that the fact that the rates charged "were in fact below Greenberg Traurig's customary billing rates to other clients, support[s] their reasonableness").

Additionally, the hourly rates sought for these attorneys are consistent with rates that have been approved in this District for other attorneys with comparable credentials. *See, e.g.*, *City of Almaty*, 2023 WL 8241607, at *5 (approving attorney rates of $700-$1,180); *U.S. Bank Nat'l Ass'n v. Dexia Real Estate Capital Mkts.*, No. 12 Civ. 9412, 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) ("[P]artner billing rates in excess of $1,000 an hour[ ] are by now not uncommon in the context of complex commercial litigation."); *Adstra, LLC v. Kinesso, LLC*, Case No. 24-cv-2639, 2025 WL 1070034, at *7 (S.D.N.Y. Apr. 9, 2025) (approving rates for attorneys in a complex commercial case including a partner rate of approximately $1,421 per hour and an associate rate of $883 per hour for an attorney with thirteen years of experience); *ATX Debt Fund 1, LLC v. Paul*, No. 19-CV-8540 (JPO), 2024 WL 2093387, at *5 (S.D.N.Y. May 9, 2024), *appeal withdrawn sub nom. Tuebor REIT Sub LLC v. Paul*, No. 24-1773, 2024 WL 4482252 (2d Cir. Aug. 6, 2024) (approving rates of "$595 per hour to $685 per hour for senior paralegals, $775 per hour to $1,265 per hour for associates, and $1,535 to $1,975 for partners" with a 10% reduction); *Vista Outdoor Inc. v. Reeves Family Tr.*, No. 16-CV-5766, 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (approving hourly rates of $1,260 in 2018, $1,195 in 2017, and $1,170 in 2016 for partners);

*An v. Despins*, No. 22-CV-10062 (VEC) (JW), 2024 WL 1157281, at *2 (S.D.N.Y. Mar. 18, 2024), *appeal dismissed*, No. 24-914, 2024 WL 4524742 (2d Cir. Aug. 13, 2024) (approving rates of $1,760 per hour for a partner with twenty years of litigation experience, $1,440 per hour for counsel, and $895 per hour for associates in a commercial sanctions case, finding such rates consistent with the rates charged by "similarly situated law firms of equivalent skill, status, and reputation"); *McCutcheon v. Colgate-Palmolive Co.*, No. 16-CV-4170 (LGS), 2026 WL 444748, at *4 (S.D.N.Y. Feb. 17, 2026) (finding that rates of $900-$1,150 for partners, $700-800 for senior associates and $250 for senior paralegals "are generally below current market rates for lawyers of similar quality litigating matters of similar magnitude in the New York legal market, and generally below rates that have previously been approved as reasonable").

Because the hourly rates sought by Plaintiff for the attorneys and paralegal of Holland & Knight LLP are comparable with the prevailing rates in this District for comparable services, they constitute reasonable hourly rates for the lodestar fee calculation.

## B.    Reasonable Hours Expended

"When evaluating hours expended, the Court must make 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" *City of Almaty*, 2023 WL 8241607, at *3 (quoting *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997)). "[T]he critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Id.* (internal quotations and citations omitted).  Plaintiff bears the burden to produce "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Silva v. Legend Upper W. LLC*, 590 F. Supp. 3d 657, 663–64 (S.D.N.Y. 2022) (Parker, J.) (quoting *Scott v. City of N.Y.*, 626 F.3d 130, 133–34 (2d Cir. 2010)).

6

Plaintiff has submitted a chart containing contemporaneous time records for all individuals who worked on the filings that precipitated the Order granting sanctions against Defendants. Canamero Decl. ¶ 10, Exhibit A. As set forth in the Canamero Declaration, the total attorneys' fees incurred by Plaintiff relating to the preparation of the Motion for Sanctions and related filings in this matter are $56,895.00. *Id.* ¶ 10, Ex. A. The time entries reflected in Exhibit A are limited to work reasonably necessary to prepare and litigate the sanctions motion and related filings resulting from Defendants' discovery misconduct. *Id.* ¶ 9. The hours spent preparing the motion for sanctions and related filings "were reasonable and necessary, especially considering that [Plaintiff] prevailed on [the] motion." *An*, 2024 WL 1157281, at *3.

Notably, the fees sought herein represent only a portion of the total fees incurred in addressing Defendants' conduct concerning the WeChat communications. As the Court is aware, Plaintiff has pursued production of these communications—and the Court has ordered their production—since at least April 2025. *Over the past year, Plaintiff's counsel has necessarily devoted substantial time to meet-and-confer efforts, court conferences and hearings, and filings prompted by Defendants' continued non-production.* Plaintiff nevertheless submits a targeted fee request seeking reimbursement only for the fees reasonably incurred in preparing and litigating the Motion for Sanctions and the related filings. By limiting its request to this discrete work, Plaintiff seeks a conservative award well within the range of reasonableness given the resources Defendants' conduct required Plaintiff to expend.

## CONCLUSION

Given counsel's years of experience and the sanctions posture of this matter, the requested rates and hours reflect the market cost of efficiently litigating the motion practice that Defendants' conduct necessitated. Accordingly, for the reasons stated above and in the Canamero Declaration,

Plaintiff respectfully submits that the fair and reasonable attorneys' fees to be awarded pursuant to the Order are $56,895.00.

Dated: April 21, 2026                     Respectfully submitted,

                                          HOLLAND & KNIGHT LLP

                                          By: /s/ *Jesus E. Cuza*
Marisa Marinelli                          Jesus E. Cuza (Admitted PHV)
New York Bar No. 2172328                  Florida Bar No. 428991
787 Seventh Avenue, 31ST Floor            Email: jesus.cuza@hklaw.com
New York, NY 10019                        /s/ Rebecca J. Canamero
(212) 513-3239                            Rebecca Canamero (Admitted PHV)
Marisa.Marinelli@hklaw.com                Florida Bar No. 86424
                                          Email: rebecca.canamero@hklaw.com
                                          Annelise Del Rivero (Admitted PHV)
                                          Florida Bar No. 1003234
                                          Email: annelise.delrivero@hklaw.com
                                          701 Brickell Avenue, Suite 3300
                                          Miami, Florida 33131
                                          *Attorneys for Sound Around, Inc.*

## WORD COUNT CERTIFICATION

As required by Local Rule 7.1(c), I hereby certify that this brief contains 1,831 words, excluding the parts of the document that are exempted by this rule.

                              By: /s/ *Rebecca Canamero*
                                   Rebecca J. Canamero

8