```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
SOUND AROUND, INC.,                       :
                                          :
                         Plaintiff,       :          24cv1986 (DLC)
              -v-                         :
                                          :              ORDER
MOISES FRIEDMAN et al.,                   :
                                          :
                         Defendants.      :
                                          :
-----------------------------------------X
```

DENISE COTE, District Judge:

The Friedman Defendants move pursuant to Rule 12(h)(3), Fed. R. Civ. P., to dismiss this action without prejudice and to vacate the Court's April 10, 2026 Opinion and Order resolving the parties' motions for summary judgment so that the case may proceed in state court.[1]  For the following reasons, the motion is denied.

## **Background**

Plaintiff Sound Around, Inc. ("Sound Around") commenced this action on March 15, 2024, asserting twenty-two causes of action under federal and New York law.  The complaint included federal claims under the Lanham Act, the Defend Trade Secrets Act (DTSA), and the Racketeer Influenced and Corrupt

---

[1] The "Friedman Defendants" include Moises Friedman and Shulim Eliezer Ilowitz and the companies they control, including ML Imports, Inc., CYRF, Inc., LRI Group, LLC, MDF Marketing, Inc., and World Group Import, LLC.

Organizations Act (RICO), as well as claims arising under New York statutory and common law.  The federal and state law claims largely relate to the same alleged course of conduct -- principally, Friedman and Ilowitz's receipt of undisclosed kickbacks from foreign manufacturers in connection with Sound Around's purchases and their operation of a competing business while serving as buyers for Sound Around.

On May 17, 2024, the Friedman Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.  That motion remained pending while the parties proceeded with discovery.  On April 16, 2025, after the action was reassigned to this Court, the motion was denied without prejudice to the Friedman Defendants' ability to reassert their legal-sufficiency arguments in connection with summary judgment.

After discovery concluded, the parties cross-moved for summary judgment.  The summary judgment motions became fully submitted on January 16, 2026.  On February 12, 2026, after summary judgment briefing was complete, Sound Around voluntarily dismissed several claims, including certain Lanham Act claims, one of its DTSA claims, its New York unfair competition and General Business Law claims, and its RICO and RICO conspiracy claims.

An Opinion and Order of April 10, 2026 (the "April 10 Opinion") granted in part the parties' cross-motions for summary

2

judgment.  <u>Sound Around, Inc. v. Friedman</u>, No. 24-cv-1986, 2026 WL 972984 (S.D.N.Y. Apr. 10, 2026).  The ruling disposed of Sound Around's federal trademark claim but left pending Sound Around's DTSA claim.  The Court also resolved certain New York law claims and left others for trial, which is scheduled to begin on August 10, 2026.  The Friedman Defendants filed a notice of interlocutory appeal from the April 10 Opinion on May 8.

The Friedman Defendants now move pursuant to Rule 12(h)(3), Fed. R. Civ. P., to dismiss this action without prejudice and to vacate the April 10 Opinion so that the case may proceed in state court.  Defendants contend that, in light of the dismissed and resolved federal claims, the remaining New York law claims predominate over the one remaining federal claim.  The Court resolves the motion without soliciting a response from Sound Around because the motion fails as a matter of law and trial is imminent.

## **Discussion**

Rule 12(h)(3), Fed. R. Civ. P., provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Federal district courts have original jurisdiction over all claims arising under federal law.  28 U.S.C. § 1331.  Where a district

3

court has original jurisdiction over at least one claim, it may also exercise supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  "[D]isputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact."  Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006) (citation omitted).

Even when a district court has subject matter jurisdiction over a state law claim, a district court may nonetheless decline to exercise supplemental jurisdiction for various reasons, including because the state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2).  This decision is "purely discretionary."  Oneida Indian Nation of New York v. Madison Cnty., 665 F.3d 408, 437 (2d Cir. 2011) (citation omitted).  In deciding whether to decline to exercise supplemental jurisdiction, courts consider, among other things, "the values of judicial economy, convenience, fairness, and comity."  Id. (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988)).

The Court does not lack subject matter jurisdiction here. Sound Around continues to assert a federal DTSA claim, over

4

which this Court has original jurisdiction under § 1331, and which shares a common nucleus of operative fact with the remaining state law claims.  That ends the Rule 12(h)(3) inquiry.

Nor do the state law claims substantially predominate over the DTSA claim such that the Court should decline to exercise supplemental jurisdiction.  The DTSA claim alleges that Friedman and Ilowitz used Sound Around's trade secrets, including the prices Sound Around pays manufacturers and its confidential reports on top-selling and highest-profit products, to operate their competing business.  The Friedman Defendants acknowledge that their operation of a competing business while serving as Sound Around's buyers is at the center of this litigation.  The mere fact that more New York law claims remain than federal ones does not establish substantial predominance, especially where the same course of conduct is at the heart of both.

Dismissal is also not appropriate under 28 U.S.C. § 1367(c) because the traditional factors governing supplemental jurisdiction weigh strongly against dismissal at this stage. This action has been pending since March 2024.  Discovery has closed.  The parties have completed summary judgment briefing. The Court has issued a substantial summary judgment ruling. Trial is scheduled to begin on August 10, 2026.  Dismissing the action now so that it may be refiled in state court would

duplicate substantial judicial and party resources, delay resolution, and impose unnecessary expense.  The Friedman Defendants have identified no countervailing interest, such as a novel and complex issue of state law, that outweighs those considerations.

The request to vacate the April 10 Opinion is also denied. The Friedman Defendants identify no jurisdictional defect, legal authority, or equitable basis for wiping from the docket a fully briefed summary judgment ruling issued after the close of discovery.  Their disagreement with the Court's rulings does not make those rulings void.  Nor does the Court's earlier denial of their Rule 12(b)(6) motion without prejudice to renewal at summary judgment entitle them to discard the summary judgment decision after their renewed arguments failed.

Finally, to the extent the Friedman Defendants suggest that their purported interlocutory appeal should affect this Court's decision to proceed, that suggestion is also rejected.  Federal appellate jurisdiction generally extends only to final decisions, 28 U.S.C. § 1291, and interlocutory review is the exception, not the rule.  See Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865–66 (2d Cir. 1996).  The Friedman Defendants have identified no basis for interlocutory review of the April 10 Opinion.

## Conclusion

The Friedman Defendants' May 29 motion to dismiss is

denied.

Dated:    May 30, 2026
          New York, New York

_____
DENISE COTE
United States District Judge