```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
SOUND AROUND, INC.,                     :
                                        :
                    Plaintiff,          :      24cv1986 (DLC)
          -v-                           :
                                        :            ORDER
MOISES FRIEDMAN et al.,                 :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Trial in this case is scheduled to begin on August 10, 2026.  On June 3, Sound Around moved for sanctions pursuant to this Court's inherent authority and Rule 37, Fed. R. Civ. P., due to the defendants' activities which, Sound Around alleges, have severely prejudiced its ability to discover and prove at trial the breadth of the defendants' wrongdoing.  The motion became fully submitted on June 18.

Sound Around seeks, among other relief, a ruling that it is entitled to all commissions Sound Around paid to defendant Moises Friedman from June 5, 2020 to January 5, 2022 and to defendant Shulim Eliezer Ilowitz from April 28, 2020 through that same date.  The summary judgment decision of April 10, 2026, already awarded to Sound Around those commissions it paid to both defendants on or after January 5, 2022, with the precise

amount to be determined at trial.[1]  Sound Around, Inc. v. Friedman, No. 24CVL986 (DLC), 2026 WL 972984, at *7 (S.D.N.Y. Apr. 10, 2026).

Sound Around also requests an award equal to 3% of the amounts Sound Around paid manufacturers for the products at issue, calculated from the first evidence of each defendant's kickbacks through the end of their relationship with the company.  The summary judgment decision already awarded to Sound Around the kickback amounts established by its expert's review of bank account records, which found $2,776,527 paid to Friedman from 6 manufacturers, and $1,222,117 paid to Ilowitz from 40 manufacturers.  Id. at *6.

In support of these requests, Sound Around points to new information uncovered from the April 2026 production by the defendants of over 57,000 pages of previously undisclosed WeChat messages.  Sound Around contends that these messages disclose, inter alia, that the defendants: 1) negotiated kickbacks with 25 additional manufacturers on sales made to Sound Around; 2) received kickbacks through previously undisclosed personal and spousal bank accounts; and 3) routed kickback payments to other

---

[1] To be more precise, the summary judgment decision awarded Sound Around the commissions paid to both defendants on and after the date that they formed their competing business.  Sound Around now contends, and defendants apparently do not dispute, that this business was formed on January 5, 2022.

2

Chinese manufacturers to settle their debts, which they presumably incurred in connection with their competing business.

In their declarations in opposition to the motion, defendants contend that these 25 manufacturers were among the 46 already identified by the plaintiff's expert as having made kickbacks to the defendants, and that all kickbacks flowed through the bank accounts already known to Sound Around.  The evidence submitted by Sound Around in connection with its motion, including in its reply, raises questions as to whether the defendants' representations are reliable.  Accordingly, it is hereby

ORDERED that a hearing to resolve factual disputes regarding the allegedly undisclosed kickbacks will be held on **July 14, 2026 at 2:00 P.M.** in Courtroom 18B, 500 Pearl Street, New York, New York.

IT IS FURTHER ORDERED that the parties shall identify by **July 10, 2026** the witnesses who will testify at the hearing and the documents on which they will rely at the hearing.  Two copies of those documents shall be provided to the Court at that time.

Dated:    July 2, 2026
          New York, New York

_____
DENISE COTE
United States District Judge

3