USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/17/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
SOUND AROUND, INC.,

Plaintiff,

-against-

MOISES FRIEDMAN et al.,

Defendants.
--------------------------------------------------------------X

**24-CV-1986 (DLC) (KHP)**

**ATTORNEYS' FEES OPINION AND ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

This Court previously granted Plaintiff's motion for sanctions pursuant to Rule of Civil Procedure 37. (ECF No. 401). Now before the Court is Plaintiff's application for fees and expenses associated with bringing the sanctions motion. (ECF No. 412).

## Background

Plaintiff requests $56,895 in attorneys' fees resulting from a total of 69.5 hours of work by four partners and a paralegal. Rebecca J. Canamero, a partner at Holland & Knight LLP ("HK"), submitted a declaration providing information about the attorneys and staff who worked on the sanctions motion and their hourly rates. (ECF No. 414 ("Canamero Decl.") Exh. A). The following attorneys and staff worked on the motion:

- Jesus E. Cuza. Mr. Cuza is a partner at HK with approximately 35 years of experience litigating complex commercial disputes. Prior to joining HK, Mr. Cuza was a shareholder at Greenberg Traurig for ten years. He obtained his J.D. from Rutgers University School of Law. He is a member of the Puerto Rico and Florida

bars. (Canamero Decl. ¶ 3). Mr. Cuza billed 10.6 hours on the motion at the rate of $1,000 per hour. *Id.* ¶ 10, Exh. A.

- Rebecca J. Canamero. Ms. Canamero is a partner at HK with approximately 15 years of experience litigating complex commercial disputes. Prior to becoming a partner at HK, Ms. Canamero clerked for the Honorable Cecilia M. Altonaga, U.S. District Judge for the Southern District of Florida, and worked as an associate at HK. She received her J.D. from Harvard Law School. She is a member of the Florida Bar. *Id.* ¶ 5. Ms. Canamero billed 52.8 hours on the motion at the rate of $800 per hour. *Id.* ¶ 10, Exh. A.

- Marisa Marinelli. Ms. Marinelli is a partner at HK with approximately 35 years of experience litigating complex commercial disputes. Ms. Marinelli has spent her entire career at HK. She received her J.D. from Hofstra University School of Law. She is a member of the New York and New Jersey bars. *Id.* ¶ 4. Ms. Marinelli billed two hours on the motion at the rate of $1,000 per hour. *Id.* ¶ 10, Exh.A.

- Annelise Del Rivero. Ms. Rivero is a partner at HK with eight years of experience litigating complex commercial disputes. Prior to becoming partner at HK, Ms. Del Rivero clerked for the Honorable Cecilia M. Altonaga, U.S. District Judge for the Southern District of Florida, and was an associate at HK.[1] She received her J.D. from the University of Miami School of Law. She is a member of the Florida Bar.

[1] Ms. Del Rivero was promoted to partner in January 2026, after the action was initiated, but prior to the motion for sanctions being filed and any billing related to the motion. *Id.* ¶ 6, Exh. A; (ECF No. 388).

*Id.* ¶ 6. Ms. Del Rivero billed 2.2 hours on the motion at the rate of $675 per hour. *Id.* ¶ 10, Exh. A.

- Massiel Ibarra. Ms. Ibarra is a paralegal at HK with approximately 14 years of experience, eight of which have been with HK. *Id.* ¶ 7. Ms. Ibarra billed 1.9 hours on the motion at the rate of $300 per hour. *Id.* ¶ 10, Exh. A.

Plaintiff's counsel provided contemporaneous time records, billed in one-tenth of the hour increments, reflecting work on the motion from January 24, 2026, to March 23, 2026. *Id.* Exh. A. According to Plaintiff's counsel, the rates charged to Sound Around for work on the motion were discounted rates. *Id.* ¶ 10.[2] The time records reflect work drafting the moving and reply briefs and related papers and exhibits, as well as time spent on communication and coordination between and among the four partners staffed on the matter, communications with Defendant's counsel, and drafting communications to the Court about discovery malfeasance. *Id.* Exh. A.

