UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SOUND AROUND, INC., Plaintiff, -v- MOISES FRIEDMAN et al., Defendants. | : | 24cv1986 (DLC) ORDER |

DENISE COTE, District Judge:

In an Opinion of April 10, 2026, the Court ruled, among other things, that Sound Around was entitled to summary judgment on its diversion of corporate opportunities claim against defendants Moises Friedman and Shulim Eliezer Ilowitz based on the defendants' operation of a competing business while they served as Sound Around's buyers. Sound Around, Inc. v. Friedman, No. 24-CV-1986 (DLC), 2026 WL 972984, at *7 (S.D.N.Y. Apr. 10, 2026). The Opinion noted that Sound Around would have to prove at trial if, and for how long, its corporate opportunities continued to be wrongfully diverted even after the defendants left Sound Around. Id. at *8. Sound Around would also have the opportunity to prove at trial the profits it lost due to the wrongful diversion of its business opportunities over the period during which Friedman and Ilowitz worked as Sound Around buyers, and for however long thereafter Sound Around is

able to prove that its corporate opportunities continued to be diverted. Id. Trial in this case is scheduled to begin on August 10.

Under New York law, corporate fiduciaries may not, without the corporation's consent, "divert and exploit for their own benefit any opportunity that should be deemed an asset of the corporation." Alexander & Alexander of N.Y., Inc. v. Fritzen, 542 N.Y.S.2d 530, 533 (1st Dep't 1989). Even post-departure, a former corporate fiduciary is prohibited "from utilizing information obtained in a fiduciary capacity to appropriate a business opportunity belonging to the corporation." Am. Fed. Grp., Ltd. v. Rothenberg, 136 F.3d 897, 906, 914 (2d Cir. 1998). For a corporate opportunity to belong to the corporation, the corporation must have a "tangible expectancy" in it -- that is, "something much less tenable than ownership, but, on the other hand, more certain than a desire or hope." Id. at 906.[1] Thus, to establish the defendants' post-departure diversion of corporate opportunities, Sound Around must prove at trial whether, and for how long, the defendants used information that

[1] The tangible expectancy test "should not be used to bar corporate [fiduciaries] from purchasing any property which might be useful to the corporation, but only to prevent their acquisition of property which the corporation needs or is seeking, or which [the fiduciaries] are otherwise under a duty to the corporation to acquire for it." Burg v. Horn, 380 F.2d 897, 899 (2d Cir. 1967).

"was either technically confidential or that was available to [them] only because of" their prior fiduciary status, id. at 914, to appropriate business opportunities in which Sound Around continued to have a tangible expectancy.

On June 3, Sound Around moved for sanctions pursuant to this Court's inherent authority and Rule 37, Fed. R. Civ. P., due to the defendants' discovery misconduct, which severely prejudiced Sound Around's ability to discover and prove at trial the breadth of the defendants' wrongdoing. Among other things, Sound Around argued that the defendants failed to produce evidence on the full scope of diverted corporate opportunities. As a remedy, Sound Around asked the Court to shift the burden to the defendants to prove that the products they sold after they stopped working for Sound Around were not diverted corporate opportunities. Unless the defendants met this burden at trial, Sound Around requested that the entirety of the defendants' competing business be presumed to be wrongfully diverted business opportunities that belong to Sound Around.

In an Opinion of July 20, the Court granted Sound Around's motion in part and awarded several categories of relief, but deferred ruling on Sound Around's burden-shifting request. Sound Around, Inc., v. Friedman et al., No. 24-CV-1986 (DLC), 2026 WL 2087547, at *8 (S.D.N.Y. July 20, 2026). Sound Around renewed its request to shift the burden on the diversion of

corporate opportunities claim in the Joint Preliminary Trial Report filed on July 27. Shifting the burden on the diversion of corporate opportunities claim is a drastic remedy that plaintiff has failed to establish is warranted here.

Accordingly, it is hereby

ORDERED that Sound Around's request to shift the burden on the diversion of corporate opportunities claim is denied.

Dated: July 28, 2026
New York, New York

DENISE COTE
United States District Judge