UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

SOUND AROUND, INC.,

Plaintiff,

-v-

MOISES FRIEDMAN, et al.,

Defendants.

---------------------------------------X

24cv1986 (DLC)

ORDER

DENISE COTE, District Judge:

The final pretrial conference in this case is scheduled for August 5, 2026 at 10:00 a.m. It is hereby

ORDERED that the parties come prepared to discuss the attached "Overview of the Case and Issues for Decision," the final version of which will be read to the jury at the start of trial.

Dated: August 4, 2026
New York, New York

DENISE COTE
United States District Judge

**Overview of the Case and Issues for Decision**

The plaintiff Sound Around, Inc. purchases goods from Chinese manufacturers and resells them over the internet, principally through Amazon. It has sued two individuals who once worked as buyers for Sound Around, Moises Friedman and Shulim Ilowitz, and certain companies that Messrs. Friedman and Ilowitz own and control. Messrs. Friedman and Ilowitz have also sued Sound Around.

Some issues in this case have already been decided and are not for you to determine. You must accept these facts as established. In a moment I will outline the disputed issues of fact that are to be determined by you at this trial. I will give you detailed legal instructions about those issues at the conclusion of the trial.

The facts that have already been determined include the following. Messrs. Friedman and Ilowitz began working as buyers for Sound Around in 2018 and 2019, respectively, and were paid on commission. In 2020, they began to receive kickbacks from Chinese manufacturers on the products those manufacturers were selling to Sound Around. Messrs. Friedman and Ilowitz did not disclose their receipt of the kickbacks to Sound Around. Messrs. Friedman and Ilowitz owed a duty of undivided loyalty to Sound Around and were not allowed under the law to obtain undisclosed compensation in connection with transactions they

conducted on Sound Around's behalf. This conduct constituted a breach of the fiduciary duty each man owed to Sound Around.

It has also been determined that, beginning in January 2022, while working as buyers for Sound Around, Messrs. Friedman and Ilowitz set up and then operated a business that competed with Sound Around. That competing business also purchased goods from Chinese manufacturers for resale in the United States. Messrs. Friedman and Ilowitz did not disclose to Sound Around that they were operating that competing business. This also constituted a breach of the fiduciary duty each of them owed to Sound Around. As fiduciaries of Sound Around, Messrs. Friedman and Ilowitz were not entitled to divert for their own benefit business opportunities that belonged to Sound Around. In early 2024, Sound Around learned that Messrs. Ilowitz and Friedman were operating a competing business. Mr. Ilowitz resigned from Sound Around on January 30, 2024. Sound Around terminated its relationship with Mr. Friedman on February 3, 2024.

Because of these breaches of their fiduciary duty to Sound Around, it has already been established that Messrs. Friedman and Ilowitz, and the corporate defendants with whom they are associated, owe the following amounts of money to Sound Around.

1. Mr. Friedman must disgorge (pay) to Sound Around the kickback payments he received from manufacturers in China between June 5, 2020 and February 3, 2024, which amounts to

$3,814,970. Mr. Ilowitz must disgorge (pay) to Sound Around the kickback payments he received from manufacturers in China between April 28, 2020, and January 30, 2024, which amounts to $1,509,599.

2. Mr. Friedman and Mr. Ilowitz are also required to return to Sound Around all compensation they received from Sound Around during the time that they were violating their fiduciary duties to Sound Around by receiving the kickbacks. Sound Around had paid each of them commissions in connection with the goods that Sound Around sold. Mr. Friedman is required to return to Sound Around $6,361,180 in commission payments. Mr. Ilowitz is required to return to Sound Around $3,274,639 in commission payments.

With this background in mind, I will now give you an overview of the issues that you will decide at this trial. I will give you detailed instructions about these issues at the end of the trial, just before your deliberations.

As I have mentioned, Sound Around has brought a claim that Mr. Friedman and Mr. Ilowitz each violated their fiduciary duty to Sound Around. In connection with this claim, Sound Around seeks to recover the profits it lost because of the defendants' diversion of business opportunities from Sound Around to their competing business while they were working as buyers for Sound Around -- that is, between January 2022 and the end of January

2024. It has already been determined that this diversion of business was a breach of fiduciary duty. You will determine the amount of those lost profits.

Sound Around also contends that Messrs. Friedman and Ilowitz continued to owe a fiduciary duty to Sound Around even after they were no longer working as buyers for Sound Around -- that is, after January of 2024 -- and that Messrs. Friedman and Ilowitz breached that fiduciary duty to Sound Around by operating their competing business and diverting, for their own benefit, business in which Sound Around had a "tangible expectancy." I will define the term "tangible expectancy" for you when I give you my instructions at the end of the trial. For this claim you will determine whether Sound Around had a tangible expectancy in any of the business that Friedman and Ilowitz conducted with Chinese manufacturers after January 2024, and if so, the amount of Sound Around's lost profits from that diverted business opportunity.

There is one more issue that you will decide that relates to the breach of fiduciary duty claim. Sound Around seeks punitive damages from Messrs. Friedman and Ilowitz for all their breaches of their fiduciary duty to Sound Around. You will decide whether punitive damages are appropriate and if so, in what amount.

Sound Around also brings a second claim against Mr. Friedman alone. It is a claim of conversion. Sound Around asserts that Mr. Friedman used, without authorization, Sound Around's funds to pay off his personal credit card and his wife's credit card. You will decide whether Mr. Friedman did so and, if so, the amount of money he owes to Sound Around.

Messrs. Friedman and Ilowitz have also brought claims against Sound Around. First, they each assert that they are entitled to awards of damages for Sound Around's interference with their business after they were no longer working as buyers for Sound Around -- that is, during the period following January of 2024. These claims are for tortious interference with contractual relations and interference with prospective economic advantage. You will decide, for each of these claims, whether Sound Around violated the law and the amount of damages it owes to each defendant for any violation that you find occurred.

Finally, Messrs. Friedman and Ilowitz each assert that Sound Around owed them larger commission payments than Sound Around paid them during the months before they began to receive kickbacks from Chinese manufacturers -- that is, before April 28, 2020 (for Mr. Ilowitz) and before June 5, 2020 (for Mr. Friedman). You will decide whether Sound Around owed them larger commission payments and, if so, the amount it owed.

This is only a summary of the issues that will be submitted to you at this trial. As I have said, at the conclusion of the trial, I will give you detailed instructions on the law.