**<u>Legal Standard</u>**

A district court exercises considerable discretion in awarding attorneys' fees. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011), *superseded on other grounds as recognized in Acker v. General Motors, L.L.C.*, 853 F.3d 784, 790 (5th Cir. 2017); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). "The party seeking fees bears the burden of demonstrating

[2] The non-discounted rates are purported by Plaintiff to be as follows: (1) Mr. Cuza typically bills at a standard rate of $1,215 per hour; (2) Ms. Canamero typically bills at a standard rate of $925 per hour; (3) Ms. Marinelli typically bills at a standard rate of $1,365 per hour; (4) Ms. Del Rivero typically bills at a standard rate of $895 per hour; and (5) Ms. Ibarra typically bills at a standard rate of $385 per hour. *Id.* at 10.

that its requested fees are reasonable." *TufAmerica Inc. v. Diamond*, No. 12-cv-3529, 2016 WL 1029553, at *3 (S.D.N.Y. Mar. 9, 2016) (internal quotation marks omitted), *reconsideration granted in part in* 2016 WL 3866578 (S.D.N.Y. July 12, 2016) *and* 2018 WL 401510 (S.D.N.Y. Jan. 12, 2018).

Attorneys' fees are awarded by determining a presumptively reasonable fee, or a "lodestar," reached by multiplying a reasonable hourly rate by the number of hours reasonably expended. *TufAmerica Inc.*, 2016 WL 1029553, at *3 (citing *Millea*, 658 F.3d at 166); *see also Bergerson v. N.Y. State Off. of Mental Health, Central N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289–90 (2d Cir. 2011). When evaluating hourly rates, the Court looks at "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson,* 652 F.3d at 289 (internal citations and quotation marks omitted). The Second Circuit's "forum rule generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* (internal citation and quotation marks omitted); *see also TufAmerica Inc.*, 2016 WL 1029553, at *5 (rates must be "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" (internal citation and quotation marks omitted)). Courts in this District also have recognized that an "attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of" a reasonable hourly rate. *See In re Stock Exchanges Options Trading Antitrust Litig.*, No. 99-cv-0962, 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006). Finally, courts may adjust base hourly rates to account for "case-specific variables." *See Arbor Hill*, 522 F.3d at 183–84.

When evaluating the number of hours expended, courts must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997) (internal quotation marks and citation omitted). In determining whether hours are excessive, "the critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Samms v. Abrams*, 198 F. Supp. 3d 311, 322 (S.D.N.Y. 2016) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal citations and quotation marks omitted); *accord Alicea v. City of New York,* 272 F. Supp. 3d 603, 608–09 (S.D.N.Y. 2017); *see also TufAmerica Inc.*, 2016 WL 1029553, at *3.

Courts also look at the nature of the legal matter and reason for the fee award in considering what is a reasonable rate and reasonable time spent on a matter. Complex cases requiring particular attorney skills and experience may command higher attorney rates, as may cases requiring retention of a firm with the resources needed to prosecute a case effectively. *See Arbor Hill*, 522 F.3d at 187. Likewise, a court may consider the purpose of the award; that is, a different, presumptively reasonable, fee may be warranted if the fee is being awarded as a sanction for misconduct than if the fee is being awarded in connection with a successful outcome in a statutory fee-shifting case. For example, in *Klipsch Group, Inc. v. ePRO E-Commerce Ltd.*, the Second Circuit upheld a trial court's imposition of more than $2.5 million in

discovery sanctions in a case with only $20,000 in controversy, recognizing that "courts routinely award [discovery] sanctions without any discussion of the ultimate merits recovery." 880 F.3d 620, 633–34 (2d Cir. 2018). It explained the high sanctions were warranted because the offending party had imposed costs that otherwise should not have been incurred and that the sanctions award was "simply being compensated for costs it should not have had to bear." *Id*. at 634.

**Discussion**

I first turn to the rates requested. Courts in this District have generally permitted hourly rates of $1,000 and above for experienced partners in complex litigation matters. *PharmacyChecker.com LLC v. Nat'l Assoc. of Boards of Pharmacy*, No. 19 Civ. 7577, 2026 WL 972522, at *3 (S.D.N.Y. Apr. 10, 2026) (awarding partner rates of $1,235 and $1,170 for work on sanctions motion and noting that hourly rates over $1,000 for experienced partners are reasonable in this District) (collecting cases); *StoneX Grp., Inc. v.* Shipman, No. 23 Civ. 613, 2025 WL 1212165, at *3 (S.D.N.Y. Apr. 25, 2025) (finding that an hourly rate of $1,285 was reasonable for a partner with approximately thirty-years' experience, who directed the strategy of litigation for the calculation of attorneys' fees related to a motion for sanctions); *Top Jet Ent., Ltd. v. Kulowiec*, No. 21 MC 789, 2022 WL 1184245, at *3 (S.D.N.Y. Apr. 21, 2022) ("[C]ourts in this District have approved rates as high as $1,000" for partners.). The hourly rates charged here for all the attorneys, who are all partners, fall within or below the range awarded in this District and thus are reasonable.

The same is not true for the paralegal rate. Courts in this District generally have stated hourly rates of up to $200 for experienced paralegals. *Compare PharmacyChecker.com LLC*,

2026 WL 972522, at *4 (finding that, for paralegals, "courts in this District generally approve rates ranging from $150 to $200 per hour, depending on experience" and that rates of $380 and $400 per hour for paralegals were too high)*, with Top Jet Ent., Ltd.*, 2022 WL 1184245, at *4 (finding a range of $150 to $200 per hour reasonable and approving an hourly rate of $100 for a paralegal); *see also Barbera v. Grailed, LLC*, No. 24 Civ. 3535, 2025 WL 1237413, at *3 (S.D.N.Y. Apr. 29, 2025) (finding that a $200 hourly rate for a paralegal with ten years of experience was reasonable). Here, Ms. Ibarra, the paralegal for Plaintiff's counsel billed at $300 an hour, $100 an hour above the high end of the general range approved in this District. Although Sound Around has cited two cases where higher rates were awarded, those cases involved more complex issues and contexts distinct from the simple sanctions motion here. *See McCutcheon v. Colgate-Palmolive Co.,* No. 16 Civ. 4170, 2026 WL 444748, at *4 (S.D.N.Y. Feb. 17, 2026) (seeking attorneys' fees related to settlement in a class action, not a motion for sanctions); *ATX Debt Fund 1, LLC v. Paul,* No. 19 Civ. 8540, 2024 WL 2093387, at *5 (S.D.N.Y. May 9, 2024) (seeking attorneys' fees as a part of a proposed judgment in an action with multiple motions, counterclaims, and affirmative defenses). Therefore, these cases are not persuasive, and the Court finds her hourly rate unreasonable.

I turn next to the hours expended. The time records reflect block billing—multiple entries designate multiple tasks to the same hour entry. *Id.* Exh. A. Courts have found that block billing may require a reduction in the fees awarded if it prevents the Court from determining whether the time billed for a particular task is reasonable. *Hines v. City of Albany*, 613 Fed. App'x. 52, 55 (2d Cir. 2015) (finding that although block billing is not "per se unreasonable," where it prevents the district court from determining the reasonableness of

hours billed, a reduction may be appropriate); *see also Diligent Ent. Mgmt., LLC v. AML Global Eclipse, LLC*, No. 24 Civ. 2228, 2026 WL 591743, at *7 (S.D.N.Y. Mar. 3, 2026) (reducing awarded fees where billing entries included drafting and legal research, making it unclear whether the work is for ongoing or subsequent litigation); *Robinson v. New York City Transit Auth.*, No. 19 Civ. 1404, 2024 WL 4150818, at *17 (S.D.N.Y. Aug. 16, 2024) (applying a 40 percent reduction in hours where counsel engaged in block billing and overstaffing, among other factors).

In this case, there are several instances of block billing. For example, Ms. Canamero billed 6.8 hours on February 26, 2026, for the following: "Continue editing motion for sanctions; finalize all exhibits and snapshots for motion; confer with HK attorney regarding motion for sanctions; incorporate suggested revisions into motion; continue editing revised draft of motion; finalize all citations; review final motion and exhibits for filing; file motion and exhibits through PACER." *Id.* Another example of such block billing occurred on March 19, 2026, when Mr. Cuza billed three hours for the following: "Continue to work on reply to response to motion for sanctions because of WeChats; various calls with R. Canamero; review transcripts of the hearings discussed with R. Canamero." *Id.* It is unclear how much of each hour was for particular tasks and whether various calls were related to the motion for sanctions or other work for the same matter. As such, Plaintiff's counsel's block billing weighs against the reasonableness of the hours billed.

The work on the motion also was not allocated properly to associates and partners and was overstaffed. Generally, on a straightforward sanctions motion, an associate at a lower billing rate will take the laboring oar in drafting and one partner is sufficient for review. Here, there were no junior or mid-level associates staffed, and three partners engaged in multiple

editing rounds. This was not reasonable and necessitates a reduction in the fees requested. *See KCG Holdings, Inc. v. Khandekar*, No. 17 Civ. 3533, 2020 WL 7053229, at *11 (S.D.N.Y. Dec. 2, 2020) (reducing hours due to overstaffing on matter involving "circumscribed issues and a single defendant," the overstaffing warranted a reduction in hours); *Top Jet Ent., Ltd.*, 2022 WL 1184245, at *4–5 (finding that there was "no reason that one partner and one associate could not have prepared" a motion to compel and that there was a pattern of over-litigating and overstaffing the matter); *PharmacyChecker.com LLC*, 2026 WL 972522, at *4–5 (finding that top-heavy staffing and overbilling warranted a reduction in fees, where more junior attorneys should have done the drafting and legal research in the context of a motion for sanctions); *Pig Newton, Inc. v. The Bds of Dirs. of the Motion Picture Indus. Pension Plan*, No. 13 Civ. 7312, 2016 WL 796840, at *7 (S.D.N.Y. Feb. 24, 2016) (finding that where staffing was top-heavy, the parties had engaged in block billing, and entries were vague a 15 percent reduction was warranted).

Where a court finds that counsel's rates or billed hours are unreasonable, a court may apply a uniform cut to the fees requested. *Hines*, 613 Fed. App'x. at 55. Here, Defendants request that the Court reduce the fees requested by one-third to one-half. The Court has broad discretion in determining the amount to reduce the requested fees. Here, the costs were driven up principally by staffing the matter with too many attorneys at experience levels unnecessary for the work. Based on this, I find a 40 percent reduction is appropriate and sufficient to address these issues, particularly when the total hours, though higher than they needed to be, are within a range found appropriate for preparation of a sanctions motion. *See StoneX Grp., Inc.*, 2025 WL 1212165, at *6 ("Courts in this District generally find 100 hours to be

within the reasonable range for attorneys to expend on work related to a motion for sanctions.") (collecting cases). This 40 percent reduction falls in the middle of the range of reductions made by courts in similar situations. *See, e.g.*, *Cox v. 2576 Bleecker LLC*, No. 23 Civ. 1259, 2026 WL 884737, at *3 (S.D.N.Y. Mar. 13, 2026) (applying a 20 percent cut to the requested hours due to block billing and top-heavy billing); *PharmacyChecker.com LLC*, 2026 WL 972522, at *5–6 (finding that a 40 percent cut was warranted where the hourly rates were excessive, there was little information on timekeepers' relevant experience and the matter had been improperly billed and was staffed in a top-heavy manner); *StoneX Grp., Inc. v. Shipman*, No. 23 Civ. 613, 2025 WL 1212165, at *9–10 (S.D.N.Y. Apr. 25, 2025) (finding that where hourly rates were excessive, unrelated tasks were billed, the staffing was top-heavy, and the total hours spent on the matter were unreasonable a 65 percent reeducation was reasonable); *Pig Newton, Inc.*, 2016 WL 796840, at *7 (applying a 15 percent cut for top-heavy staffing, block billing, and vague entries). Thus, reduction results in an award of $34,137.

**Conclusion**

For the reasons set forth above, Plaintiff is awarded $34,137 in attorneys' fees pursuant to the Court's April 7, 2026 Order.

**SO ORDERED.**

Dated: July 17, 2026
New York, NY

Katharine H Parker

Katharine H. Parker
United States Magistrate Judge